UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | :    CASE NO. 23-cr-139 (BAH) |
| v. | : |
| | : |
| CHRISTOPHER CARNELL, ET. AL., | : |
| | : |
| Defendants. | : |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT**

Relying on the D.C. Circuit's decision in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), defendant Christopher Carnell moves to dismiss (ECF No. 34) Count One of the Indictment charging him with obstructing an official proceeding under 18 U.S.C. § 1512(c)(2) (ECF No. 22). In *Fischer*, the D.C. Circuit reversed orders dismissing the Section 1512(c)(2) charges in several cases, holding that Section 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at 335. It is hard to see how *Fischer*—a case in which the government successfully challenged the dismissal of Section 1512(c)(2) charges at the pleading stage—in any way suggests that dismissal of Court One is warranted. For the reasons discussed below, Carnell's motion to dismiss should be denied.

    **I.    Procedural Background**

Christopher Carnell and David Bowman were indicted on April 27, 2023. The grand jury charged Carnell with the following: 1) Obstruction of an Official Proceeding and Aiding and Abetting under 18 U.S.C. § 1512(c)(2); 2) Entering and Remaining in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(1); 3) Disorderly and Disruptive Conduct in a Restricted

1

Building or Grounds under 18 U.S.C. § 1752(a)(2); 4) Entering and Remaining on the Floor of Congress under 40 U.S.C. § 5104(e)(2)(A); 5) Disorderly Conduct in a Capitol Building under 40 U.S.C. § 5104(e)(2)(D); and 6) Parading, Demonstrating, or Picketing in a Capitol Building under 40 U.S.C. § 5104(e)(2)(G).

Carnell moved to dismiss Count One on August 9, 2023. The case is set for trial on February 12, 2024.

## II. Legal Standard

Federal Rule of Criminal Procedure 7(c)(1) states, in relevant part, that "[t]he indictment … must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment is sufficient under the Constitution and Rule 7 of the Federal Rules of Criminal Procedure if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," *Hamling v. United States*, 418 U.S. 87, 117 (1974), which may be accomplished, as it is here, by "echo[ing] the operative statutory text while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). An indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976).

Rule 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added). It follows that Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the prosecution "has made a full proffer of evidence"

or the parties have agreed to a "stipulated record," *United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (declining to hold but citing this holding in Circuits 3, 8, and 11)—neither of which occurred here.

A criminal defendant may move for dismissal based on a defect in the indictment, such as a failure to state an offense. *United States v. Knowles*, 197 F. Supp. 3d 143, 148 (D.D.C. 2016). Whether an indictment fails to state an offense because an essential element is absent calls for a legal determination. Criminal cases have no mechanism equivalent to the civil rule for summary judgment. *See United States v. Bailey*, 444 U.S. 394, 413, n.9 (1980); *Yakou*, 428 F.2d at 246-47; *United States v. Oseguera Gonzalez*, No. 20-cr-40-BAH at *5, 2020 WL 6342940 (D.D.C. Oct. 29, 2020) (there is no procedure in criminal cases that permits pretrial determination of the sufficiency of the evidence). Indeed, "[i]f contested facts surrounding the commission of the offense would be of any assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.).

Thus, when ruling on a motion to dismiss for failure to state an offense, the court is limited to reviewing the face of the indictment and more specifically, the language used to charge the crimes. *Bingert*, 21-cr-93 (RCL) (ECF 67:5); *United States v. Puma*, No. 21-cr-454 (PLF), 2020 WL 823079 at *4 (D.D.C. Mar. 19, 2022) (quoting *United States v. Sunia*, 643 F.Supp. 2d 51, 60 (D.D.C. 2009)).

**III. Argument**

    **a. There is a majority opinion in *Fischer*.**

The defendant argues the assertion that Judge Walker conditioned his vote joining Judge Pan's lead opinion in *Fischer* on an "prerequisite condition" regarding the meaning of "corruptly"

3

as it is used in Section 1512(c) which created "irreparable ambiguity" as to render the opinion of the court as "nonexistent." *See* ECF No. 34, at 11 and 17.

First, *Fischer* does have a majority opinion: all but Section I.C.1 and footnote 8 of Judge Pan's lead opinion. That opinion held in Section I.A that Section 1512(c)(2) was "unambiguous": it "applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Fischer*, 64 F.4th at 336. Second, *Fischer* "reverse[d] the orders of the district court" dismissing the indictments and "remand[ed] for further proceedings consistent with this opinion." *Id.* at 350. This result is entirely inconsistent with the defendant's suggestion that the Section 1512(c)(2) count in this case should be dismissed for the exact reasons rejected by the *Fischer* majority.

