UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | Criminal Case No: 1:23-cr-0139-BAH |
| ) | |
| **CHRISTOPHER CARNELL**, ) | Trial: February 12, 2024 |
| ) | |
| Defendant. ) | |
| ) | |

**Defendant's Request for
Notice of the Government's Intent to Use Evidence and
Identification of Evidence the government intends to use**

Pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, the defendant requests *notice* of the government's intent to use at trial specified evidence that the defendant may be entitled to discover under Rule 16, and under the Due Process Protections Act, in order for the defendant to have a meaningful opportunity to move to suppress the specified evidence under Rule 12(b)(3)(C). Furthermore, pursuant to *United States v. Anderson*, 416 F. Supp. 2d 110 (D.C. 2006), the defendant requests *identification* of the items that the government has produced and will continue to produce under Rule 16(a)(1)(E)(ii) —that is, those materials the government intends to use in its case-in-chief. Lastly, the defense requests an *Order* from this Court directing the production of the requested notice and identification of materials by November 1, 2023, and barring the government's use of evidence not so noticed or identified in the government's case-in-chief.

Rule 12(b)(4)(B) provides that "the defendant may ... request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." FED. R. CRIM. P. 12(b)(4)(B). "**[C]ompliance with such a defense request is mandatory**: 'the government, either on its own or in response to a request by the defendant, **must notify the defendant of its intent to use certain evidence in order to give the defendant an opportunity before trial to move to suppress that evidence**.'" *United States v. Anderson*, 416 F. Supp. 2d 110 (D.C. 2006) (internal citations omitted); *see also United States v. Warnagiris*, Crim. No. 21-00382 (PLF) (D.C. Sept. 21, 2023).

The parties in this case are scheduled to file pre-trial motions by December 15, 2023. The Defense, therefore, requests the specification notice under Rule 12(b)(4)(B) by November 1, 2023, in order to have sufficient time to review and file motions on all potential issues by the December 15 deadline.

Discovery in a January 6 case is extraordinarily voluminous, encompassing the breadth of the January 6 investigation. The data storage requirements for the January 6 evidence review were so large that Congress had to approve a $6.1 million budget for the DOJ to contract the creation of a discovery database of videos, photographs, documents, and social media posts related to the investigation.[1] As of October 6, 2023, **there are 30,634 videos available to January 6 defense lawyers through Evidence.com and 7,924,054 digital documents available through the Deloitte evidence-sharing database created for January 6 cases**. This database grows steadily.

---

[1] Kyle Cheney and Joshua Gerstein, *Feds agree to pay $6.1M to create database for Capitol riot prosecutions*, POLITICO (July 9, 2021), https://www.politico.com/news/2021/07/09/doj-database-capitol-riot-prosecutions-498911.

Defense counsel has engaged in extensive pretrial discovery review. But a full review of each piece of evidence to determine its applicability to this defendant is frankly impossible. And, defense resources, as compared to government resources, are scarce. The discovery, as presented to the defense, amounts to significant access to the broad January 6 investigation — evidence not particularized to *this defendant* and *this trial*. The Defense, therefore, requires assistance under Rule 12(b)(4)(B) to focus attention on evidence relevant to *this* case.[2]

For these reasons, and as a matter of right, the defendant requests that the government provide a formal Notice specifying and particularizing all of the evidence that the government plans to introduce at *this* trial against *this* defendant.

**Moreover, the defendant requests *identification* of the items that the government has produced and will continue to produce under Rule 16(a)(1)(E)(ii) —that is, those materials the government intends to use in its case-in-chief — pursuant to this Court's discretion and this Court's decision in *United States v. Anderson*, 416 F. Supp. 2d 110, 114 (D.C. 2006).**

Just as in the *Anderson* case, where identification of such materials was ordered for 500,000 pages of discovery, a January 6 defendant's case, containing more than 14 times this amount of evidentiary materials, requires identification to aid defense counsel in parsing through the vast amount of materials. *See Anderson*, 416 F. Supp. 2d at 114 ("Given the enormous volume of material produced in this case and defendant's limited resources, it is apparent that requiring defendant's counsel to peruse each page of the materials at issue here — in effect, to duplicate the work of document review presumably already done by the government — would materially impede defendant's counsel's ability to prepare an adequate defense."). Reviewing

---

[2] Although the DOJ provides case-specific discovery for each January 6 case, this discovery is nowhere near the breadth of the evidence that the Government introduces at trial in its case-in-chief against each January 6 defendant.

almost 8 million pieces of evidence without *identification* to this case is an insurmountable task, materially and undoubtedly impeding the defense counsel's ability to prepare pleadings and an adequate defense.

Furthermore, the defense requests an Order from this Court directing the production of the requested Notice and identification of materials by November 1, 2023, and barring the government's use of evidence not so noticed or identified in the government's case-in-chief.

Respectfully submitted,
By Counsel:

/s/
_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on October 6, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/
_____
Marina Medvin, Esq.

