UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-00139-BAH |
| | : | |
| CHRISTOPHER CARNELL, | : | |
| DAVID WORTH BOWMAN, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT CARNELL'S REQUEST FOR NOTICE**

The United States of America hereby respectfully files this Response in Opposition to Defendant Carnell's Request for Notice and Order relating to the government's anticipated trial evidence, which Defendant Bowman joins. *See* ECF Nos. 37, 38. In his Request, Carnell first asks the Court to order the government to, by November 1, 2023, provide "notice of the government's intent to use at trial specified evidence . . . in order for the defendant to have a meaningful opportunity to move to suppress the specified evidence under Rule 12(b)(3)(C)." *Id.* at 1. The stated basis for the requested notice is "a full review of each piece of evidence to determine its applicability [for suppression as] to this defendant is frankly impossible." *Id.* at 3. Citing *United States v. Anderson*, 416 F. Supp. 2d 110, 114 (D.D.C. 2006), Carnell also asks the Court to exercise its discretion under Rule 16(a)(1)(E)(ii) to require the government to specifically itemize—more than three months ahead of trial—the materials it expects to be on the government's trial exhibit list because "a January 6 defendant's case, containing more than 14 times this amount of evidentiary materials, requires identification to aid defense counsel in parsing through the vast amount of materials." ECF No. 37 at 3-4.

The government respectfully opposes this request because (1) the Defendant

"misapprehends Rule 12(b)(4)(B)," *United States v. Gonzalez*, No. CR 20-40 (BAH), 2020 WL 6158246, at *5 (D.D.C. Oct. 21, 2020), and (2) a three-month advanced preview of the government's trial exhibit list is not warranted, given the government has supplied Carnell with significant amounts of Defendant-specific evidence with which, with minimal effort, he can uncover the same supplemental evidence that the government may uncover as trial nears.

## RELEVANT BACKGROUND

On April 26, 2023, Defendants Carnell and Bowman were indicted on a number of charges in connection with their criminal activity on January 6, 2021, including violations of 18 U.S.C. § 1512(c)(2) and 18 U.S.C. § 5104(e)(2)(A), for, *e.g.,* entering and remaining on the Senate Floor, where they rifled through Senators' desks and took photographs of the contents, among other things.  ECF No. 22.





*Figures 1, 2, 3:*
*Defendants Entering Senate Floor, Defendants reviewing documents in Senator's desk, Photograph sent by Defendant Bowman to text chain, including Defendant Carnell, of signed letter from Senator Mitt Romney to then-Vice President Pence.*

2

On May 4, 2023, the government provided the Defendants with an initial discovery production. That production included, *inter alia*, (1) FBI 302s, (2) trace documents depicting the Defendants' path through restricted grounds on January 6,[1] (3) numerous photographs, CCTV videos, and open-source videos depicting the Defendants' criminal activity on that day, including those referenced in the FBI agent's affidavit supporting the Defendants' arrest (ECF No. 1), (4) search warrant materials, and (5) subpoena materials. On May 11, 2023, the government provided a second discovery production, including approximately 30 FBI serials and their attachments. On June 16, 2023, the government provided a third production to the Defendants, including an interview recording of Defendant Bowman, as well as grand jury materials used in support of the indictment.

Although the Government has not identified any exculpatory evidence to date, it also has nonetheless turned over substantial materials to the defense in both specific and global discovery, going beyond what *Brady* or the Rules of Evidence require at this time. *See* Fed. R. Crim. Pro 16(a)(2) ("Information Not Subject to Disclosure. . . . this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made . . . in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500."). As the Government has explained to the Defendants, if the Government identifies additional discoverable materials, it will produce them.

---

[1] The trace document provided, for example, is an 18-page document depicting the Defendants' path throughout the course of the day on January 6. It provides countless screengrabs of and links to videos and photographs depicting the Defendants at a given moment in time. This time and location information is the primary tool used for locating additional evidence of the same or similar conduct, a tool that is as available to Carnell as it is to the government.

