UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| v. | ) | Criminal Case No: 1:23-cr-0139-BAH |
| | ) | |
| **CHRISTOPHER CARNELL**, | ) | Trial: February 12, 2024 |
| | ) | |
| Defendant. | ) | |
| | ) | |

### Reply to Government's Opposition to Defendant's Request for Notice of the Government's Intent to Use Evidence and Identification of Evidence the government intends to use

The Defense made a request pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure. The purpose of this rule is to streamline the objection process for the defense. *See* Fed. R. Crim. P. 12, advisory committee notes, 1974 amendment. "Although the defendant is already entitled to discovery of such evidence prior to trial under rule 16, rule 12 makes it possible for him to avoid the necessity of moving to suppress evidence which the government does not intend to use." *Id*. The Rule requires the government to make *early* disclosure of these matters to allow the Court to determine any suppression motions *prior to trial* thereby avoiding needless delay during trial.

The Government's compliance with such a defense request is not discretionary, as the Government's response implies; it is *mandatory* under Rule 12. *See United States v. Anderson*, 416 F. Supp. 2d 110, 112 (D.D.C. 2006); *United States v. Warnagiris*, Crim. No. 21-00382 (PLF) (D.D.C. Sep. 21, 2023). As Judge Friedman recently wrote in his order mandating the

Government's compliance with this rule: "This Rule requires the government to 'notify [the defendant] of the evidence that it intends to use in its case-in-chief — that is, the evidence that will appear on the government's exhibit list for trial.' *United States v. Anderson*, 416 F. Supp. 2d 110, 112 (D.D.C. 2006)." *United States v. Warnagiris*, Crim. No. 21-00382 (PLF) (D.D.C. Sep. 21, 2023).

The Government made similar arguments to Judge Friedman as they make before this court, to which Judge Friedman responded:

> The Court appreciates the government's commitment to fulfilling its obligations under Rule 16 of the Federal Rules of Criminal Procedure, as well as its ongoing obligation to produce evidence to Mr. Warnagiris as the government becomes aware of it. The Court also appreciates the burden on defense counsel posed by the extensive discovery already produced in this case. *See United States v. Anderson*, 416 F. Supp. 2d at 114 ("Given the enormous volume of material produced in this case and defendant's limited resources, it is apparent that requiring defendant's counsel to peruse each page of the materials at issue here — in effect, to duplicate the work of document review presumably already done by the government — would materially impede defendant's counsel's ability to prepare an adequate defense.").
> …
> Mr. Warnagiris, however, now represents that identification of the evidence the government intends to use in its case-in-chief is necessary to preparing his defense, and he therefore asks the government to identify the specific items of evidence it intends to use during its case-in-chief earlier than the deadline the Court originally imposed. Mot. at 3. In light of the "enormous volume of material produced," as well as the fact that Mr. Warnagiris is charged with multiple serious felony offenses, the Court concludes that his request is reasonable.

*United States v. Warnagiris*, Crim. No. 21-00382 (PLF) (D.D.C. Sep. 21, 2023).

The Government wants the defendant to review other January 6 cases for evidence they might use against Mr. Carnell. That's not how the Rules work. While Mr. Carnell has no standing to seek the suppression of evidence obtained from *other defendants* and used in *their trials*, he does have standing to contest the admissibility of evidence *obtained from him* and which will be

*used against him*. And, while the Government follows certain patterns in their January 6 prosecutions, which would hint to the Defense that certain motions in limine would be needed for exclusion arguments pre-trial, a discovery database with around 8 million pieces of evidence might contain something the Government plans to use against *this defendant* that may have been irrelevant to other cases. After all, relevance remains the standard of evidence admissibility, even in January 6 prosecutions.

The Government also argues that it has provided very broad discovery to the defense. Again, this is not how the requirements of this rule are satisfied. The First Circuit has specifically held that providing open-file discovery does not satisfy Rule 12(b)(4)(B). *United States v. De la Cruz-Paulino*, 61 F.3d 986, 993 (1st Cir. 1995) ("Providing open-file discovery does not satisfy Rule 12(d)(2) because the defendant is still left in the dark as to exactly what evidence, discoverable under Rule 16, the government intends to rely upon in its case in chief at trial."); *see also United States v. Anderson*, 416 F.Supp.2d 110, 112 n. 1 (D.D.C. 2006) (rejecting the government's argument that it satisfied Rule 12(b)(4)(B) by providing open-file discovery and giving notice that it intended to use all of the materials provided to the defendant pursuant to that policy). **Judge Friedman has stated that the notice requirement under Rule 12(b)(4)(B) must consist of "the evidence that will appear on the government's exhibit list for trial."** *Anderson*, 416 F.Supp.2d at 112.

The Government then argues that they should not have to provide their intended exhibit list evidence months ahead of trial. First, the Defense made the request seven months after being arrested — providing the Government with sufficient time to finalize their exhibits and also providing defense counsel a sufficient opportunity to review the exhibits prior to the motions

schedule ordered by this Court. Second, the Rule itself allows the motion to be made as early as the arraignment. The language of the rule literally starts with: "At the arraignment or as soon afterward as practicable." Mr. Carnell could have made this motion as early as May 5, 2023, when he was arraigned. Instead, Mr. Carnell patiently waited until October to make his motion and did so in specific consideration of the trial and motions schedule set by this Court.

The Government's arguments are surprisingly and unnecessarily combative against a requirement set out in the Rules themselves. The defense merely asks for this Court to enforce the Rules. The Government is not above the law.

If the Government refuses to comply, the Defense will be happy to accept an order from the Court prohibiting the Government from using at trial any evidence not so noticed or identified by a specific time period.

Respectfully submitted,
By Counsel:

/s/
_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on October 21, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the

CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/

Marina Medvin, Esq.