**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| v. | ) | CRIMINAL CASE NO: 23-CR-139 (1) |
| **CHRISTOPHER CARNELL, ET. AL.,** | ) | TRIAL: FEBRUARY 12, 2024 |
| DEFENDANT. | ) | |

**DEFENDANT'S MOTION IN LIMINE**
**FOR COUNTS TWO AND THREE, CHARGED UNDER 18 U.S.C. § 1752**

Christopher Carnell moves in limine for this court to define terms subject to dispute between the parties and to establish the elements of 18 U.S.C. § 1752 for Counts Two and Three as charged in the Indictment.

## I. Defining "Otherwise Restricted" as Used in § 1752

Counts Two and Three require a finding that Defendant committed a prohibited act in an area that was "posted, cordoned off, or otherwise restricted." *See* 18 U.S.C. § 1752(c)(1).

The use of the term "otherwise restricted" in 18 U.S.C. § 1752(c)(1) means restricted in a similar manner to the preceding restrictions. See *Begay v. United States,* 553 U.S. 137, 140-43 (2008); *United States v. Fischer*, 64 F.4th 329, 345 (D.C. Cir. 2023) (when a statute "includes a list of examples followed by 'otherwise' in a single, unbroken sentence within the same subparagraph… the position of 'otherwise' [] inherently relates the word to the list immediately before it"); *United States v. Williams*, 553 U.S. 285, 294 (2008) ("a word is given more precise

content by the neighboring words with which it is associated"). The terms in 18 U.S.C. § 1752(c)(1) before the phrase "otherwise restricted" are the terms "posted" and "cordoned off" — which are *types of visible or physical restrictions that objectively delineate or designate defined boundaries or a defined perimeter as restricted*.[1] Therefore, the statute's plain text requires a similar type of visible or physical restriction.

The defendant, therefore, requests an instruction for all counts charged under 18 U.S.C. § 1752 that requires the evidence of restriction to constitute a posting, a cordoning off, or something inherently similar to posting or cordoning off— something that physically and objectively defines a perimeter or its boundaries as restricted.

## II. 18 U.S.C. § 1752 Requires Proof that Defendant Knew that the Vice President is or will be temporarily visiting

Counts Two and Three are charged under 18 U.S.C. § 1752. Offenses under 18 U.S.C. § 1752 require proof beyond a reasonable doubt that the defendant acted *knowingly with respect to each element of the offense*. Accordingly, the Government should be required to prove that the defendant knew that he had entered or remained in what he knew to be a restricted building or grounds *and* that he knew that he did not have lawful authority to enter that area. It is insufficient for the government to prove that the defendant merely knew that the area he entered or remained in was restricted in the colloquial sense.

[1] At the time of enactment, neither term "posted" nor "cordoned" appeared in Black's Law Dictionary (4th ed. 1968). Accordingly, a standard dictionary must be used to define the terms. At the time of § 1752's enactment, "posted" meant to "forbid [property] to trespassers under penalty of legal prosecution by notices placed around the boundaries." Webster's Third New International Dictionary 1771 (1966). "Cordon" referred to "a line or circle of persons or objects around any person or place," while "cordon off" meant "to form a protective or restrictive cordon around [a designated area]." *Id*. at 506.

The Supreme Court has explained, "[a]s a matter of ordinary English grammar, we normally read the statutory term 'knowingly' as applying to all the subsequently listed elements of the crime." *Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019) (quotation marks omitted). Grammatically speaking, that is because an adverb like "knowingly" often modifies more than its most proximate verb. "[W]hen a transitive verb" (like "enters") "has an object," (*e.g.*, "any restricted building or grounds"), "listeners in most contexts assume that an adverb (such as knowingly) that modifies the transitive verb tells the listener how the subject performed the entire action, including the object." *Flores-Figueroa v. United States*, 556 U.S. 646, 650 (2009).

Judge Nichols agreed with this position in *United States v. Elizalde,* writing:

> As the Supreme Court has illustrated, if a bank official says "Smith knowingly transferred the funds to the account of his brother," "we would normally understand the bank official's statement as telling us that Smith knew the account was his brother's." *Id.* at 560–61. And if a bank official says "Smith knowingly sent a bank draft to the capital of Honduras," the official has suggested that Smith knew where he sent the bank draft. *Id.* at 561. The same way, when Congress forbids "knowingly . . . engaging in disorderly or disruptive conduct in . . . any restricted building or grounds," 18 U.S.C. § 1752(a)(2), the ordinary understanding is that Congress has prohibited disorderly or disruptive conduct by those who know they are in a restricted building or grounds. "Account of his brother," "capital of Honduras," and "restricted building or grounds" each play a similar role in their respective sentences, and "knowingly" modifies them all.

