UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CHRISTOPHER CARNELL, Et. Al., )<br>)<br>DEFENDANT. )<br>) | CRIMINAL CASE NO: 23-CR-139 (1)<br><br>TRIAL: FEBRUARY 12, 2024 |

**DEFENDANT'S MOTION IN LIMINE
FOR COUNT ONE, CHARGED UNDER 18 U.S.C. § 1512(C)(2)**

Christopher Carnell moves in limine for this court to define terms subject to dispute between the parties and to establish the elements of 18 U.S.C. § 1512(c)(2) for Count One, as charged in the Indictment

## I. Defining "Otherwise" as Used in § 1512(c)(2)

The definition of the term *otherwise,* as is used in 18 U.S.C. § 1512(c)(2), Count One, is currently on appeal at the United States Supreme Court; the motion to proceed in *forma pauperis* and petition for a writ of *certiorari* was granted on December 13, 2023. *See United States v. Joseph Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, (U.S. Dec. 13, 2023)(No. 23-5572); *see also United States v. Edward Jacob Lang*, 64 F.4th 329 (D.C. Cir. 2023), *petition for cert. filed*, (U.S. Jul. 7, 2023)(No. 23-32); *United States v. Garret Miller*, 64 F.4th 329 (D.C. Cir. 2023), *petition for cert. filed*, (U.S. Aug. 1, 2023)(No. 23-94). The Defendant has filed an

Amicus Brief on this issue, asking for the Supreme Court to clarify the breadth of § 1512(c)(2). *See* ECF No. 36. The Defendant has also moved to dismiss Count One. *See* ECF No. 34.

The defendant defines *otherwise* as stringing together the first part of 18 U.S.C. § 1512(c) with the second, connecting § 1512(c)(1) with § 1512(c)(2), while the Government's definition of otherwise creates a lone-standing catch-all in § 1512(c)(2).

The distinction between the defendant's definition and that of the Government is critical in this case — it is the distinction between § 1512(c)(2) requiring an *actus reus* that limits the offense to one involving documents, records, objects, or the integrity or availability of evidence, *or* an *actus reus* that is unlimited. Since this defendant's conduct does not involve any changes to or interference with documents, records, objects, or the integrity or availability of evidence, the distinction is a critical one.

As argued by the defendant in his Motion to Dismiss and his Amicus Brief to the Supreme Court, arguments incorporated by reference herein, the legally appropriate definition of *otherwise* should be the one proposed by the defense. *See* ECF No. 34, 36.

II. **Defining "Corruptly" as Used in § 1512(c)(2)**

The government's proposed definition of *corruptly,* as is used in 18 U.S.C. § 1512(c)(2), Count One, renders the *mens rea* of wrongful as interchangeable with the *mens rea* required for *corruptly*. But the two are not the same — for if they were, there would be no need for Congress to use the term for special designation of certain offenses.

While the Supreme Court is clear that when an act is corrupt it is necessarily wrongful, the inverse does not hold true. *While all acts that are corrupt are also wrongful, acts that are*

*wrongful are not necessarily corrupt*. That is because corrupt acts are but a smaller subset of wrongful acts; these are not equal or interchangeable types of *mens rea*. Corruptly has a narrower definition than just wrongful.

In *Arthur Andersen LLP v. United States*, the Supreme Court failed to precisely define the term *corruptly*, saying that the "outer limits of this element" will not be explored in the opinion of the Court, but, noting that, at a minimum, the word corruptly" is "normally associated with" (as opposed to *defined as*) "wrongful, immoral, depraved, or evil." 544 U.S. 696, 705-6 (2005).

The definition of the term *corruptly* was recently considered by the D.C. Circuit. *See United States v. Robertson*, No. 22-3062 (D.C. Cir. Oct. 20, 2023). Judge Pan wrote for the majority, stating that "there are multiple" ways to prove that a defendant acted *corruptly*. *Id*. One of those ways is to prove that a defendant "act[ed] through independently unlawful means." *Id*. The Court appeared to use the term *corruptly* interchangeably with the term *wrongfully*. *Id*.

However, this is at odds with another decision out of the D.C. Circuit on the definition of "corruptly," which technically bound the Court. *See United States v. Joseph Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, (U.S. Dec. 13, 2023)(No. 23-5572).

In *United States v. Fischer*, a three-judge panel of the D.C. Circuit Court of Appeals issued a fractured, fragmented set of opinions on the sufficiency of an indictment charging 18 U.S.C. § 1512(c)(2). Each of the opinions discussed the complexity of the *mens rea* term *corruptly* and how it impacted the decision in *Fischer.*

Judge Pan's opinion in *Fischer* stated that "the sufficiency of the indictments in this case does not turn on the precise definition of 'corruptly.'" *Fischer,* 64 F.4th at 340. Nonetheless, Judge Pan opined on the scope of what *corruptly* may or may not encompass:

> … a narrow construction of "corruptly" would indeed limit the *actus reus* of a § 1512(c)(2) violation. The requirement of "corrupt" intent prevents subsection (c)(2) from sweeping up a great deal of conduct that has nothing to do with obstruction — for instance, lobbyists who know they advocate for morally wrongful causes… Notably, the other crimes enumerated in § 1512 — such as killing, threatening, or dissuading witnesses — are classic examples of obstruction of justice… Subsection (c)(2) best fits with those crimes if "corruptly" constrains its scope.
>
> … assaulting law enforcement officers in an effort to prevent Congress from certifying election results was "wrongful" and "corrupt" under the law.

*Id*. at 339.

