UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-00139-BAH |
| | : | |
| CHRISTOPHER CARNELL and | : | |
| DAVID WORTH BOWMAN, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO STAY OR CONTINUE TRIAL**

The United States of America respectfully opposes defendant Christopher Carnell's Motion to Stay or Continue Trial (ECF 46), which defendant David Worth Bowman joins (ECF 49). Carnell seeks a continuance based on the United States Supreme Court's December 13, 2023, grant of certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The issue to be considered is the appropriate interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes for which the defendant has been charged. This development does not merit a stay of the trial scheduled for February 12, 2024.[1]

**I.  Applicable Legal Standards**

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

---

[1] Defendant styles the relief as a motion to stay or continue the trial; however, the motion is properly considered as a motion to stay the proceedings. Iit is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. Accordingly, the stoppage of all proceedings for upwards of six months while an appeal is pending is not a continuance; it is a stay of the proceedings pending the appeal.

substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

Other courts in this district have declined to halt proceedings connected to January 6, 2021, riot at the United States Capitol based on the Supreme Court's decision to hear *Fischer*. *See, e.g., United States v. Sara Carpenter*, 21-cr-305 (JEB) (Minute Order, 12/15/2023) (declining to delay sentencing based on *Fischer*). Indeed, just last week, Judge Walton weighed in on these very issues after the Defendant moved orally to stay or continue trial based on the Supreme Court's grant of certiorari in *Fischer*. *See generally United States v. Dunfee*, Case No. 23-cr-0036 (RBW), Dec. 14, 2023 Hr'g Tr.[2] After argument by the parties, Judge Walton held as follows:

---

[2] Undersigned counsel is aware of at least one other Court in this District that has refused to continue a defendant's sentencing hearing due to the grant of certiorari in *Fischer*. *See United States v. Crowl,* Case No. 21-cr-28 (APM), Dec. 20, 2023 Minute Order (Explaining that the defendant was convicted of other felony offenses such that a "delay in sentencing is [not] necessary or justified"). In addition, in *United States v. Lang*, Case No. 21-cr-53 (CJN), the defendant pursued a certiorari petition to the Supreme Court on his 18 U.S.C. § 1512(c)(2) charge, which remains pending. And, the D.C. Circuit has stayed issuance of the mandate on the *Lang*'s appeal, among others. Upon information and belief, Lang's certiorari petition will likely remain pending until there is a ruling in *Fischer* from Supreme Court. Therefore, Judge Nichols cannot proceed with trial on the Section 1512 charge at this time. Further, Lang was willing to remain detained rather than incur the cost of a potential second trial. On all these bases, the Court agreed to set the trial date for September 2024. Judge Nichols also stated that the *Lang* decision was based on the facts of that particular case and did not suggest he would delay proceedings in other cases.

2

> I don't know, again, what my colleagues are doing in reference to requests of this nature, if requests of this nature are being made in cases involving this same statute that the Supreme Court has decided to review. But I do think that, you know, justice delayed is justice denied. Yes, it is used to a large degree in the context of a defendant having a right to have their cases resolved. But the Supreme Court has specifically said that the people, the government, have a right to expeditious resolution of matters also.
>
> And we are approaching almost three years since these events took place. And I think there is an interest on the part of the people and the government to have these matters resolved as expeditiously as possible. And if we were only talking about the statute at issue that was going to implicate this case, then I think I may have a different position. But since there are other statutes that also he is charged with having violated, even if the Supreme Court does reverse *Fischer*, that would not have an impact on the other offenses, if he were convicted after a trial in this case.

*Id.* at Hr'g Tr. 43-46. The same reasoning applies here.

## II.  **Trial Should Not be Stayed or Continued.**

Whether viewed as a motion to stay or a motion for a lengthy continuance, Carnell's motion should be denied because the relevant factors weigh against his request. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that the defendant is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. […] The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). Indeed, during the pendency of this case, the interpretation of § 1512(c)(2) has been on appeal to the D.C. Circuit in *Fischer* and *United States v. Robertson*, 86 F.4th 355 (D.C. Cir. 2023). Those appeals have not stopped this matter or any other matters involving 18 U.S.C. § 1512(c)(2) from proceeding as

usual. The defendant cannot show any compelling reason to change course approximately one month away from trial.

