UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-00139-BAH |
| | : | |
| CHRISTOPHER CARNELL and DAVID WORTH BOWMAN, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT BOWMAN'S
MOTION TO EXCLUDE EVIDENCE CONCERNING CONDUCT BY OTHERS AND
CARNELL'S MOTION TO EXCLUDE GENERALIZED, SWEEPING,
NON-PARTICULARIZED JANUARY 6 EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Opposition to Defendant Bowman's Motion to Exclude Evidence Concerning Conduct By Others (ECF 51) and Defendant Carnell's Motion *in Limine* to Exclude Generalized, Sweeping, Non-Particularized January 6 Evidence (ECF 44).[1] The defendants file two separate motions, both of which are stylized differently, but are, in substance, the same. The government responds to both now.

These defendants move to "exclude at his trial all evidence concerning conduct and statements of others who may have been in Mr. Bowman's general vicinity on January 6" (ECF 51) and "any particular acts of criminal behavior carried out by persons other than" Carnell (ECF 44). Courts in this District have previously rejected near-identical motions filed by these counsel on behalf of other defendants, and rightly so.[2] These motions are sweeping and would exclude

---

[1] Both defendants join each other's motions. ECF 49, 56.

[2] *See United States v. Hostetter et al.*, Case No. 21-cr-392 (RCL), ECF 309 (Warner's Motion i*n Limine* re conduct of others and redlined map); Oct. 11, 2023 Min. Order (denying motion); *United States v. Kelly*, Case No. 21-cr-708 (RCL), ECF 51 (Motion *in Limine* re acts of others by LEO); April 25, 2023 Minute Order (denying motion); *United States v. Stephanie Baez*, 21-cr-507-PLF, ECF 71 (denying motion seeking to preclude evidence of signage and obstructions not seen by the

1

relevant evidence, and, thus, should be denied.

## ARGUMENT

As a general matter, the United States agrees that the defendants are not liable for the conduct of people around them beyond those whose conduct they aided and abetted on January 6, 2021. However, the conduct of people who were near them or who they observed within the Capitol building or on Capitol grounds is relevant to prove the defendants' knowledge, motive, and *mens rea*, and to show how the defendants' conduct was disorderly and disruptive. Moreover, a number of the counts in this case deal with legal issues that the government must prove in its case-in-chief, requiring objective proof of an element. For example, to prove Count One, Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and 2, the United States must establish that there was an "official proceeding" and the fact that it was disrupted. The official proceeding was the certification of the Electoral College vote, and, as with other Counts, proving this charge requires presenting evidence involving the actions of other rioters at all locations of the Capitol building and grounds. Moreover, Count One includes the alternative theory of aiding and abetting, pursuant to 18 U.S.C. § 2, which necessarily underscores the relevance of the conduct of others. For Count Three, the United States must prove that the defendants engaged in "disorderly or disruptive conduct" in a restricted area "when . . . such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions." 18 U.S.C. § 1752(a)(2). To establish the disruption of government business, the conduct of other rioters is certainly relevant. By law, "the term 'restricted buildings or grounds' in 18 U.S.C. § 1752 means any posted, cordoned off, or otherwise restricted area—of a building or

---

defendants); *United States v. DaSilva*, Case No. 21-cr-564 (CJN), ECF 46 (Motion), July 12, 2023 Minute Order (denying motion).

grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). The government must prove—independently—that the defendant entered or remained in an area that was posted, cordoned off, or otherwise restricted. In addition, Counts Two through Six require an element of "knowingly."

The conduct of others is relevant because it places the defendants' conduct in its appropriate context.  To convict either of these two defendants, the jury will be instructed that it must find that each defendant committed each offense with which he is specifically charged.  It is not enough for the United States to show that the defendants were simply present near others who committed crimes around the Capitol building and its grounds.  But Bowman's motion ignores the nature of these crimes as a collective action.  It was the mob's collective action that disrupted Congress, and the defendants' knowledge of the collective riot bears on their *mens rea* for each of the charged offenses.  Thus, this motion should be denied to the extent it would exclude evidence probative of, among other things, the context in which the defendants acted; the defendants' knowledge and state of mind; and the impact of the defendants' actions in contributing to the mob that disrupted the official proceeding.

Courts in this District have previously rejected near-identical motions filed by Bowman's counsel on behalf of other defendants, as well as similar motions filed by others.   As Chief Judge Boasberg found in *United States v. Carpenter* when discussing the government's montage video exhibits, for example, "the Government must be given leeway to place a defendant's actions into context and to assist the jury in 'organiz[ing] and evaluat[ing] evidence which is factually complex and fragmentally revealed.'  This category of evidence would permit the Government to do just that." *United States v. Carpenter*, 1:21-cr-205 (JEB), ECF No. 78 at 6 (quoting *United States v. Lemire*, 720 F.2d 1327, 1348 (D.C. Cir. 1983)).

