UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 23-cr-00139-BAH |
| : | |
| CHRISTOPHER CARNELL and : | |
| DAVID WORTH BOWMAN, : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT BOWMAN'S
MOTION TO DESIGNATE TRIAL EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Opposition to Defendant Bowman's Motion to Designate and Produce any Images, Video and Audio Recordings, Out-of-Court Statements, Transcripts and Summary Charts it will Use In Trial. ECF 52. Defendant Carnell has joined the motion. ECF 56.

Because the government has already addressed certain of Bowman's arguments in the government's Omnibus Motion *in Limine* to Preclude Improper Defense Arguments and Evidence and its Omnibus Motion *in Limine* Motion to Admit Certain Evidence, it will not re-hash the same responses herein. *See* ECF 55 at 8-9 (discussing, e.g., the rule of completeness); ECF 54 at 10-13 (discussing aerial photograph demonstrative exhibit). Moreover, much of Bowman's motion should be denied as moot because this Court denied a request for similar relief when defendant Carnell filed a similar motion, which Bowman joined (ECFs 37, 38). In denying that motion, the Court held as follows:

> The government is already obliged to identify, nearly one month before trial, the materials it 'intends to use... in its case-in-chief,' Fed. R. Crim. P. 16(a)(1)(E), *see* Scheduling Order (Aug. 14, 2023) (directing filing of Joint Pretrial Statement by January 19, 2024), rendering the pending motion superfluous. This Scheduling Order was entered based on the trial date agreed to by the parties, without objection

1

by either defendant, making this pending motion akin to seeking modification of the Scheduling Order and back-tracking by defendants on the schedule to which they previously agreed.

See October 25, 2023 Minute Order (emphasis added).

Bowman contends that these defendants are not coconspirators. ECF 52 at 2. But, even if they were, binding Circuit precedent holds that the United States need not specify every coconspirator statement it intends to offer at trial, because "[n]othing in the Federal Rules of Evidence or in the Jencks Act requires such disclosure." *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988). For this additional reason, Bowman's motion should be denied.

## ARGUMENT

Bowman asks that the Court "direct the government promptly to produce to the Court and to the defendants all [ ] co-conspirator statements that it intends to use as evidence at trial." ECF 52 at 3-4. The statements to which Bowman presumably refers are text messages between the co-defendants and others, and a recorded interview between defendant Bowman and the FBI.[1] Bowman asserts that an early production of these statements will allow the Court to determine "whether it is necessary or appropriate to conduct what will undoubtedly be a lengthy pretrial hearing or, possibly, to employ some other recognized pretrial procedure." *Id.* at 4.

In his filing, Bowman claims that the D.C. Circuit has endorsed, "[i]n a case such as this where it is anticipated that the Government will seek to introduce a large number of out-of-court statements, many of which will not meet the 'in furtherance' requirement [of 801(d)(2)(E)], the 'better practice' would be for these issues to be resolved pretrial." *Id.* at 3. But that is flatly wrong.

---

[1] Bowman's motion also states that he "believe[s] that the best practice" as to recorded interviews "remains for the parties to devise a stipulated transcript." ECF 52 at 7. The government's practice, which it followed here, is to produce in discovery the recording itself, not a transcript of the recording. If Bowman wishes to transcribe the interview and provide a copy to which the government may stipulate, he remains free to do so.

2

Both of the primary cases Bowman cites, *United States v. Jackson*, 627 F.2d 1198, 1218 (D.C. Cir. 1980), and *United States v. Slade*, 627 F.2d 293, 307 (D.C. Cir. 1980), remarked only that the that the "preferred practice is for the trial court to make these determinations *before the hearsay evidence is admitted*," *Slade*, 627 F.2d at 307 (emphasis added); *see also Jackson*, 627 F.2d at 1218 ("the better practice is for the court to determine *before the hearsay evidence is admitted* that the evidence independent of the hearsay testimony proves the existence of the conspiracy sufficiently to justify admission of the hearsay declaration" (emphasis added)).

