**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 23-cr-00139-BAH** |
| | : | |
| **CHRISTOPHER CARNELL and** | : | |
| **DAVID WORTH BOWMAN,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT BOWMAN'S**
**MOTION TO EXCLUDE INCULPATORY EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Opposition to Defendant Bowman's Motion seeking exclusion of a long list of inculpatory evidence. ECF 50. Defendant Carnell has joined the motion. ECF 56. A nearly identical motion has been rejected by at least one other Court in this District.[1] In his two-page list, Bowman seeks to exclude thirteen different categories of evidence. *See* ECF 50. The United States submits that the Court should deny the motion *in limine* and reserve rulings for trial, or on the basis of specific evidence included on the government's exhibit list, to which Bowman will have the opportunity to raise specific objections at the pretrial conference.

Nevertheless, the United States addresses each of the categories of evidence on Bowman's list below. The United States offers its anticipated position with respect to each category, but reserves the right to reconsider these positions as it prepares its exhibit list. Moreover, even where the United States indicates it does not intend to present certain evidence, the United States reserves its right to respond to any issues that arise at trial through the presentation of any relevant evidence.

Bowman's exclusionary list is as follows:

---

[1] *See United States v. Hostetter et al.*, Case No. 21-cr-392 (RCL), ECF 312 (motion), October 11, 2023 Minute Order (denying motion).

*Officer Deaths.* The United States does not intend to present evidence regarding law enforcement deaths arising from the January 6, 2021 riot.

*Stop the Steal Lawsuits.* The United States does not intend to present evidence of then-President Trump's stop the steal lawsuits, court challenges, or issues raised by Trump's lawyers about the election, other than any references made by then-President Trump or his supporters at the January 6, 2021 rally at the Ellipse, or evidence showing the personal knowledge of any such information by either defendant. What then-President Trump and his supporters said at the Ellipse on January 6, 2021 is relevant to Bowman's knowledge, motive, and intent. Likewise, any discussion by either defendant of these lawsuits or efforts by then-President Trump and his lawyers would be relevant to their knowledge, motive, and intent. To the extent such evidence is introduced, Bowman may certainly argue to the jury that he "is not an attorney." ECF 50 at ¶ 2. But such an argument is one of weight, not admissibility.

*Proud Boys, Patriot Boys, Three Percenters, and Oath Keepers.* The United States does not intend to present evidence regarding these groups or affiliations. ECF 50 at ¶ 3. The United States also does not intend to introduce "information regarding the Oath Keepers using a hotel in Virginia to stage weapons in the event that martial law was declared on January 6, 2021." *Id.*

*Photographs from Defendant Bowman's Phone.* The United States agrees with Bowman that irrelevant evidence should be excluded. Beyond that, the scope of Defendant's motion—to exclude "[a]ny photos taken from Mr. Bowman's phone that are irrelevant to this case . . . [including those surrounding] Mr. Bowman's personal life"," ECF 50 at ¶ 4—is unclear. This is precisely the type of motion that can better be addressed on an exhibit-by-exhibit basis, rather than in an unnecessary and vague motion *in limine*. In any event, photographs Bowman took on January 6, such as the one he is shown taking in CCTV footage (screenshot below), are highly

relevant to his knowledge and intent and are not unduly prejudicial.

_Mug Shot._ The United States will seek a stipulation regarding the identity of Defendant Bowman and his codefendant and their presence on U.S. Capitol grounds on January 6, 2021. That stipulation will employ photographs of Bowman. If the parties are able to reach a stipulation, the United States does not anticipate using any Bowman's mug shot. In the absence of a stipulation, the United States may use a Bowman's mugshot to establish identity or as a demonstrative.

_Social Media Posts by Others._ It is unclear what Bowman seeks to exclude with "[a]ny tags from anyone else on Facebook or any other social media not related to January 6, 2021." ECF 50 at ¶ 6. The United States does not intend to present evidence of any social media posts that Bowman did not see. However, evidence from the social media accounts of Bowman, including communications and posts from others, where a defendant was tagged or otherwise engaged, may be relevant. There is no basis to wholesale exclude such evidence _in limine_, when defense counsel can argue the weight of such evidence at trial. Moreover, this evidence can more easily be addressed on an exhibit-by-exhibit basis at the pretrial conference.

