UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-00139-BAH |
| | : | |
| CHRISTOPHER CARNELL and | : | |
| DAVID WORTH BOWMAN, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT CARNELL'S
MOTION *IN LIMINE* FOR COUNT ONE, CHARGED UNDER 18 U.S.C. § 1512(C)(2)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Opposition to Defendant Carnell's Motion *in Limine* for Count One, Charged under 18 U.S.C. 1512(c)(2). ECF 43. Defendant Bowman has joined the motion. ECF 49. Carnell's Motion asks the "court to define terms subject to dispute between the parties and to establish the elements of 18 U.S.C. § 1512(c)(2)." ECF 43 at 1. Carnell submits a definition of the term "otherwise," as used in Section 1512(c)(2), that "limits the offense to one involving documents, records, objects, or the integrity or availability of evidence." *Id.* at 2. He further submits that "this trial court is also bound by Judge Walker's improper-benefit reading of corruptly" as used in Section 1512(c)(2), after the D.C. Circuit's opinion in *United States v. Robertson,* 86 F.4th 355 (D.C. Cir. 2023). ECF 43 at 5.

As explained below, Carnell's positions have been repeatedly rejected by this Court, other courts in this District, and by the D.C. Circuit. Therefore, the jury instructions as given by this Court, including as recently as November 2023 in *United States v. Oliveras*, Case No. 21-cr-00738, ECF 89 at 8-10, should remain intact.

1

**I.    The D.C. Circuit rejected Carnell's position and held that conduct under Section 1512(c)(2) need not involve documents, records, objects.**

Not only has this Court repeatedly rejected Carnell's requested interpretation of "otherwise" as used in Section 1512(c)(2), *see, e.g., United States v. Gillespie,* No. CR 22-60 (BAH), 2022 WL 17262218, at *5 (D.D.C. Nov. 29, 2022), but the D.C. Circuit in *Fischer* also found that Section 1512(c)(2) "encompasses all forms of obstructive conduct," not just conduct involving documents, records, or objects. *See* 64 F.4th 329, 334-35 (D.C. Cir. 2023).

In *Fischer*, the D.C. Circuit addressed a pretrial ruling that Section 1512(c)(2) "'requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.'" 64 F.4th at 334. Because the indictments in the cases on appeal did not allege that the defendants "violated § 1512(c)(2) by committing obstructive acts related to 'a document, record, or other object,' the district court dismissed the § 1512(c)(2) counts." *Id.*

The government appealed and the D.C. Circuit reversed, holding Section 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at 335. The court concluded that, "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336 (concluding that this "broad interpretation of the statute—encompassing all forms of obstructive acts—is unambiguous and natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure") (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)). This portion of the opinion was authored by Judge Pan and joined by Judge Walker, and thus constitutes *Fischer*'s binding holding.

2

*Fischer* therefore confirms that the government need not prove that a defendant's obstructive acts relate to a document, record, or other object. *See Fischer*, 64 F.4th at 332. This Court had repeatedly agreed:

> Finally, defendant . . . argue[s] that Section 1512(c)(1) limits the scope of (c)(2) and thus " 'requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede, or influence an official proceeding.' " *Miller* held that Section 1512(c)(1)'s express coverage of only obstructive conduct with a nexus to a "record, document, or other object" as similarly limiting the scope of Section 1512(c)(2). This Court, however, has repeatedly sided with nearly every other Judge in the District to reject this reading of the statute, providing extensive explanations in oral rulings.

*United States v. Gillespie*, No. CR 22-60 (BAH), 2022 WL 17262218, at *5 (D.D.C. Nov. 29, 2022) (citations omitted). The fact that the Supreme Court granted *certiorari* in *Fischer* and that Carnell filed an amicus brief "on the issue" do nothing to change the current state of the law in this District. 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, (U.S. Dec. 13, 2023) (No. 23-5572).  Moreover, the mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, Heath v. Jones, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question.").  For these reasons, Carnell's proposed instruction should be rejected, and the 1512(c)(2) instruction should remain broad.

II. **Courts in this District also have rejected Carnell's contention that this Court is bound by Judge Walker's improper-benefit reading of corruptly in *Robertson*.**

Courts in this District have also rejected Carnell's position that "this trial court is also bound by Judge Walker's improper-benefit reading of corruptly" in *Robertson*. ECF 43 at 5. For example, just last month, Judge Bates considered a similar argument when he rejected the defendant's motion for release pending appeal:

3

> Sheppard is correct that Judge Walker's concurrence in <u>Fischer</u> defined corrupt intent to require proof that the defendant acted to benefit himself or an associate. <u>Fischer</u>, 64 F.4th at 361–62 (Walker, J., concurring in part and concurring in the judgment). And Judge Henderson's dissenting opinion in <u>Robertson</u> expressed the view that Judge Walker's interpretation is controlling. <u>Robertson</u>, 2023 WL 6932346, at *24 (Henderson, J., dissenting). **But the majority opinion in <u>Robertson</u> holds that Judge Walker's concurrence is not controlling,** <u>id.</u> at *15–18 (majority opinion), just as this Court did when it denied Sheppard's motion for a new trial on the same ground, Mem. Op. & Order [ECF No. 105] at 12–13. **Indeed, the <u>Robertson</u> majority concluded that Judge Walker's view that evidence that the defendant sought a benefit is the exclusive method of proving corrupt intent had "no support in the statute and is contrary to precedent."**

*United States v. Sheppard*, No. CR 21-203 (JDB), 2023 WL 7279263, at *6 (D.D.C. Nov. 3, 2023) (bolding added). Judge Bates's reading of *Robertson* is correct. Therefore, Carnell's proposed instruction should be rejected, and Section1512(c)(2) instruction of "corruptly" should echo the one routinely given by this Court:

> To act "corruptly," the defendant must use independently unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

*See, e.g., United States v. Oliveras*, Case No. 21-cr-00738, ECF 89 at 8.

To the extent the Court disagrees, the government advocates for Judge Walker's reading to supplement, rather than supersede, the existing instruction.

## CONCLUSION

For the above-stated reasons, the United States submits that Carnell's proposed instructions should be rejected.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ Samantha R. Miller

4

SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

TIGHE BEACH
Assistant United States Attorney
Colorado Bar No. 55328
United States Attorney's Office
District of Columbia
202-252-1788
Tighe.Beach@usdoj.gov