UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal Case No: 23-CR-139 (1) |
| ) | |
| **CHRISTOPHER CARNELL, Et. Al.**, ) | Trial: February 12, 2024 |
| ) | |
| Defendant. ) | |

**Response to Government's "Omnibus" Motion in Limine
To Admit Certain Evidence, ECF No. 54**

---

The DOJ has filed what they termed an "omnibus" motion in limine to admit certain evidence, ECF No. 54. The defense responds as follows:

**I. Motion in Limine to Admit Certain Categories of Multimedia**

The United States plans to introduce videos and photos recovered from the defendants' phones and social media accounts, as well as videos and photographs taken by third parties such as other rioters and journalists who were present inside and outside the Capitol on January 6. The evidence at trial will also include video captured by law enforcement, including CCTV and BWC footage. The United States also anticipates introducing videos captured by the Senate Recording Studio.

The Government is seeking to summarily admit all of these categories into evidence through a motion in limine. The Government has not provided an exhibit list and neither the Defendants nor the Court knows which pieces of multimedia exhibits the DOJ seeks to admit.

Aside from being imprecise, the Government's request is also overly broad. The DOJ is lumping together easily authenticable and trustworthy recordings, such as CCTV footage, with potentially untrustworthy, random videos obtained from the internet. Any authenticity and admissibility issues with the multimedia that the Government seeks to introduce into evidence should be dealt with at the time of introduction of the individual exhibit so as to not summarily reduce evidentiary standards for individual pieces of multimedia sought for admission.

Moreover, once the parties exchange exhibits, some of the admissibility issues might be rendered moot through the parties agreeing to the authenticity and admissibility of individual exhibits.

A blanket judgment of admissability on unknown exhibits is highly prejudicial to the defense and unfairly favorable to the Government.

Accordingly, this motion is overly broad and premature and should be denied. Any ruling on the admissibility of multimedia should be delayed until the multimedia is sought for introduction into evidence.

## II. Motion in Limine To Admit Certain Statutes and Records

The DOJ asks this Court to take judicial notice of Article II, Section 1 of the Constitution of the United States, the Twelfth Amendment, and code sections — 3 U.S.C. §§ 15–18, relating to the Electoral College Certification Official Proceedings.

Neither the Constitution nor our laws require courts to take judicial notice of their existence — these are already part of the court and the judicial system.

Furthermore, the Court does not need to admit these documents into evidence to establish any of the elements of the charged offenses.

The request is inconsistent with the functionality of a motion in limine. The Defense asks that it be denied.

**III. Motion *in Limine* to Admit Government's Restricted Perimeter Photograph Exhibit**

The DOJ seeks to admit a photograph depicting an aerial view of the Capitol building and grounds, and the red line denotes the location of barriers on the outside of the restricted area, as that area was established on January 6, 2021.

Just as with any piece of evidence, the Government will need to lay a foundation at trial with proper witness testimony in order to admit the photograph into evidence. The Government's advance request for admissability in order to reduce its burden at trial seeks to benefit the Government at the cost of the Defense.

The parties should remain free to argue admissibility issues if and when the exhibit is offered into evidence, not in advance. This request should be denied as unfairly prejudicial.

More importantly, the restriction of the area is an essential question in Mr. Carnell's prosecution based on the language of the Indictment in Counts Two and Three. By extension, his Confrontation Clause interest in cross-examining the Government's witness on that point is at its zenith. *See United States v. Foster*, 986 F.2d 541, 543 (D.C. Cir. 1993) ("The more important the witness to the government's case, the more important the defendant's right . . . to cross-examine the witness."). *See also United States v. Warnagiris*, Crim. No. 21-0382 (PLF), Memorandum Order (D.D.C. Oct. 23, 2023); *United States v. Griffin*, Crim. No. 21-0092 (TNM), Memorandum

Order (D.D.C. Mar. 18, 2022). Disallowing the defendant to cross-examine a witness against him on allegations directly relevant to his charges is a violation of the Confrontation Clause as well as the Due Process Clause, and the Defendant's right to present a complete defense.

Through its filing, the Government seeks to preclude the defendant from mounting a complete, meaningful defense to test the veracity of the Government's contention that a certain area was restricted, as well as which parts of the Capitol Grounds were restricted. Yet, procedural fairness requires that a criminal defendant be afforded "a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984). The DOJ request thus violates the defendant's Due Process right to present a complete defense at trial. *See Holmes v. South Carolina*, 547 U.S. 319 (2006).

An additional Response to this will be filed separately by counsel for Mr. Bowman. Mr. Carnell, therefore, moves to join, adopt, conform, and have the benefit of co-defendant Bowman's Response in every respect.

Respectfully submitted,

By Counsel:

_____/s/_____
MARINA MEDVIN, ESQ.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

## CERTIFICATE OF SERVICE FOR CM/ECF

      I hereby certify that on December 28, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

                                                /s/
                                    Marina Medvin, Esq.