UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL CASE NO: 23-CR-139 (1) |
| | ) | |
| **CHRISTOPHER CARNELL, ET. AL.,** | ) | TRIAL: FEBRUARY 12, 2024 |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

**RESPONSE TO GOVERNMENT'S "OMNIBUS" MOTION IN LIMINE
TO PRECLUDE DEFENSE ARGUMENTS AND EVIDENCE, ECF NO. 55**

The DOJ has filed what they termed an "omnibus" motion in limine to preclude certain defense arguments and evidence, ECF No. 55. The defense responds as follows:

**I. Motion in Limine to Preclude the Defendants From Seeking Testimony On The Location of Specific Surveillance Cameras**

Counsel for Mr. Carnell represents that he does not oppose this motion and that he would not seek to introduce any evidence about specific locations of Capitol police surveillance cameras.

**II. Motion in Limine to Preclude Testimony On Specific Secret Service Tactics And Emergency Operations**

The DOJ seeks to limit the cross-examination of the U.S. Secret Service Witness it expects to put on the stand. The defense opposes this motion partially.

A) Opposed Portion

The Government specifically seeks the preclusion of defense cross-examination questions related to "the locations where protectees or their motorcades are taken at the Capitol." This is a problem for Counts charged under 18 U.S. Code § 1752, which prohibits entry into "any posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting."

The statute specifically prohibits entry into an *area of* a building or grounds — but not entry into the building or grounds in and of themselves generally. *See* 18 U.S.C. § 1752(c)(1)(B). The statute prohibits entry only into an area where a protected individual *is or will be* temporarily visiting, but not where the protected individual *was previously*. *See Id*. The area of the building where the protected individual is or will be visiting is directly consequential to the charges brought against the defendant in Counts Two and Three. Therefore, the location of V.P. Pence is indispensable to a trial on these Counts. See also *United States v. Warnagiris*, Crim. No. 21-0382 (PLF), Memorandum Order (D.D.C. Oct. 23, 2023) (determining in limine that "whether and when the Vice President left the Capitol building and grounds is 'an essential question' of fact that the Court must decide" at trial); *United States v. Griffin*, Crim. No. 21-0092 (TNM), Memorandum Order (D.D.C. Mar. 18, 2022).

Disallowing the defendant to cross-examine a witness against him on allegations directly relevant to his charges is a violation of the Confrontation Clause as well as the Due Process Clause, and the Defendant's right to present a complete defense.

Whether the Vice President was present on the Capitol grounds is an essential question in Mr. Carnell's prosecution based on the language of the Indictment in Counts Two and Three — "where the Vice President was and would be temporarily visiting." By extension, his Confrontation Clause interest in cross-examining the Government's witness on that point is at its zenith. *See United States v. Foster*, 986 F.2d 541, 543 (D.C. Cir. 1993) ("The more important the witness to the government's case, the more important the defendant's right . . . to cross-examine the witness.").

Through its filing, the Government seeks to preclude the defendant from mounting a complete, meaningful defense to test the veracity of the Government's contention that Vice President Pence was on the Capitol grounds during the relevant period. Yet, procedural fairness requires that a criminal defendant be afforded "a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984). The DOJ request thus violates the defendant's Due Process right to present a complete defense at trial. *See Holmes v. South Carolina*, 547 U.S. 319 (2006).

The Government does not need to prosecute these counts if they wish to keep the relevant information concealed. However, if the Government continues with these Counts, the defendant is entitled to a public trial, including cross-examination of all witnesses, on the facts directly relevant to the indicted charges and on the essential elements of each offense.

B) Unopposed Portion

The Government seeks to protect information about "the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees." Since this information is not directly relevant to any Count in the Indictment, the Defense will respect the Government's wishes. The defendants are not interested in cross-examining witnesses on issues that are irrelevant to his charges and have no plans of making his trial into the spectacle that the Government appears to be expecting.

**III. Motion in Limine to Preclude the Defendants' Introduction of Their Own Out-of-Court Statements as Inadmissible Hearsay**

The government requests that the Court prohibit the defendants from offering any of their out-of-court statements in evidence. The defense opposes this request.

