UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Case No. 23-139 |
| v. | Chief Judge Beryl A. Howell |
| CHRISTOPHER CARNELL (1) and DAVID WORTH BOWMAN (2), | |
| Defendants. | |

**MEMORANDUM AND ORDER**

Defendants Christopher Carnell and David Worth Bowman face trial on February 12, 2024, on a six-count indictment stemming from their alleged conduct at the U.S. Capitol on January 6, 2021, including the charge, in Count One, of "corruptly obstruct[ing], influenc[ing], and imped[ing] an official proceeding, that is . . . Congress's certification of the Electoral College vote," in violation of 18 U.S.C. §§ 1512(c)(2) and 2.  Indictment at 1–2, ECF No. 22.[1]  They now move to continue their trial pending the Supreme Court's resolution of *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023), in hope that the Supreme Court will "clarify the breadth of [18 U.S.C.] § 1512(c)(2)." Defs.' Mot. to Stay or Continue ("Defs.' Mot.") at 1, ECF No. 46; *see* Minute Order (Dec. 28, 2023) (granting defendant Bowman's motion "to join co-defendant['s] . . . Motion to Stay or Continue").  In opposition, the government persuasively argues that the factors relevant to issuing the requested stay "weigh against" granting defendants' request.  Gov't's Opp'n Mot. to Stay or Continue ("Gov't's Opp'n") at 3–6, ECF No. 61.  Consequently, as explained in further detail below, defendants' motion to stay or continue their trial is DENIED.

---

[1]  Defendants are also charged with five misdemeanors: in Count Two, with Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); in Count Three, with Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); in Count Four, with Entering and Remaining on the Floor of Congress, in violation of 40 U.S.C. § 5104(e)(2)(A); in Count Five, with Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. §5104(e)(2)(D); and, in Count Six, with Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

1

## I. DISCUSSION

Defendants cite to no rule of criminal or appellate procedure in support of their motion for a stay of the trial in this case pending an appeal in a different case, and no rule expressly provides such authority.  *Cf., e.g.*, FED. R. APP. P. 8(c) ("Rule 38 of the Federal Rules of Criminal Procedure governs a stay in a criminal case."); FED. R. CRIM. P. 38(d), (e)(1) (authorizing, "*[i]f the defendant appeals*," a stay of probation or order of restitution) (emphasis supplied).  Nonetheless, a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34, (2009) (citations omitted).  Four factors guide consideration of whether to grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  "When the defendant is the government, factors (3) and (4) merge." *Zukerman v. U.S. Postal Serv.*, 64 F.4th 1354, 1364 (D.C. Cir. 2023) (citing *Nken*, 556 U.S. at 435).

While the exercise of judicial discretion to grant a stay upon consideration of these four traditional factors is usually applied in non-criminal cases, absent otherwise applicable procedural rules, the same factors may be employed in a criminal case. *See, e.g.*, *United States v. Putman*, No. 19-1686, 2019 U.S. App. LEXIS 18867, at *1–4 (6th Cir. June 24, 2019) (applying *Nken* factors to deny defendant's motion to stay criminal trial pending outcome of his appeal of denial of his "motion for specific performance of his purported . . . agreement with the U.S. Attorney's Office"); *United States v. Lostutter*, No. 18-5321, 2018 U.S. App. LEXIS 28635, at *1–4 (6th Cir. Oct. 10, 2018) (applying *Nken* analysis to consideration of defendant's motion to stay probation-revocation hearing and related

proceedings); *United States v. Gonzalez-Valencia*, No. 16-cr-65-1 (BAH), 2022 WL 3978185, at *3–7 (D.D.C. Sept. 1, 2022) (applying *Nken* factors to deny defendant's motion for stay of criminal trial pending appeal of defendant's challenge to his extradition); *United States v. Sudbury*, No. 10-cr-384(06) (LEK), 2022 WL 3139931, at *3 (D. Haw. Aug. 5, 2022) ("[I]n criminal cases, district courts considering requests to stay a case pending the resolution of an interlocutory appeal have applied the *Nken* analysis." (collecting cases)).