*Fischer* itself confirms that the defendant's proposed approach is incorrect. Judge Walker did discuss his view of the meaning of the word "corruptly" as it is used in Section 1512(c) and specifically did not join the part of the lead opinion that "decline[d] to decide the scope of (c)(2)'s 'corrupt[ ]' mental state[.]" *Fischer*, 64 F.4th at 351 (Walker, J., concurring). Nonetheless, Judge Walker joined the portions of Judge Pan's lead opinion holding that Section 1512(c)(2) "applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336. In other words, Judge Walker knew that his "condition" was "unmet"—that the majority opinion had declined to interpret the meaning of the term corruptly as it is used in Section 1512(c)—and he joined the key holding of that opinion anyway. Finally, the lead opinion dispels Carnell's suggestion that, under *Marks v. United States*, 430 U.S. 188 (1977), *Fischer* is a fragmented opinion where the narrow grounds of the concurrence should be regarded as the holding. *Fischer*, 64 F.4th at FN 5. There is no basis in the law generally or in *Fischer* specifically for this Court to conclude that the opinion of the court is "nonexistent."

4

### b. Section 1512(c)(2) does not require assaultive conduct.

Carnell's motion to dismiss Count One should be denied because the Indictment in this case sufficiently alleges a violation of Section 1512(c)(2), as the D.C. Circuit's recent opinion in *Fischer* confirms.

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Given these limited requirements, it is "generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id.* (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)).

The grand jury charged Carnell in Count One with violating Section 1512(c)(2), which makes it a crime to "corruptly . . . obstruct[ ], influence[ ], or impede[ ] any official proceeding, or attempt[ ] to do so[.]" The term "official proceeding" means, among other things, "a proceeding before the Congress[.]" 18 U.S.C. § 1515(a)(1)(B). Tracking this statutory language, the Indictment alleged:

> On or about January 6, 2021, within the District of Columbia and elsewhere, **CHRISTOPHER CARNELL . . .** attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United State and 3 U.S.C. §§ 15-18.

(ECF No. 22 at 1). This charge properly (1) contained the elements of the offense, (2) fairly informed Carnell of the charge against which he was required to defend, and (3) provided sufficient information to protect him from future prosecutions for the same offense. Nothing more was

5

required. *See, e.g., United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) ("[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.' . . . Rather, to be sufficient, an indictment need only inform the defendant of the precise offense of which he is accused so that he may prepare his defense and plead double jeopardy in any further prosecution for the same offense.") (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)).

Rather than helping Carnell, the D.C. Circuit's recent decision in *Fischer* confirms the sufficiency of the indictment in this case. In *Fischer*, the D.C. Circuit addressed a pretrial ruling that Section 1512(c)(2) "'requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.'" 64 F.4th at 334 (quoting *United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C. 2022)). Because the indictments in the cases on appeal did not allege that the defendants "violated § 1512(c)(2) by committing obstructive acts related to 'a document, record, or other object,' the district court dismissed the § 1512(c)(2) counts." *Fischer*, 64 F.4th at 334. The government appealed, and the D.C. Circuit reversed, holding Section 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at 335. The court concluded that, "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336. The D.C. Circuit's opinion in *Fischer* thus confirms that the indictment in this case is sufficient notwithstanding the fact that it does not allege obstructive acts related to a document, record, or other object.

Carnell appears to argue that *Fischer* only applies "when an assault on law enforcement is alleged to have been committed in furtherance of an Obstruction of an Official Proceeding" (ECF No. 34 at 18-19). According to Carnell, "the *Fischer opinion set* provides no comprehensive

6

guidance to trial courts on what to do in a case like that of Christopher Carnell, a case in which an assault was not committed in furtherance of an allegation of Obstruction of an Official Proceeding" (*id.* at 19). Legally, and factually, this is incorrect.

*Fischer*'s holding is not limited to cases involving assaultive conduct. Although the defendants in *Fischer* were alleged to have engaged in assaults on law enforcement officers, the D.C. Circuit held that Section 1512(c)(2) applies more broadly to "*all* forms of obstructive conduct[.]" 64 F.4th at 335 (emphasis added). The court explained that "the meaning of the statute is unambiguous. . . . Under the most natural reading of the statute, § 1512(c)(2) applies *to all forms of corrupt obstruction of an official proceeding*, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336 (emphasis added). The court concluded that "[this] broad interpretation of the statute — encompassing all forms of obstructive acts — is unambiguous and natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure." *Id.* at 337 (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)). It is impossible to read the D.C. Circuit's repeated references to Section 1512(c)(2)'s prohibition on "all forms" of obstructive acts as somehow limiting the statute's scope to obstructive acts involving assault. Carnell's argument that the decision requires an actus reus of either "(1) an assault on law enforcement or (2) the impairment of the integrity of a document" (ECF No. 54 at 21) is meritless.

His motion to dismiss Count One based on its failure to allege a sufficient assaultive act should thus be denied.

## Conclusion

The Court should deny Defendant's motion to dismiss Count One because the Indictment is sufficient, and the *Fischer* decision does not support dismissal.

7

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052


By: */s/ Tighe Beach*

Tighe Beach
CO Bar No. 55328
Samantha Miller
NY Bar No. 5342175
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20001
(240) 278-4348 (Beach)
tighe.beach@usdoj.gov