3

In addition, the Government has (1) routinely notified the Defendants when additional global discovery productions become available, and, as part of the global discovery effort, (2) provided the Defendants with access to a database that includes additional U.S. Capitol Police security footage, Metropolitan Police Department body-worn camera video, and items obtained from searches of other Defendants' electronic devices, among many other items.

Furthermore, as this Court knows, across January 6-related cases and trial, the government often relies on the same set of general exhibits to establish that the Capitol grounds and building were a restricted area on that date. The government not only provided those exhibits in general discovery but has also published them to the public. Should counsel wish to review those common foundational exhibits and file any pre-trial motions concerning them, counsel already has the means to do so. Rule 16 requires nothing further from the government.

Meanwhile, the Court set December 29, 2023 as the deadline for pretrial motions, and January 19, 2024 as the deadline to exchange trial exhibit lists. The government intends to go beyond complying with these deadlines by commencing an early and rolling production of the exhibits themselves to the defense, should this case proceed to trial.

## RESPONSE

The government respectfully opposes this request because (1) the Defendant "misapprehends Rule 12(b)(4)(B)," *United States v. Gonzalez*, No. CR 20-40 (BAH), 2020 WL 6158246, at *5 (D.D.C. Oct. 21, 2020), and (2) a three-month advanced preview of the government's trial exhibit list is not warranted, given the government has supplied Carnell with significant amounts of Defendant-specific evidence with which, with minimal effort, he can uncover the same supplemental evidence that the government may uncover as trial nears.

I. **The Defendant Misapprehends Rule 12's Requirements.**

As previously held by this Court, "[t]he government is not required to identify evidence that might be 'susceptible to suppression.'" *Id.* (record citations omitted). Instead, "[t]he responsibility for deciding whether a piece of evidence should be challenged with a motion to suppress belongs to the defendant." *Id.* (record citations omitted); s*ee United States v. Ishak*, 277 F.R.D. 156, 159 (E.D. Va. 2011) (denying motions for unspecified Rule 12 disclosure; holding that "[i]n order to trigger a notice obligation, the defendant's request must identify potentially suppressive evidence with specificity"). "Rule 12(b)(4)(B) only allows the defendant to obtain notice from the government *after* the defendant has identified the evidence that it may want to move to suppress." *Id.* (italicization in original). "Defendant cannot shift that burden onto the government." *Id.*

Carnell relies exclusively on *United States v. Anderson*, 416 F. Supp. 2d 110, 113 (D.D.C. 2006) in support of his request. He states that under *Anderson*, the government must proactively provide a list of evidence it intends to use at trial "to give the defendant an opportunity before trial to move to suppress that evidence." ECF No. 37 at 3 (citing generally, *Anderson*). However, in *United States v. Gonzalez*, No. CR 20-40 (BAH), 2020 WL 6158246, at *5 (D.D.C. Oct. 21, 2020), this Court considered this very ruling in *Anderson*, but ultimately rejected the notion that a blanket Rule 12 request for notice triggers any government obligation; instead, this Court held that a "**defendant must specify the evidence with some precision before the government is required to provide notice.**" *Gonzales,* 2020 WL 6158246 at *5 (emphasis added) (citing *United States v. Ishak*, 277 F.R.D. 156, 160 (E.D. Va. 2011)).

This Court went on as follows: "Given the language of the Rule 12(b)(4)(B) and the Advisory Committee's emphasis on requests for 'specified evidence,' this Court agrees with *Ishak*

5

that the Rule 'is a procedural and timing rule that allows a defendant who is aware that the government is in possession of certain specific evidence—probably by virtue of Rule 16—to require that the government disclose whether it intends to present that evidence in its case-in-chief.'" *Id.* (citing *United States v. Ishak*, 277 F.R.D. at 159 (denying motions for unspecified Rule 12 disclosure; holding that "[i]n order to trigger a notice obligation, the defendant's request must identify potentially suppressive evidence with specificity")). Other courts in this District have since followed suit. *See, e.g.,* June 9, 2022 Minute Order, *United States v. Nordean et al.*, Case No. 21-cr-175.[2]