*United States v. Elizalde*, Case No. 1: 23-cr-00170 (CJN), ECF No. 39 (D.D.C. Dec. 1, 2023), agreeing with Judge Lamberth's opinion in *United States v. Bingert*, et. al., Case No. 1:21-cr-00091-RCL, ECF No. 163 (D.D.C. May 18, 2023).

In *United States v. Bingert*, et. al., Judge Lamberth ruled that the mens rea element of *knowingly* applies not just to knowledge that an area was restricted but also to the knowledge that the person protected by the Secret Service is or will be temporarily visiting that restricted area.

> [T]o prove that defendants "knowingly" committed the relevant acts in a "restricted building or grounds" for purposes of [counts under 18 U.S.C. § 1752], the government must prove not only that the defendants knew they were in a "posted, cordoned off, or otherwise restricted area," but also that they knew that it was such an area "of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(l)(B).

*United States v. Bingert*, et. al., Case No. 1:21-cr-00091-RCL, ECF No. 163 (D.D.C. May 18, 2023).

In *Bingert*, Judge Lamberth applied the natural reading of the statute. Judge Lamberth made it clear that the government cannot choose to separate out one portion of the "restricted building or grounds" definition from the rest of the words that follow; the Government cannot choose to prove only a select portion of the "restricted building or grounds" definition — it must prove it all. "[T]o prove that defendants 'knowingly' committed the relevant acts in a 'restricted building or grounds' for purposes of [counts under 18 U.S.C. § 1752], the government must prove not only that the defendants knew they were in a 'posted, cordoned off, or otherwise restricted area,' but also that they knew that it was such an area 'of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting.'" *United States v. Bingert*, et. al., Case No. 1:21-cr-00091-RCL, ECF No. 163 (D.D.C. May 18, 2023).

Judges Nichols and Lamberth have not declared anything revolutionary; they simply ruled that we cannot stop reading the definition of "restricted building or grounds" at the word "area" because that sentence goes on to say, without any punctuation or separation, "of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." This is a natural, textual reading of the requirements of this statute.

There is no legal basis or precedent that allows the Government to choose to prove only a portion of a statutory definition to make a conviction easier at trial; the definitions are all-encompassing. The term "restricted building or grounds" must be defined in the bench instructions in its entirety. The definition written by Congress is but one inseparable concept — a restricted area where a person protected by the Secret Service is or will be temporarily visiting. The defendant is asking for the Government to be held to the full burden of proof.

The defense requests legal instructions for Counts Two and Three that are consistent with the principle outlined by Judges Nichols and Lamberth, that the Government prove *both*, that 1) the defendant knew the area he entered was posted, cordoned off, or otherwise restricted, and 2) the defendant knew this was an area where the Vice President was or would be temporarily visiting.

**III. <u>"Cause-In-Fact" Instruction for 18 U.S.C. § 1752(a)(2)</u>**

Count Three is charged under 18 U.S.C. § 1752(a)(2). This section has a causational element that requires any disorderly or disruptive conduct of the defendant to "in fact impede[] or disrupt[] the orderly conduct of Government business or official functions." *See* 18 U.S.C. § 1752(a)(2). Accordingly, the defense is requesting a cause-in-fact instruction for Count Three.

The Government must prove that the Defendant's actions were the "but-for causation" or "an independently sufficient cause" that impeded or disrupted the orderly conduct of Government business or official functions. *See Burrage v. United States*, 134 S.Ct. 881 (2014).

In *Burrage*, the Supreme Court was interpreting the phrase "results from" in § 841(b), given its ordinary meaning, to require "but-for causation" —ie, that the death would not have

occurred but for the defendant's drug dealing. *Burrage*, 134 S.Ct. at 881. The court ruled that the "but-for requirement is a part of the common understanding of cause." *Id*. The Supreme Court ultimately held "that, at least where [the] use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 USC § 841 (b)(1)(C) unless such use is a but-for cause of the death or injury." *Id.* at 892.

The Supreme Court noted that but-for causation is reflected in the Model Penal Code's "traditional understanding" of a causal relationship: that "[c]onduct is the cause of a result [when] it is an antecedent but for which the result in question would not have occurred." *Burrage*, 134 S.Ct. 881. This formulation, the Court noted, represents "the minimum requirement for a finding of causation when a crime is defined in terms of conduct causing a particular result." *Id*.

In 18 U.S.C. § 1752(a)(2), Congress similarly calls for proof that a defendant's conduct "in fact" impedes or disrupts, which, given its ordinary meaning under the *Burrage* analysis, requires but-for causation. Accordingly, the defense asks for instructions that require the Government to prove that the Defendant's actions were a but-for cause, or an independently sufficient cause, that impeded or disrupted the orderly conduct of Government business or official functions.

Respectfully submitted,

By Counsel:

/s/

Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on December 13, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/
Marina Medvin, Esq.