Judge Walker joined Judge Pan in judgment, and concurred in part, but explained that in order to concur with Judge Pan, his definition of "corruptly" would have to control, citing *Marks v. United States. See Fischer,* 64 F. 4th at 351-52, 352 (n.1), 362 (n.10) (Walker, J., concurring in part and concurring in judgment). Judge Walker defined *corruptly* as requiring proof of "an intent to procure an unlawful benefit." *Id.* at 352.

> Thus, "corruptly" in § 1512(c) means to act "with an intent to procure an unlawful benefit either for [oneself] or for some other person." *Marinello v. United States*, 138 S. Ct. 1101, 1114 (2018) (Thomas, J., dissenting) (cleaned up). It "requires proof that the defendant not only knew he was obtaining an 'unlawful benefit' but that his 'objective' or 'purpose' was to obtain that unlawful benefit." *Id.* And that benefit may be unlawful either because the benefit itself is not allowed by law, or because it was obtained by unlawful means. *Id.*

*Id.*

But Judge Walker's definition of *corruptly* appears to have *only* been used in tax law. *See United States v. Fischer*, 64 F.4th 329, 381 (D.C. Cir. 2023) (Katsas, J., dissenting). Furthermore, this "knowledge of unlawfulness" standard is inconsistent with prior definitions of what it means to act *corruptly*. *Id*.

> [Judge Walker's opinion] imagines a protestor unaware that federal law prohibits picketing outside the home of a judge to influence his or her votes. 18 U.S.C. § 1507. But even that hypothetical protestor would be protected only until the jurist, a neighbor, or the police told the protestor what the law is. After that, the concurrence's position would

    expose the protestor not only to the one-year sentence set forth in section 1507, but also to the twenty-year sentence set forth in section 1512(c).

*Id*.

    In his dissent, Judge Katsas observed that in practice, the definition of *corruptly* requires "that the defendant seek an unlawful financial, professional, or exculpatory advantage." *Fischer*, 64 F.4th at 380 (Katsas, J., dissenting) ("*See, e.g., Marinello,* 138 S. Ct. at 1105 (avoiding taxes); *Aguilar*, 515 U.S. at 595, 115 S.Ct. 2357 (disclosing wiretap); *North*, 910 F.2d at 851 (fabricating false testimony and destroying documents)."). Judge Katsas distinguished the January 6 cases from historic cases where people were found to have acted *corruptly* because the Capitol breach cases are not about people acting dishonestly or attempting to obtain some financial advantage, they instead involve "the much more diffuse, intangible benefit of having a preferred candidate remain President." *Id*. at 381. Judge Katsas pointed out that if proof of an intangible benefit is deemed "good enough" by the courts to sustain the element of *corruptly*, "then anyone acting to achieve a specific purpose would satisfy this requirement, for the purpose of the action would qualify as the benefit." *Id*. "For example, the hypothetical firearms lobbyist would be covered if he sought a 'benefit' of less stringent gun regulations. Likewise, the hypothetical Senate protestor would do so if she sought a 'benefit' of defeating the bill under review. And so on." *Id*.

    Critique aside, the D.C. Circuit was bound by Judge Walker's improper-benefit reading of *corruptly* because Judge Walker's reading represented the "position taken" by the judge "who concurred in the judgments on the narrowest grounds." *See Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) (plurality opinion). For the same reason, this trial court is also bound by Judge Walker's improper-benefit reading of *corruptly*. The decision in *Robertson* that disregards Judge

Walker's opinion puts this court in a conflict of choosing between two inconsistent yet binding authorities. The complexity of the interplay between the *Fischer* and *Robertson* opinions renders it that much more difficult to decide on a definition appropriate for this case. Of course, confusion in criminal cases should be resolved in favor of the defendant.

What we know for sure is that in 2023, four D.C. Circuit judges wrote four independent opinions on the meaning and application of the term *corruptly:* Judge Pan, Judge Walker, Judge Katsas, and Judge Henderson. The defense, therefore, proposes a definition for trial of the term *corruptly* that protects the defendant from an unreasonably expansive definition, as proposed by the Government, and that takes into account the concerns outlined by the appellate judges in *Roberton* and *Fischer*: **to act corruptly is to act with the specific intent of procuring an unlawful financial, professional, or exculpatory advantage or benefit**.

The defendant's proposed definition of *corruptly* takes into account (1) Judge Pan's decisions, (2) Judge Katsas' observations about *corruptly* being limited to intent to gain an unlawful financial, professional, or exculpatory advantage, and, (3) Judge Walker and Judge Henderson's definition that calls for a specific intent to obtain an unlawful benefit.

For comparison, the term *wrongful* is defined as the opposite of innocent. *See Rehaif v. United States*, 139 S. Ct. 2191, 2196-97 (2019) (using the term wrongful to mean the opposite of innocent); *United States v. Feola,* 420 U.S. 671, 691 (1975) (using the term wrongful to mean unlawful); see also *Wrongfully*, Black's Law Dictionary (4th ed. 1968) (defining a wrongfully as unjust or immoral). In contrast, Black's Law Dictionary defines the word *corruptly* as generally meaning "a wrongful design to acquire some pecuniary gain or other advantage." *Corruptly,* Black's Law Dictionary (4th ed. 1968). Although given the chance to throw us a bone, in *Arthur*

*Andersen LLP v. United States*, the Supreme Court failed to define the term *corruptly*, saying that the "outer limits of this element" will not be explored in the opinion of the Court, but, noting that, at a minimum, the word corruptly" is "normally associated with" (as opposed to *defined as*) "wrongful, immoral, depraved, or evil." 544 U.S. 696, 705-6 (2005).



As stated initially and as proved by the definitions discussed— while a corrupt act is always wrongful, a wrongful act is not always corrupt. The defendant's proposed definition of *corruptly* appropriately constrains the fact-finder to the distinction between the two terms.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*

MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on December 13, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/
Marina Medvin, Esq.