The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). Prior practice supports denial of the defendant's motion: for example, despite that the Supreme Court granted certiorari in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the District Court did not stay 18 U.S.C. § 922(g) cases; instead, District Court judges moved forward with pleas, trials, and sentencings for charges brought under that statute.

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the offenses for which the defendant has been charged. Delaying the trial for another six months or more would undermine the interests of the public in the timely adjudication of a case of great significance.

A further lengthy delay of trial for the defendant would afford him an unfair advantage not granted to the approximately one hundred and fifty people who have been convicted of violating Section 1512 in connection with the events of January 6. Many of those individuals have been sentenced and are now serving terms of incarceration as a result of their convictions. This defendant should not, based on the timing of their trial relative to the Supreme Court's grant of certiorari, receive any benefit not afforded to the many other people who have been tried, convicted, and—in many cases—incarcerated for violations of this statute.

Similar to *Dunfee*, the defendant here will not suffer any irreparable injury by proceeding with trial as scheduled. As this Court recently recognized, a defendant is not "irreparably harmed without a stay" simply "because 'he will be forced to go to trial' before his appeal on violations of his constitutional rights is heard." *United States v. González-Valencia*, No. 16-65-1 (BAH), 2022 WL 3978185, at *6 (D.D.C. Sept. 1, 2022). And, even if the Supreme Court were to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate any application of Section 1512(c)(2) to the defendant. And even if it did, the appropriate venue for challenging such a conviction would be a post-conviction appeal.

In contrast, with a stay, the government would "face[ ] irreparable harm because, as more time passes, the government's . . . evidence continues to age, which hurts witnesses' ability to recollect those events clearly at trial." *Id.* at *7. As the Supreme Court has recognized, and the D.C. Circuit emphasized, "in criminal cases" the "'encouragement of delay is fatal to the vindication of the criminal law.'" *Khadr v. United States*, 529 F.3d 1112, 1117 (D.C. Cir. 2008) (quoting *United States v. MacDonald*, 435 U.S. 850, 852 (1978)). As Judge Walton recently noted, "the people, the government, have a right to expeditious resolution of matters also. And we are approaching almost three years since these events took place. And I think there is an interest on the part of the people and the government to have these matters resolved as expeditiously as possible." *United States v. Dunfee*, Case No. 23-cr-0036 (RBW), Dec. 14, 2023 Hr'g Tr. at 43. Both the government and American citizens have an interest in speedy trials. *González-Valencia*, 2022 WL 3978185, at *7 (the "[p]ublic interest . . . favors speedy trials"). Justice delayed is justice denied.

Moreover, these defendants are charged with and will be tried for more offenses than solely obstruction of Congress. They have also been charged with violations of 18 U.S.C. § 1752(a) and

5

40 U.S.C. § 5104(e)(2). Even if the Supreme Court were to rule adversely to the government with respect to Section 1512(c)(2)'s application to this case, the defendants would still need to be tried for five other charges. If the defendants are convicted, they always retain the right to move for bail pending appeal, particularly as they likely would not be sentenced until March or April at the earliest. And, if the Court permits the defendants to self-report following sentencing, *Fischer* would likely be decided by that time.

For all these reasons, and regardless of the implications of *Fischer*, the public and the government have a right to a prompt resolution of this case with respect to the charges in the Indictment. Therefore, the defendant's Motion to Stay or Continue Trial should be denied, and the Court should proceed with trial on February 12, 2024.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar No. 481052

By:   */s/ Samantha R. Miller*
       SAMANTHA R. MILLER
       Assistant United States Attorney
       New York Bar No. 5342175
       United States Attorney's Office
       For the District of Columbia
       601 D Street, NW 20530
       Samantha.Miller@usdoj.gov

       TIGHE BEACH
       Assistant United States Attorney
       Colorado Bar No. 55328
       United States Attorney's Office
       District of Columbia
       202-252-1788
       Tighe.Beach@usdoj.gov