3

The United States does not anticipate focusing its evidentiary presentation on areas of the U.S. Capitol that these defendants did not go. But to show the overall riot, its effects, the full context of the defendants' actions, and why the certification of the Electoral College vote was suspended, the United States will need to present evidence to show the actions of other rioters in other areas of the Capitol building and grounds. None of the rioters were authorized to enter the Capitol. Law enforcement officer witnesses will explain that, in expelling rioters, they could not distinguish between those rioters who were overtly violent and those who were not; everyone had to leave. This is because law enforcement could not predict who would act violently; any member of the crowd might be a threat to them, the Representatives and Senators they were trying to protect, and to the U.S. Capitol itself. Indeed, throughout the day, individual officers found their attention divided by the need to monitor the whole crowd, rather than focusing solely on specific individuals. But for the defendants' actions alongside so many others, the riot likely would have failed to delay the certification vote. *See United States v. Mazzocco*, 1:21-cr-54 (TSC), Tr. 10/4/2021 at 25 ("A mob isn't a mob without the numbers. The people who were committing those violent acts did so because they had the safety of numbers.") (statement of Judge Chutkan). While a jury will judge the defendants based on their own actions, the context of the defendants' actions will necessarily be placed before the jury. That context was a riot. *See United States v. Grider*, 21-CR-00022 (CKK) Dkt. 150 at 25 (Dec. 21, 2022) ("Membership in a mass of rioters is particularly likely to disrupt Congressional business. Even a peaceful crowd standing on the Floor of Congress is likely to shut down Congressional proceedings.").

Even if this Court found that evidence of the actions of other rioters was prejudicial, a limiting instruction would be the appropriate remedy. The D.C. Circuit has consistently upheld the use of limiting instructions as a way of minimizing the residual risk of prejudice. *See, e.g.*,

*United States v. Douglas*, 482 F.3d 591, 601 (D.C. Cir. 2007) (emphasizing the significance of the district court's instructions to the jury on the permissible and impermissible uses of the evidence); *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) (same); *United States v. Crowder*, 141 F.3d 1202, 1210 (D.C. Cir. 1998) (stating that mitigating instructions to the jury enter into the Rule 403 balancing analysis). A limiting instruction can be addressed at the end of trial, in the charge conference, and need not be resolved pretrial.

Furthermore, these defendants were not bystanders. Defendants Bowman and Carnell joined a mob pursuing that forced law enforcement to retreat. They joined in "TREASON, TREASON, TREASON" chants within the Building. Then, they chose to enter the Senate Floor, where they discussed with other rioters the contents of Senators' desks, including whether Senator Ted Cruz was "going to sell us out all along" or whether he was "with us" according to the document the rioters' were reviewing, which was taken from a Senator's desk. Clearly, video depicting these discussions is highly relevant and not unduly prejudicial, particularly given Carnell is heard participating in the discussion:



*Figures 1 (above) & 2 (below):*

5

*Defendants on Senate Floor reviewing and discussing with other rioters whether Senator Ted Cruz was "going to sell us out all along" or whether he was "with us" according to the document the rioters' were reviewing, which was taken from a Senator's desk.*



*Figure 3 (below):*
*Photograph depicting a signed letter from Senator Mitt Romney to then-Vice President Pence, sent by Defendant Bowman via text message to co-Defendant Carnell and others, which appears to have been taken while the photographer was on the Senate Floor.*



Defendants' conduct was disruptive individually *and* as part of the collective riot of January 6.  While the conduct of the defendants personally will be the focus of the case, proof of this disruptive conduct could appropriately be made through evidence of the conduct of other

rioters as well.  After all, had the defendants been acting alone, they would have been quickly arrested long before they made it to the Upper West Terrace or through the Senate Wing Door.

As Judge Kollar-Kotelly explained in another January 6 case:

> The following metaphor is helpful in expressing what the statute [18 U.S.C. § 1752(a)(2)] does require.  Just as heavy rains cause a flood in a field, each individual raindrop itself contributes to that flood.  Only when all of the floodwaters subside is order restored to the field.  The same idea applies in these circumstances.  Many rioters collectively disrupted Congressional proceedings, and each individual rioter contributed to that disruption.  Because Rivera's presence and conduct in part caused the continued interruption to Congressional proceedings, the Court concludes that Rivera in fact impeded or disrupted the orderly conduct of Government business and official functions.

*United States v. Rivera*, Case No. 1:21-cr-60 (CKK), ECF No. 62 at 13.  The defendants accomplished their crimes on January 6 because of the mob, and the mob was effective because of rioters like the defendants.  They cannot be separated.

Where other rioters near the defendants did something that the defendants could have observed or learned of, those rioters' conduct is probative of the defendants' knowledge, *mens rea*, intent, and motive.  It is neither novel nor controversial to see other people's behavior as probative of the defendants' state of mind.  To be sure, the defendants may argue at trial—if the evidence supports it—that they failed to see, hear, or understand what was happening around them.  But the United States should not be precluded from undertaking to show otherwise through evidence of events happening around the defendants.

**CONCLUSION**

Because evidence of the actions of the mob is needed for the jury to receive a complete picture of what took place at the Capitol on January 6, and because the relevance of this evidence is not substantially outweighed by any unfair prejudice to the defendants, these motions should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ Samantha R. Miller
      SAMANTHA R. MILLER
      Assistant United States Attorney
      New York Bar No. 5342175
      United States Attorney's Office
      For the District of Columbia
      601 D Street, NW 20530
      Samantha.Miller@usdoj.gov

      TIGHE BEACH
      Assistant United States Attorney
      Colorado Bar No. 55328
      United States Attorney's Office
      District of Columbia
      202-252-1788
      Tighe.Beach@usdoj.gov