In fact, the preferred practice is to avoid a minitrial to address coconspirator statement admissibility. "In this district it is common practice for a court to avoid a disfavored mini-trial of the evidence by deferring its determination regarding the admissibility of alleged co-conspirator statements until after the close of the government's case." *United States v. Loza*, 763 F. Supp. 2d 108, 112 (D.D.C. 2011) (internal quotation marks omitted) (quoting *United States v. Cooper*, 91 F.Supp.2d 60, 78 (D.D.C.2000)); *see also United States v. Jackson*, 627 F.2d 1198, 1218 (D.C. Cir. 1980). Bowman can cite only a single case from this district where a court has granted a request like his. Even there, in *United States v. Bazezew*, the district court only ordered the government to "produce" the co-conspirator statements; it reserved the question of whether a "lengthy pretrial hearing" would be necessary. 783 F. Supp. 2d 160, 166 (D.D.C. 2011) (noting that resolution of admissibility of coconspirator statements pretrial is appropriate in only "unusual cases").

Foregoing such proceedings prior to trial is entirely proper, and, in fact, as the cases cited by Bowman make clear, the necessary findings can even wait until after the statement has been introduced because a court "may, in [its] discretion, permit the introduction of evidence as to things said and done by an alleged co-conspirator subject to being connected up and followed by evidence

3

of the existence of the conspiracy." *Jackson*, 627 F.2d at 1218 (quoting *United States v. Vaught*, 485 F.2d 320, 323 (4th Cir. 1973)); *see also United States v. Slade*, 627 F.2d 293, 307 (D.C. Cir. 1980) (noting that the trial court "retains discretion . . . to admit particular co-conspirator statements conditioned on a later showing of substantial independent evidence of the three prerequisites for their admission").

There are good reasons that this District rejects minitrials on the admissibility of coconspirator statements. For one, such hearings would involve the same evidence to be later offered at trial, making them "wasteful of judicial time, as the hearing and trial testimony . . . would have been largely duplicative." *United States v. White*, 116 F.3d 903, 915 (D.C. Cir. 1997). For another, they might give the defense "two bites at the apple to cross-examine" witnesses. *United States v. Apodaca*, 275 F. Supp. 3d 123, 139 (D.D.C. 2017). And third, given the frequent importance of cooperator testimony in proving conspiracies, pretrial hearings would often pose risks to witness safety. *See United States v. Edelin*, 128 F. Supp. 2d 23, 45 (D.D.C. 2001).

Moreover, "[n]othing in the Federal Rules of Evidence or in the Jencks Act requires such disclosure." *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988). In this case, the United States has already provided the defense, through discovery, certain co-defendant statements in the form of text messages and videos, which the United States anticipates will be offered as exhibits at trial. As *Tarantino* makes clear, there is no separate requirement that the United States identify other coconspirator statements that may be proven by, for example, the testimony of cooperating witnesses. *See id.*

In any event, if Bowman wants the result from *Bazezew*, he already has it, because the United States is already producing to the defense a full set of exhibits according to a deadline

4

negotiated and agreed to by the parties and approved by the Court. These exhibits will constitute the vast majority of "coconspirator" statements to be offered at trial. Bowman is therefore fully able to make arguments that any particular statement fails to satisfy the requirements of Rule 801(d)(2)(E), and the Court is fully able to consider them. Bowman's motion should therefore be denied.

Bowman's motion also includes a generic paragraph on the use of summary charts. At this time, the government does not intend to use any summary charts at trial. It does intend to use the aerial photograph demonstrative exhibit discussed in the government's Omnibus Motion *in Limine* to Admit Evidence. *See* ECF 54 at 10-13. Nonetheless, were the government to introduce summary chart evidence at trial, that evidence would be subject to Rule 1006 of the Federal Rules of Evidence, as well as the standard rules on foundation, trustworthiness, fairness, and accuracy, among other things. *See, e.g., United States v. Fahnbulleh*, 752 F.3d 470, 478-79 (D.C. Cir. 2014) (affirming admission under Rule 1006 a summary of "36 binders containing over 10,000 pages of raw data" and noting as follows: "For a summary of documents to be admissible, the documents must be so voluminous as to make comprehension by the jury difficult and inconvenient; the documents themselves must be admissible; the documents must be made reasonably available for inspection and copying; the summary must be accurate and nonprejudicial; and the witness who prepared the summary should introduce it.") (citing *United States v. Hemphill*, 514 F.3d 1350, 1358 (D.C. Cir. 2008)).

## **CONCLUSION**

For the above reasons, the government requests the Court deny defendant Bowman's motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

TIGHE BEACH
Assistant United States Attorney
Colorado Bar No. 55328
United States Attorney's Office
District of Columbia
202-252-1788
Tighe.Beach@usdoj.gov