_Body Armor or Military Gear._ The United States does not intend to present specific evidence regarding body armor or military gear. However, various rioters on the Senate Floor and elsewhere within restricted grounds, who are seen near Bowman in video footage, may be introduced at trial. For example, in the screenshot of CCTV Senate Floor footage below, one rioter is wearing a green, military-style helmet; he is seen near Defendant Bowman as Bowman is captured photographing a Senator's letter (helmet-wearing rioter circled in yellow; Bowman identified by arrow).



Such evidence is relevant, not unduly prejudicial, and should be admitted.  This is especially so in the context of a riot, where the sheer force of numbers which helped to overwhelm the police protecting the Capitol. A person's use of body armor or military gear helped to strengthen (or at the very least, lend the appearance of strength) the assault on the Capitol. Moreover, other rioters' use of such gear in the presence of each defendant helps to establish knowledge of wrongfulness, a key aspect to some of the charges, such as 18 U.S.C. § 1512(c)(2) (corrupt intent) or 18 U.S.C. § 1752(a) (unauthorized access).

 *Defendant Bowman's Home Address.* The United States does not intend to introduce evidence of Defendant Bowman's home address. However, the United States should not be precluded from establishing the defendants' cities and state of residence at the time of the riot, nor from introducing proof that relevant items of evidence were seized from the defendants' residences.

 *Facebook Posts.* The United States agrees with Bowman that irrelevant evidence should

4

be excluded. Beyond that, the scope of Defendant Bowman's motion—to exclude "[a]ny Facebook posts/memes that are irrelevant to the charges in this case," ECF 50 at ¶ 9—is unclear. The Court can address objections on an exhibit-by-exhibit basis at the pretrial conference, rather than in an unnecessary and vague motion *in limine*.

*A Coaster Bowman Stole from the Capitol Building.* Bowman offers no basis to exclude evidence that Bowman stole a paper drink coaster, bearing the seal of the United States Senate, from a desk on the Senate floor, and that he subsequently took the coaster to his home in Raleigh, North Carolina. This evidence is relevant to, among other things, Bowman's knowledge of illegality and corrupt intent on January 6, 2021. Bowman, throughout his motion, does not even attempt to explain the legal basis for exclusion, using the Rule 403 balancing test as a boilerplate wand to exclude probative evidence.

*Statements protected by the First Amendment and certain government video and digital exhibits.* The United States has addressed these two categories of evidence in other of its motions and responses. Therefore, the government respectfully incorporates those filings as if included herein. *See generally* ECF 54 (government motion discussing categories of video and digital exhibits the government will properly seek to admit); ECF 55 at 14-17 (government motion discussing improper First Amendment-related arguments); ECF 64 (government response to defendants' motions to exclude evidence involving others).

*Bowman's list of other words.* Among other words, Bowman seeks to sanitize the trial to avoid words such as "riot," "rioters," "insurrection," "militia," and "mob." ECF 50 at ¶ 11. Bowman's motion is so expansive that it appears to seek to preclude not only government counsel from characterizing the evidence in this manner, but it also seeks to censor any *witnesses* called by the United States, if they wanted to use these words. *See id.* Because these terms accurately

describe the events on January 6, 2021, the Court should deny Bowman's motion.

Defendant Bowman seeks to sanitize—and thereby distort—witness testimony and the parties' advocacy with a talismanic citation to Rule 403. But Rule 403 provides that a "court may exclude relevant evidence if its probative value is *substantially outweighed* by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence or language is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Sanford Ltd.*, 878 F. Supp. 2d 137, 143 (D.D.C. 2012) (quoting Fed. R. Evid. 403, advisory committee's note). But Rule 403 does not require the United States to bow to a defendant's preference and "to sanitize its case, to deflate its witnesses' testimony or to tell its story in a monotone." *United States v. Gartman*, 146 F.3d 1015, 1021 (D.C. Cir. 1998). By their very nature, criminal charges involve an accusation that someone has wronged another person or has wronged society. Accordingly, such charges arouse some level of emotion. There is nothing improper about that. In fact, while cautioning against prosecutorial misconduct in *United States v. Berger*, the Supreme Court simultaneously recognized that "[t]he United States Attorney . . . may prosecute with earnestness and vigor—indeed, he should do so." 295 U.S. 78, 88 (1935). "[T]he law permits the prosecution considerable latitude to strike 'hard blows' based on the evidence and all reasonable inferences therefrom." *United States v. Rude*, 88 F.3d 1538, 1548 (9th Cir. 1996) (quoting *United States v. Baker*, 10 F.3d 1374, 1415 (9th Cir. 1993)). When a prosecutor's comments fairly characterize the offense, fairly characterize Bowman's conduct, and represent fair inferences from the evidence, they are not improper. *See Rude*, 88 F.3d at 1548 (finding the use of words like victim, deceit, outlandish, gibberish, charlatan, and scam was not improper); *Guam v. Torre*, 68 F.3d 1177, 1180