Out-of-court statements only constitute hearsay when they are being admitted to prove the truth of the matter asserted in those statements. See Fed. R. Evid. 801(c). Nonetheless, defendants should remain free to use out-of-court statements for permissible non-hearsay purposes— as evidence of the young men's state of mind and intent. See Fed. R. Evid. 803(3). Moreover, because it's a statement made by Mr. Bowman, a co-defendant, the statement may not be hearsay under Rule 801(d)(2)(E) if consistent with the language of the rule. See also *United States v. Turner*, 548 F.3d 1094 (D.C. Cir. 2008).

Judge Friedman has ruled that the admission of a defendant's out-of-court statements is permissible when introduced by a defendant to prove his state of mind or intent. *See United States v. Warnagiris*, Case No. 21-0382 (PLF) (D.D.C. Oct. 24, 2023). And, in *United States v.*

*Safavian*, 435 F. Supp. 2d 36 (D.D.C. 2006), Judge Friedman ruled that a co-conspirator's statements are a valid exception to the hearsay rule, citing Rule 801(d)(2)(E).

Furthermore, Mr. Bowman's out-of-court statements are admissible on independent grounds as impeachment evidence of the Government's witnesses, who will be presenting evidence of the teenagers' conduct and statements inside of the capitol in order for the Government to prove the element of intent. The statement of Mr. Bowman collected by the Government in their investigation directly contradicts the Government's argument of and characterization of intent.

**IV. Motions in Limine to Preclude Arguments of Entrapment by Estoppel, Public Authority Defense, First Amendment Defense, and Purported Inaction by Law Enforcement**

The defendants have not sought to make these arguments nor indicated these are defenses to their conduct.

However, if a time comes when the defense has a legal basis for making any of the Government's suggested defense claims (we thank opposing counsel for the suggestion bank), and the law supports the defense to the point of the defense raising any such argument, the parties can *then* argue the issue at that point in time. As of now, these arguments have not been raised by the defense, and the motion is therefore premature.

Resolving any such issues requires a discussion of the application of the law to the facts. Such a resolution is nowhere near ripe to be determined in limine when none of these issues have yet been raised by the defense.

A court cannot summarily preclude a defendant from defending himself based on the Government's hopes of a fast-lane-check-out version of a trial. Procedural fairness requires that a criminal defendant be afforded "a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984). The DOJ request for summary preclusion of certain defenses at trial violates the defendant's Due Process right to present a complete defense at trial. *See Holmes v. South Carolina*, 547 U.S. 319 (2006). If any of these defenses become relevant at some point, the defendant cannot be summarily precluded from arguing the applicability of such a defense without the preclusion serving as a violation of his right to due process.

The requests should be denied as premature, violative of due process, and overly broad.

## V. Motions in Limine to Preclude Arguments of Selective Prosecution, Discovery, or Collateral Consequences of Conviction Before a Jury

The defense does not seek to make such arguments at trial before a jury.

## VI. Motion in Limine to Preclude Cross-Examination on Issues of Knowledge of Illegality of Conduct or Intent to Commit a Crime

The defendants are charged with offenses requiring proof of mens rea. None of the offenses are strict-liability in nature. The mens rea elements for this trial are *knowingly*, *willfully*, *corruptly,* and *with the intent to impede and disrupt*. The Government must prove each statutory element beyond a reasonable doubt. They are essential elements of the charged offenses. The Defendants, accordingly, are permitted to cross-examine witnesses and present a complete

defense on the issue of mens rea. The Government's request seeks to preclude proper cross-examination and evidence presentation in violation of both the Fifth and Sixth Amendments. *See California v. Trombetta*, 467 U.S. 479, 485 (1984); *Holmes v. South Carolina*, 547 U.S. 319 (2006); *United States v. Foster*, 986 F.2d 541, 543 (D.C. Cir. 1993) ("The more important the witness to the government's case, the more important the defendant's right . . . to cross-examine the witness."). Disallowing the defendant to probe the mens rea elements at trial is a violation of the Confrontation Clause as well as the Due Process Clause, and the Defendant's right to present a complete defense.

The Government's motion should be denied.