Defendants face a significant challenge in seeking a stay of this criminal case, which stems from alleged offense conduct that occurred three years ago, with defendants charged more than eight months ago, *see* Indictment, a trial date set nearly five months ago, *see* Minute Entry (Aug. 11, 2023), and the trial scheduled to begin in less than six weeks, on February 12, 2024.  The federal obstruction statute, 18 U.S.C. § 1512(c)(2), now pending review before the Supreme Court, has been subject to appellate review before the D.C. Circuit since June 27, 2022, *see* Notice of Appeal, *United States v. Fischer*, No. 22-3038 (D.C. Cir. June 27, 2022), through October 20, 2023, *see United States v. Robertson*, 86 F.4th 355 (D.C. Cir. 2023).  That is nearly 16 months.  As the Supreme Court has noted, "It takes time to decide a case on appeal.  Sometimes a little; sometimes a lot," *Nken*, 556 U.S. at 421, and appellate review of the federal obstruction statute has already taken "a lot" of time.  During that nearly 16-month period, not one of the 98 cases resulting in a conviction under 18 U.S.C. § 1512(c)(2) and resolved as of December 18, 2023, has been brought to this Court's attention as having been stayed pending the D.C. Circuit's consideration of the statute.  *See* U.S. Dep't of Just., *Sentences Imposed in Cases Arising Out of the Events of January 6, 2021* (Dec. 18, 2023), https://www.justice.gov/d9/2023-12/12.18_Table%20of%20probation%20HD%20incarceration%20sentences.pdf.  If those cases had been stalled awaiting action by the D.C. Circuit, a backlog of criminal cases would have been automatically created upon the issuance of rulings in *Fischer* and *Robertson*, upholding application of this federal obstruction statute to offense conduct at the U.S. Capitol on January 6, 2021, with obvious

3

potential concomitant adverse effects on the congestion of all criminal cases on the dockets of every Judge on this Court. Having avoided such a backlog during the D.C. Circuit's consideration of Section 1512(c)(2), defendants' motion, if granted, may now create one.

Notwithstanding the procedural posture and imminent trial date in this case, defendants contend briefly, in a two-page motion, that their "pretrial interests and jury instructions are directly implicated by the pending Supreme Court decision" in *United States v. Fischer*, and that a stay would consequently be "[i]n the interests of judicial economy," "justice, the public, and the defendant[s]." Defs.' Mot. at 1–2. Contrary to defendants' view, and as the government correctly argues, "the relevant [stay] factors weigh against [defendants'] request." Gov't's Opp'n at 3.

As to the first factor, defendants fail to demonstrate that they are likely to succeed on the merits of any challenge to the government's interpretation of Section 1512(c)(2). The D.C. Circuit has now *twice* had the opportunity to consider application of the federal obstruction statute to the offense conduct charged in this case, and both times upheld such application. *Robertson*, 86 F.4th at 375 (reaffirming *Fischer*'s "holding that 'otherwise . . . obstruct[ing], influenc[ing] or imped[ing]' an official proceeding under § 1512(c)(2) covers 'all forms of corrupt obstruction of an official proceeding.'" (quoting *Fischer*, 64 F.4th at 336)). Moreover, not only the D.C. Circuit but also "every district court judge but one has agreed with the government's interpretation of that statute." Gov't's Opp'n at 3 (citing *Fischer*, 64 F.4th at 338); *see Fischer*, 64 F.4th at 338 ("[N]o fewer than fourteen district judges in this jurisdiction have adopted the broad reading of the statute urged by the government to uphold the prosecution of defendants who allegedly participated in the Capitol riot. . . . [T]he near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions." (collecting cases)). To be sure, the fact that the Supreme Court has granted certiorari to hear *Fischer* is notable, but given the fractured nature of three views expressed in that decision, the reason for further appellate review may be merely to clarify rather than to reject the majority holding. *See* Gov't's Opp'n at 4 ("[T]he grant of certiorari does not

necessarily indicate that the position advocated by [defendant] has any merit, only that it is an important question." (quoting *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991))).