## II. A Three-Month Advanced Preview of the Government's Trial Exhibit List is Not Warranted.

Moreover, this Court should not exercise its discretion under Rule 16 to require an advanced preview of the government's exhibit list because these facts are not the same as those in *Anderson*, a complex tax case. There, "it [was] apparent that requiring defendant's counsel peruse each page of the materials at issue here-in effect, to duplicate the work of document review

---

[2] Where Defendant Rehl made nearly identical arguments to Carnell, Judge Kelly held that neither Federal Rule of Criminal Procedure 16 nor Federal Rule of Criminal Procedure 12 "requires the relief Rehl seeks, and the Court declines to order any relief beyond what it has already ordered." Judge Kelly stated further as follows:

> The Government is already subject to a duty to make available the items it will use in its case-in-chief, and the Court has already ordered the Government to identify them over a month before trial by providing Defendants a list of exhibits it intends to offer and a brief description of each exhibit. Moreover, the Government has already given Defendants 'a 160-page grand jury transcript, with exhibits, and a detailed 96-slide PowerPoint presentation of the evidence supporting the charges against' them. . . . this Court agrees with the court's conclusion in *United States v. Gonzalez* that "Rule 12(b)(4)(B) only allows the defendant to obtain notice from the government after the defendant has identified the evidence that it may want to move to suppress. And Rehl has not done that here.

(internal citations omitted).

presumably already done by the government-would materially impede defendant's counsel's ability to prepare an adequate defense or, as repeatedly emphasized by defendant's counsel at oral argument, to evaluate meaningfully the government's plea offer and to engage in fruitful plea negotiations." 416 F. Supp. 2d 110 at 114.

Here, we have a case involving two defendants whose conduct was largely captured on video, most of which has been specifically identified and turned over to the defense. As noted above in footnotes one and two, similar to the grand jury materials and PowerPoint referenced by Judge Kelly when denying a nearly identical request in *United States v. Nordean, et al.,* here, the government has provided the Defendants the grand jury materials used to indict these Defendants as well as a 16 page-long trace document replete with screengrabs of and links to video and photo evidence of *these Defendants* that tracks where they were and what they were doing at a given moment in time throughout the day on January 6. *See* June 9, 2022 Minute Order, *United States v. Nordean et al.*, Case No. 21-cr-175. The trace document, alone, typically provides a rubric for the government's best evidence.

In addition, the government has provided each Defendant here with actual files of numerous photographs, CCTV videos, and open-source videos depicting the Defendants' criminal activity on that day, including those referenced in the FBI agent's affidavit supporting the Defendants' arrest (ECF No. 1). The government has also provided all search warrant, subpoena, and interview materials it has gathered. The government is not hiding case-specific documents in the global discovery database, as Carnell would have it. Instead, it already has provided him with ample Defendant-specific evidence (which is not voluminous) that will comprise the vast majority of the government's trial exhibits. By providing access to the general January 6 discovery, which

7

admittedly is "not particularized to this defendant and this trial," the government does not suggest that its trial exhibits will come from among these 7.9 million digital documents.

Using the Defendant-specific evidence already provided, with minimal effort, Carnell can uncover the same supplemental evidence that the government may uncover as trial nears by, for example, identifying the time and location of a videos already produced and searching for similarly-timestamped videos from comparable locations. As this Court and the Court in *Nordean, et al.*, have held, neither Rule 12 nor Rule 16 "requires the relief [the defendant] seeks." Therefore, the Court need not exercise its discretion at this time to go beyond what these rules require.

## CONCLUSION

For these reasons, the Government respectfully requests the Court deny Carnell's request, as no further action by the Court is necessary at this time.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:   */s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

TIGHE BEACH
Assistant United States Attorney
Colorado Bar No. 55328
United States Attorney's Office
District of Columbia
202-252-1788
Tighe.Beach@usdoj.gov