(9th Cir. 1995) ("[T]here is no rule [of evidence or ethics] requiring the prosecutor to use a euphemism for [a crime] or preface it by the word 'alleged.'").

Here, the United States should not be required to sterilize its language and step gingerly around Bowman's crimes or his participation in what was clearly a concerted effort to accomplish illegal objectives. Judges across this district have faced similar motions and, in denying them routinely, recognized that what took place on January 6, was, in fact, a riot involving rioters and an attack on the U.S. Capitol, the government of the United States, and American democracy. *See, e.g.*, *United States v. Carpenter*, 1:21-cr-205 (JEB), ECF No. 78 at 7–8 (denying a similar motion, "[w]hat occurred on January 6 was in fact a riot and an insurrection, and it did in fact involve a mob. The terms to which Defendant objects are thus accurate descriptors, not attempts to provoke or agitate the jury."); *United States v. Chwiesiuk*, 1:21-cr-536 (CKK) (denying a similar motion, "what occurred on January 6, 2021 was in fact an insurrection and involved insurrectionists and, therefore, the terms to which Defendants object are accurate descriptors"). After carefully considering the facts of other January 6 cases, many other judges in this district, including this Court, have used similar language to recognize the riot as just such an attack. *See, e.g.*, *United States v. Hostetter*, 1:21-cr-392-1 (RCL), ECF No. 275 at 4, 6 (referring to "the riot," "rioters," and "the mob"); *United States v. Mostofsky*, 1:21-cr-138 (JEB), Sent. Tr. at 40–41, May 6, 2022 (describing the riot as an "attack," describing the Capitol as "overrun," and describing Mostofsky and other rioters as engaged in "an attempt to undermine [our] system of government."); *United States v. Rubenacker*, 1:21-cr-193 (BAH), Sent. Tr. at 147–48, May 26, 2022 (describing Bowman as "part of this vanguard of people storming the Capitol Building," and finding that his conduct "succeeded, at least for a period of time, in disrupting the proceedings of Congress to certify the 2020 presidential election"); *United States v. Languerand*, 1:21-cr-353 (JDB), Sent. Tr. at 33–34,

January 26, 2022 ("[T]he effort undertaken by those who stormed the Capitol . . . involved an unprecedented and, quite frankly, deplorable attack on our democratic institutions, on the sacred ground of the United States Capitol building, and on the law enforcement officers who were bravely defending the Capitol and those democratic values against the mob of which Bowman was a part."). None of this language is hyperbole; rather, these findings used vivid and violent language because they described a visceral and violent event. So, too, will prosecutors here need to use appropriate language—and not defense-friendly euphemisms—to describe the nature and gravity of Bowmans' conduct.

In another January 6 case, *United States v. Vincent Gillespie*, this Court denied a defendant's motion *in limine* to exclude references to substantially similar terms under Fed. R. Evid. 403. Memorandum and Order, ECF No. 43, 1:22-cr-60 (BAH) (Nov. 30, 2022). The court found that the terms "insurrection," "attack," "riot," "mob," and "rioters" "accurately describe[d] the events that occurred on January 6, 2021." *Id.* at 5–6 (collecting other cases using these terms to describe the events of January 6). This Court declined to "muzzl[e] the government or its witnesses from employing commonly used phrases to describe the events on January 6, 2021," and held that "the mere use of these terms does not . . . signal prejudice substantially outweighing their probative value" under Fed. R. Evid. 403. *Id.* at 6–7. The Court should reach the same conclusion for the terms Bowman seeks to exclude.

## **CONCLUSION**

For the above-stated reasons, the United States submits that Bowman's Motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

TIGHE BEACH
Assistant United States Attorney
Colorado Bar No. 55328
United States Attorney's Office
District of Columbia
202-252-1788
Tighe.Beach@usdoj.gov