## VII. Motion in Limine to Preclude Character Evidence and Evidence of Conduct or Culpability Relative to Other Rioters

Pursuant to Rule 404(a) and Rule 405 of the Federal Rules of Evidence, a criminal defendant "may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." FED. R. EVID. 404(a)(2)(A). Such character evidence may be proved "by testimony about the person's reputation or by testimony in the form of an opinion," FED. R. EVID. 405(a), or, where a person's "character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." FED. R. EVID. 405(b).

The DOJ's request to summarily deny the defendants an opportunity to present character evidence within the confines of the Rules of Evidence would result in a Due Process violation. *See California v. Trombetta*, 467 U.S. 479, 485 (1984); *Holmes v. South Carolina*, 547 U.S. 319

(2006). See also *United States v. Baez*, Case No. 21-0507 (PLF) (D.D.C. Sept. 29, 2023); *United States v. Warnagiris*, Criminal No. 21-0382 (PLF) (D.D.C. Oct. 23, 2023).

The government also seeks to preclude the defendants from introducing evidence of their own allegedly "helpful acts" or their culpability relative to others on January 6. Judge Friedman addressed this issue in *United States v. Baez*, Case No. 21-0507 (PLF) (D.D.C. Sept. 29, 2023).

> The Court disagrees with the government's assertion, however, that "[a]ny alleged specific good acts by the defendant are not connected to the issues of this case." Gov't Mot. at 18. How Ms. Baez chose to comport herself on January 6, 2021 is squarely at issue in this case; she is charged in Count One with "corruptly" obstructing or impeding an official proceeding, and in Count Three and Count Four with "engag[ing] in disorderly or disruptive conduct." See Indictment at 1-2. Ms. Baez's conduct on January 6, 2021 — including her "allegedly helpful acts," Gov't Mot. at 17 — is directly relevant to several elements that the government must prove beyond a reasonable doubt. The Court will not prohibit Ms. Baez from introducing relevant evidence about her specific actions on or near the Capitol grounds on January 6, 2021 solely because those actions may be characterized as "good" or "helpful."

*Id; see also United States v. Warnagiris*, Criminal No. 21-0382 (PLF) (D.D.C. Oct. 23, 2023).

The defense requests this Court to adopt the reasoning put forward by Judge Friedman. As for the issue of discussion of charges and dispositions in other January 6 cases— the Government opens the door to discussion of charges and dispositions in other January 6 cases by introducing the January 6 montage video that depicts defendants performing acts unrelated to the trial of these defendants. The Court cannot deny an opportunity to the defendants to cross-examine the Government witnesses on the results of the cases of the defendants who they parade before this court at trial who are not on trial in this case. The Government essentially seeks to present a 15-minute montage of various criminal acts performed on January 6 and then seeks to

prevent the defense from asking questions about it. The Government cannot have its cake and eat it too. Once the Government opens the door, the defense is allowed to walk through it.

Moreover, the Government asserts that since the boys are charged with aiding and abetting, the government can introduce evidence of the conduct of others. *See* ECF No. 64 at *2 ("Moreover, Count One includes the alternative theory of aiding and abetting, pursuant to 18 U.S.C. § 2, which necessarily underscores the relevance of the conduct of others."). Accordingly, the Defense cannot be precluded from cross-examination of the conduct of others as this is an essential element of the offense the Government is pursuing against the defendants.

The Government's motion precluding character evidence and precluding the probing of evidence of the conduct of others should be denied.

**VIII. Motion *in Limine* to Preclude Introduction of Evidence of Demonstration Permits**

The Response to this will be filed separately by counsel for Mr. Bowman. Mr. Carnell, therefore, moves to join, adopt, conform, and have the benefit of co-defendant Bowman's Response in every respect.

**IX. Motion in Limine to Preclude Introduction of the USCP's Operations Plan**

The Response to this will be filed separately by counsel for Mr. Bowman. Mr. Carnell, therefore, moves to join, adopt, conform, and have the benefit of co-defendant Bowman's Response in every respect.

Respectfully submitted,

By Counsel:

_____/s/_____
MARINA MEDVIN, ESQ.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on December 28, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.