Nor do defendants demonstrate, as to the second *Nken* factor, that they will be "irreparably injured absent a stay." *Nken*, 556 U.S. at 434. "A showing of irreparable harm sufficient to stay proceedings requires an injury 'both certain and great' that is 'actual and not theoretical.'" *Gonzalez-Valencia*, 2022 WL 3978185, at *6 (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). This showing is not met where defendants argue simply that "'[they] will be forced to go to trial' before [their] appeal . . . is heard." *Id.* (citation omitted). As the government correctly explains, "even if the Supreme Court were to decide *Fischer* adversely to the government," this would not "necessarily invalidate any application of Section 1512(c)(2) to the defendant[s]," and "even if it did, the appropriate venue for challenging such a conviction would be a post-conviction appeal." Gov't's Opp'n at 5. As this Court has explained in denying a stay of a scheduled criminal trial and related proceedings to allow a defendant to challenge his extradition on drug charges, "[i]rreparable harm is far from 'certain' or 'actual' in defendant's case" where he can raise issues on appeal. *Gonzalez-Valencia*, 2022 WL 3978185, at *6 (citing *United States v. Sensi*, 879 F.2d 888, 892 (D.C. Cir. 1989)); *see also Putman*, 2019 U.S. App. LEXIS 18867, at *3–4 (rejecting criminal defendant's "claims that he will be irreparably harmed in the absence of a stay because of the expense and risk of a criminal trial," reasoning "[t]his harm [] is not irreparable because his issues are capable of review after final judgment," and noting that "[t]here are many types of judicial decisions, such as those denying motions to suppress, that affect the rights of criminal defendants yet must await completion of trial-court proceedings for review" (internal quotations and citations omitted)).

In any event, any potential appellate ruling adverse to the government with respect to Section 1512(c)(2) would have no bearing on the five other misdemeanor charges alleged in the indictment and on which defendants "would still need to be tried." Gov't's Opp'n at 6.

5

Conversely, a stay of proceedings would undermine the public interests in "the timely adjudication of a case of great significance" and give defendants "an unfair advantage not granted" to others "convicted of violating Section [1512(c)(2)]" based simply on "the timing of their trial relative to the Supreme Court's grant of certiorari." *Id.* at 4; *accord Khadr v. United States*, 529 F.3d 1112, 1117 (D.C. Cir. 2008) ("[I]n criminal cases[,] 'encouragement of delay is fatal to the vindication of the criminal law.'" (quoting *United States v. MacDonald*, 435 U.S. 850, 854 (1978)).  Although defendants suggest that a stay would be for only "a few months," Defs.' Mot. at 1, given that certiorari was granted in December 2023, *see Fischer*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023), a decision may not issue before the end of June 2024, *i.e.,* "nearly three-and-a-half years after the offenses for which the defendant[s] ha[ve] been charged," Gov't's Opp'n at 4, and nearly one-and-a-half years after defendants were charged in this case, *see* Criminal Complaint, ECF No. 1 (Feb. 28, 2023).  This Court concurs with the sound reasoning of other Judges on this Court in rejecting motions to stay scheduled trials, sentencings, and related proceedings, pending the Supreme Court's resolution of *Fischer,* and concludes that "interests of justice and judicial efficiency do not counsel in favor of continuing these proceedings indefinitely."  *United States v. Warnagiris*, No. 21-cr-00382 (PLF), 2023 WL 6926491, at *2 (D.D.C. Oct. 19, 2023) (denying request to hold case in abeyance pending resolution of *Fischer*); *see* Minute Entry, *United States v. Nichols*, No. 21-cr-117 (RCL) (D.D.C. Dec. 21, 2023) (denying motion to continue trial pending resolution of *Fischer*); Motion Hearing Tr. at 43:16–19, *United States v. Dunfee*, No. 23-cr-36 (RBW), ECF No. 60 (D.D.C. Dec. 14, 2023) (denying motion to delay trial pending resolution of *Fischer* where "we are approaching almost three years since these events took place[,] [a]nd . . . there is an interest on the part of the people and the government to have these matters resolved as expeditiously as possible"); *see also* Minute Order, *United States v. Crowl*, No. 21-cr-28 (APM) (D.D.C. Dec. 20, 2023) (denying motion to stay sentencing pending *Fischer*); Minute Order, *United States v. Carpenter*, No. 21-cr-305 (JEB) (D.D.C. Dec. 15, 2023) (same).

In sum, the unlikely chance of defendants' success on the merits, coupled with the lack of irreparable harm to defendants, compounded by the significantly strong interests of the government and the public in bringing criminal matters involving the events at the U.S. Capitol on January 6, 2021, to closure promptly and the interests of this Court to control its criminal docket in a manner that avoids delays in criminal trials due to backlogs of stayed matters, all weigh heavily against a stay.

## II.   CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that defendants' Motion to Stay or Continue, ECF No. 46, is **DENIED**.

**SO ORDERED.**

Date: January 4, 2024

_____
**BERYL A. HOWELL**
United States District Judge