**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER CARNELL (1) and DAVID WORTH BOWMAN (2),<br><br>Defendants. | Criminal Case No. 23-139<br><br>Chief Judge Beryl A. Howell |

## <u>MEMORANDUM AND ORDER</u>

Defendants Christopher Carnell and David Worth Bowman face a stipulated trial on February 12, 2024, on a six-count indictment stemming from their alleged conduct at the U.S. Capitol on January 6, 2021, including the felony charge, in Count One, of "corruptly obstruct[ing], influenc[ing], and imped[ing] an official proceeding, that is . . . Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15–18," in violation of 18 U.S.C. §§ 1512(c)(2) and 2.   Indictment at 1, ECF No. 22.[1]  They now seek dismissal of Count One on grounds that this charge lacks specificity and fails to state an offense, under Federal Rules of Criminal Procedure 12(b)(3)(B)(iii) and (b)(3)(B)(v), and is violative of the Fifth Amendment's Due Process clause under the U.S. Constitution.  Defs.' Mot. to Dismiss Count One ("Defs.' Mot. to Dismiss"), ECF No. 34; Def. Bowman's Unopposed Mot. to Join Co-Def.'s Mot., ECF No. 38; Minute Order (Oct. 20, 2023)

---

[1]       On January 5, 2024, the parties moved to convert the jury trial to a Stipulated Trial, *see* Joint Motion to Convert to Stipulated Trial and to Vacate All Remaining Pre-Trial Deadlines, ECF No. 76, which motion was granted on January 7, 2024, *see* Minute Order (Jan. 7, 2024).  While defendants have agreed to relinquish their trial rights, they have preserved "each defendant's right to appeal any denial of [defendant] Carnell's Motion to Dismiss Count One," Defs.' Agreement and Waiver of Jury Trial Rights at 2–3, ECF No. 76-3, and "any arguments set forth in . . . [defendant] Carnell's [] Motion *in Limine* for Count One," Statement of Facts and Elements for Stipulated Trial As to Christopher Carnell ("Carnell SOF") at 14, ECF No. 76-1; Statement of Facts and Elements for Stipulated Trial As to David Worth Bowman ("Bowman SOF") at 17,  ECF No. 76-2.  Bowman has joined both motions.  *See* Minute Orders (Oct. 20 and Dec. 28, 2023).

(granting defendant Bowman's unopposed motion to join co-defendant's motions and "permitting defendant to join co-defendant['s] [] Motion to Dismiss Count One").[2]  Defendants echo the same arguments deployed in support of their motion to dismiss Count One in another request styled as a motion *in limine*—which rather than seek guidance on what evidence is admissible at trial proposes jury instructions normally addressed at a charging conference—"to define terms subject to dispute between the parties and to establish the elements of 18 U.S.C. § 1512(c)(2) for Count One." Defs.' Mot. *in Limine* for Count One ("Defs.' MIL"), ECF No. 43; Minute Order (Dec. 28, 2023) ("permitting defendant [Bowman] to join co-defendant['s] [] Motion *In Limine* for Count One").

For the sound reasons articulated by the D.C. Circuit in both *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023), and *United States v. Robertson*, 86 F.4th 355 (D.C. Cir. 2023), as well as by other Judges on this Court in rejecting similar motions by other defendants charged in connection with offense conduct at the U.S. Capitol on January 6, 2021, defendants' motions are denied.[3]

---

[2]    Defendants are also charged with five misdemeanors: in Count Two, with Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); in Count Three, with Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of  18 U.S.C. § 1752(a)(2); in Count Four, with Entering and Remaining on the Floor of Congress, in violation of 40 U.S.C. § 5104(e)(2)(A); in Count Five, with Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and, in Count Six, with Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

Defendants have moved to dismiss Counts Two and Three, *see* Defs.' Mot. to Dismiss Counts Two and Three, ECF No. 53; Minute Order (Dec. 28, 2023) (permitting defendant Carnell to "join co-defendant['s] [] Motion to Dismiss Counts Two and Three"), and moved *in limine* "for this court to define terms subject to dispute between the parties and to establish the elements of 18 U.S.C. § 1752 for Counts Two and Three," Defs.' Mot. *in Limine* for Counts Two and Three, ECF No. 42; Minute Order (Dec. 28, 2023) (permitting defendant Bowman to "join co-defendant['s] Motion *in limine* for Counts Two and Three").  These motions will be resolved separately.

[3]    Defendants' motion to "stay or continue the proceedings in this case for a few months until the Supreme Court resolves [] *Fischer*," Def. Carnell's Mot. to Stay or Continue, ECF No. 46; Minute Order (Dec. 28, 2023) ("permitting defendant to join co-defendant [] Carnell's . . . Motion to Stay or Continue Trial"), was denied, *see* Mem. and Order, ECF No. 75.

I.      BACKGROUND

In the weeks leading up to January 6, 2021, defendants planned to travel from North Carolina to Washington, D.C., to attend the "Stop the Steal Rally."   *See* Criminal Compl., Statement of Facts ("SOF") at 2–3, ECF No. 1-1.  As proffered by the government and as stipulated by the parties, on December 21, 2020, Carnell forwarded a text message to three other individuals, including Bowman and another individual, Aiden Henry Bilyard, *id.* at 2–3, who was subsequently sentenced to a period of incarceration for his unlawful conduct at the U.S. Capitol, *see* Judgment, *United States v. Bilyard*, No. 22-cr-34, ECF No. 54 (D.D.C. Mar. 23, 2023), which message "advertised an event planned for January 6, 2021," with the explicit purpose "to flood Washington D.C. with Patriots who will loudly tell Congress #DoNotCertify on #Jan6!"  Criminal Compl., SOF at 2–3; Statement of Facts and Elements for Stipulated Trial As to Christopher Carnell at 5–6 ("Carnell SOF"), ECF No. 76-1; Statement of Facts and Elements for Stipulated Trial As to David Worth Bowman at 5 ("Bowman SOF"), ECF No. 76-2.  Shortly before the advertised event on January 6, 2021, Carnell followed-up with the same group, texting, on January 3, 2021, "January 6 DC trip you guys coming?  Me and David are down[.]"  Carnell SOF at 6; Bowman SOF at 6.

Photo and video evidence confirms that defendants executed this plan on January 6, 2021, and, after attending the rally, they "enter[ed] the restricted area on Capitol Grounds," "climbed through scaffolding on the northwest side of the Capitol," "walked across the Northwest Courtyard toward the Senate Wing Door," while "a group of uniformed officers were visibly protecting another entry point into the Capitol Building," and "entered the Capitol with no lawful authority through the Senate Wing Door," as "the Building's alarm system was audibly blaring" and minutes after "other rioters had smashed in the windows flanking the Senate Wing Doors, rendering the

windows visibly shattered." Carnell SOF at 7–9; Bowman SOF at 7–9. Defendants "proceeded to the Crypt area of the Capitol" and "joined the crowd as it overwhelmed the [U.S. Capitol Police] officers who were attempting to prevent the rioters from entering further into the Capitol." Bowman SOF at 9; Carnell SOF at 9.

Defendants then "traveled into and through the Capitol Rotunda and joined a crowd as it amassed near the Rotunda Door," Carnell SOF at 10; Bowman SOF at 9, where Carnell "join[ed] the crowd as they chanted, 'treason,'" Criminal Compl., SOF at 7; *see also* Carnell SOF at 10; Bowman SOF at 9. At 2:41 p.m., defendants "ascended the Rotunda Lobby East Stairs" and "observed other rioters physically attacking a female journalist." Carnell SOF at 11; Bowman SOF at 10. At 2:49 p.m., defendants "unlawfully enter[ed] the Senate floor." Criminal Compl., SOF at 6. "When Bowman entered the chamber, he understood that Vice President Pence and the Senators needed to 'determine something that would've been very consequential for Trump–that's why things were so heated' that day," though he "believed the certification to be occurring in the House chamber." Bowman SOF at 11.

While on the Senate floor, defendants "observed rioters rifling through papers on Senators' desks," Bowman SOF at 12; *see also* Carnell SOF at 13, and Carnell "discussed documents . . . associated with Senator Ted Cruz" with "a man in a green combat helmet," who stated, in reference to Senator Cruz, "[h]e was gonna sell us out all along—look! 'Objection to counting the electoral votes of the state of Arizona,'" to which Carnell responded, "Wait, no. That's a good thing. He's on our side. He's with us. He's with us," Carnell SOF at 13; Bowman SOF at 13. Bowman "[sat] at a Senator's desk on the floor of the United States Senate," Criminal Compl., SOF at 10, "took a paper drink coaster, bearing the seal of the United States Senate, from a desk on the Senate floor," Bowman SOF at 13, and photographed "a signed letter from Senator Mitt Romney to then-Vice

President Pence," Criminal Compl., SOF at 3, circulating the photograph of this letter by text message to the same group of individuals, *id.* at 2–4.

"At or around 2:55 p.m., [defendants] left the Senate chamber," and at 2:56 p.m, after being "directed to exit the Capitol by uniformed law enforcement officers," they "left the Capitol through the Senate Carriage Door." Bowman SOF at 13; Carnell SOF at 13. At 4:19 p.m., Carnell "texted the [same individuals], 'We're safe heading home,'" Criminal Compl., SOF at 3, and Bowman responded by sending "a photoshopped image of himself shaking hands with far-right social media figure Nick Fuentes in front of what appears to be . . . the Capitol engulfed in flames." Bowman SOF at 14.

Following their arrest in March 2023, *see* Arrest Warrant Return As to Christopher Carnell (Mar. 2, 2023), ECF No. 5; Arrest Warrant Return As to David Worth Bowman (Mar. 6, 2023), ECF No. 6, defendants were indicted, in April 2023, and charged with one felony offense, in Count One, and five misdemeanor offenses, Indictment at 1–3; *see supra* note 2.

The government opposes defendants' motion to dismiss Count One, *see* Gov't's Resp. to Defs.' Mot. to Dismiss Count One of Indictment ("Gov't's Opp'n Mot. to Dismiss"), ECF No. 35, and defendants' motion *in limine* for Count One, *see* Gov't's Resp. to Defs.' Mot. *in Limine* ("Gov't's Opp'n MIL"), ECF No. 68, to which oppositions defendants filed no reply, timely or otherwise.

## II.   LEGAL STANDARD

A criminal defendant "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). That includes "a defect in the indictment" requiring dismissal, such as "failure to state an offense" and "lack of specificity," FED. R. CRIM. P. 12(b)(3)(B)(iii), (v), provided "the basis for the motion is []

reasonably available and the motion can be determined without a trial on the merits," FED. R. CRIM. P. 12(b)(3).   Since the authority to dismiss an indictment "'directly encroaches upon the fundamental role of the grand jury,' dismissal is granted only in unusual circumstances." *Fischer*, 64 F.4th at 334–35 (quoting *United States v. Ballestas*, 795 F.3d 138, 148 (D.C. Cir. 2015)).

In ruling on a pretrial motion to dismiss, the trial court must presume the truth of the facts alleged in the charging instrument, *see United States v. Park*, 938 F.3d 354, 358 (D.C. Cir. 2019) (citations omitted), and may accept any "undisputed facts" proffered by the government, *United States v. Yakou*, 428 F.3d 241, 247 (D.C. Cir. 2005) (explaining that "undisputed facts obviate[] the need for [a] district court to make factual determinations properly reserved for a jury" (citations omitted)).

## III.   DISCUSSION

Defendants' challenge to Count One of the Indictment charging that defendants "corruptly obstruct[ed], influenc[ed], and impede[d] an official proceeding," in violation of 18 U.S.C. §§ 1512(c)(2) and 2, Indictment at 1, rests on an erroneously narrow interpretation of the D.C. Circuit's decision in *Fischer* and the current state of the law in this Circuit regarding this federal obstruction statute.   Reasoning that *Fischer*'s "fragmented opinion" presents "no clearly stated majority opinion . . . on a scenario in which a defendant is not accused of committing a violent crime or document tampering in furtherance of the alleged obstruction," Defs.' Mot. to Dismiss at 11, 19–20 (capitalization and emphasis omitted), defendants argue Count One fails to state a claim and lacks specificity because, post-*Fischer*, Section 1512(c)(2) only prohibits obstructive acts that "impair[] the integrity of any documents" or involve "an assault on law enforcement," *id.* at 25,

when neither document destruction nor assaultive conduct is alleged here. For the reasons explained in further detail below, defendants' arguments fail.[4]

At the outset, while both defendants and the government spill much ink on what *Fischer* means for application of Section 1512(c)(2) to offense conduct at the U.S. Capitol on January 6, 2021, whatever confusion may stem from the "three separate opinions in *Fischer*," *Robertson*, 86 F.4th at 375, was clarified by the D.C. Circuit's subsequent decision in *Robertson*. Yet, in the more than two months since the decision in *Robertson* issued, neither side has bothered to supplement their briefing to address this new and directly binding decision.

As reaffirmed in *Robertson*, *Fischer* held "that 'otherwise . . . obstruct[ing], influenc[ing] or imped[ing]' an official proceeding under § 1512(c)(2) covers 'all forms of corrupt obstruction of an official proceeding,'" and that the district court erred in "dismiss[ing] the § 1512(c)(2) charges in the defendants' indictments . . . [based] on the conclusion that § 1512(c)(2) 'requires that the defendant have taken some action with respect to a document, record, or other object.'" *Robertson*, 86 F.4th at 375 (quoting *Fischer*, 64 F.4th at 336, and *United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C.), *reconsideration denied*, 605 F. Supp. 3d 63 (D.D.C. 2022), *and rev'd and remanded sub nom. United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023)). Defendants' positions that the concurring and dissenting opinions in *Fischer* "of Judge Walker and Judge Katsas" control this case, Defs.' Mot. to Dismiss at 12, by application of the Supreme Court's rule in *Marks v. United States*, 430 U.S. 188 (1977), which "applies [] when there is no majority view of the law," *Fischer* 64 F.4th at 341 n.5 (citation omitted), ignores the *Fischer* majority's holding as to the "otherwise obstructs" clause

---

[4]     Defendants' assertion, in their motion *in limine* for Count One, that "the term *otherwise*, as is used in 18 U.S.C. § 1512(c)(2)," "require[es] an *actus reus* that limits the offense to one involving documents, records, objects, or the integrity or availability of evidence," Defs.' MIL at 1–2 (emphasis in original), fails for the same reasons.

of Section 1512(c)(2), and thus is simply wrong.  *See* Gov't's Opp'n Mot. to Dismiss at 4 (describing defendants' view of *Fischer* as without "basis in the law generally or in *Fischer* specifically").

Set against a correct reading of *Fischer*, as confirmed in *Robertson*, defendants' two-pronged attack on Count One may be easily dispatched.  They contend that the Indictment fails to state an offense, first, because Count One "fails to state under what fact pattern the defendant[s] [are] alleged to have violated 18 U.S.C. § 1512(c)(2) and fails to include all necessary elements of the offense," Defs.' Mot. to Dismiss at 3, and, second, because Count One "lacks the facts, as a matter of law, that could constitute a document-related crime under § 1512(c)(2)," *id*., or "an assault on law enforcement," *id*. at 25.  These challenges fail.

An indictment's primary purpose is "to inform the defendant of the nature of the accusation against him."  *Russell v. United States*, 369 U.S. 749, 767 (1962).  "To be sufficient under the Constitution, an indictment 'need only inform the defendant of the precise offense of which he is accused so that he may prepare his defense and plead double jeopardy in any further prosecution for the same offense.'"  *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018) (quoting *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014), and citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007)).  "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain,'" *Verrusio*, 762 F.3d at 13 (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)), but rather whether the charge contains "a plain, concise, and definite written statement of the essential facts constituting the offense charged," FED. R. CRIM. P. 7(c)(1); *see also Ballestas*, 795 F.3d at 148–49.  "To meet those requirements, '[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth

all the elements necessary to constitute the offence intended to be punished.'" *Williamson*, 903 F.3d at 130 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).  Count One of the Indictment satisfies these constitutional and procedural requisites.

In assessing the sufficiency of the Indictment, "[w]e begin with the plain language of the indictment to ensure 'first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Addem*, 40 F.4th 666, 675 (D.C. Cir. 2022) (quoting *Resendiz-Ponce*, 549 U.S. at 108, and citing *United States v. Hitt*, 249 F.3d 1010, 1016 (D.C. Cir. 2001) (modifications in original)).  Count One charges that, on January 6, 2021, "within the District of Columbia and elsewhere," defendants "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is . . . Congress's certification of the Electoral College vote[.]"  Indictment at 1.  By "echo[ing] the operative statutory text while also specifying the time and place of the offense," *Williamson*, 903 F.3d 130, the Indictment satisfies Rule 7(c)(1) and the "two constitutional requirements for an indictment," *Resendiz-Ponce*, 549 U.S. at 108.  The Indictment "set[s] forth all the elements necessary to constitute the offence intended to be punished." *Williamson*, 903 F.3d at 130 (quoting *Hamling*, 418 U.S. at 117).  Specifically, Count One informs defendants of the date, place, and precise offense of which they are accused, "parroting the language of a federal criminal statute," which "is often sufficient," *Williamson*, 903 F.3d at 130 (quoting *Resendiz-Ponce*, 549 U.S. at 109), to meet constitutional requirements. *See Resendiz-Ponce*, 549 U.S. at 108 ("In this case, the [indictment's] use of the word 'attempt,' coupled with the specification of the time and place of respondent's attempted illegal reentry, satisfied both" "constitutional requirements for an indictment." (citing *Hamling*, 418 U.S. at 117)).

Nevertheless, defendants critique Count One for "contain[ing] no other allegations" beyond those alleged, such as providing "a general facts section" or "cross-referenc[ing] any other Counts." Defs.' Mot. to Dismiss at 2. Yet, "[a] conviction for obstruction of an official proceeding under Section 1512(c)(2) does not hinge 'upon a specific identification of fact,'" *United States v. Warnagiris*, No. 21-cr-382 (PLF), 2023 WL 6926491, at *6 (D.D.C. Oct. 19, 2023) (quoting *Russell*, 369 U.S. at 764, and citing *United States v. Sargent*, No. 21-cr-258 (TFH), 2022 WL 1124817, at *10 (D.D.C. Apr. 14, 2022)), nor is there any requirement that Count One "cross-reference any other Counts," Defs.' Mot. to Dismiss at 2, where Count One "set[s] forth all the elements necessary to constitute the offence,'" *Williamson*, 903 F.3d at 130 (quoting *Hamling*, 418 U.S. at 117); *see also United States v. Gray*, 652 F. Supp. 3d 112, 119 (D.D.C. 2023) (rejecting challenge that indictment contained "no factual allegations . . . that Defendant [] in any way obstructed an official proceeding," and was "insufficient to put [defendant] on notice of the exact crime he [was] being charged with," where "the indictment 'contain[ed] the elements of the offense charged' under section 1512(c)(2)" and "'fairly inform[ed]' defendant of the charge against which he must defend," such that "[n]othing further [was] required" (quoting *Hamling*, 418 U.S. at 117)); *United States v. Munchel*, No. 1:21-cr-118 (RCL), 2023 WL 2992689, at *3 (D.D.C. Apr. 18, 2023) (rejecting challenge to sufficiency of indictment charging violation of 18 U.S.C. § 1512(c)(2), where "[defendant] [was] ultimately requesting the kind of detailed indictment not required by law, and his alleged deficiencies are exactly the kind of 'how' details that the government is not required to fill an indictment with" (emphasis omitted) (quoting *Verrusio*, 762 F.3d at 13, and citing *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976))).

Moreover, as to the second prong of defendants' attack faulting Count One for not alleging any document destruction or assaultive conduct, *see* Defs.' Mot. to Dismiss at 25; Defs.' MIL at

1–2, inclusion of such language in the Indictment is simply not necessary.  Indeed, allegations of such conduct are not a prerequisite for application of Section 1512(c)(2).  *Fischer* rejected the argument that Section 1512(c)(2) "requires that the defendant ha[d] taken some action with respect to a document, record, or other object," "holding that 'otherwise . . . obstruct[ing], influenc[ing] or imped[ing]' an official proceeding under § 1512(c)(2) covers 'all forms of corrupt obstruction of an official proceeding.'"  *Robertson*, 86 F.4th at 375 (quoting *Fischer*, 64 F.4th at 336, and *Miller*, 589 F. Supp. 3d at 78).  Consistent with this holding, other Judges on this Court have reasonably found, post-*Fischer*, that indictments containing identical language to that used to charge violation of Section 1512(c)(2) in this case are sufficient.  *See, e.g., Warnagiris*, 2023 WL 6926491, at *6–7; *United States v. Bennett*, No. 21-cr-312 (JEB), 2023 WL 6460026, at *2–3 (D.D.C. Oct. 4, 2023); *United States v. Connell*, No. 21-cr-84 (PLF), 2023 WL 4314903, at *3–7 (D.D.C. July 3, 2023); *States v. Mock*, No. 21-cr-444 (JEB), 2023 WL 3844604, at *3–4 (D.D.C. June 6, 2023).

Likewise, insofar as defendants challenge Count One for not charging obstruction of Congress's certification of the Electoral College vote by means of another felony offense, such as assault under 18 U.S.C. § 111(a), *see* Defs.' Mot. to Dismiss at 25, that argument is foreclosed. The D.C. Circuit in *Robertson* emphasized that "[i]n holding that felonious means are *sufficient* to establish 'corrupt' behavior," the Court was "not suggest[ing] that they are always *necessary* to prove the 'corruptly' element," *Robertson*, 86 F.4th at 380 (emphasis in original), explaining, as defendants acknowledge, *see* Defs.' MIL at 3, that "there are multiple ways to prove that a defendant acted 'corruptly,'" *Robertson*, 86 F.4th at 368, and that "proof of independently unlawful means can *suffice* to establish 'corrupt' intent or action," *id.* at 373 n.8; *see also United States v. Sheppard*, No. 21-cr-203 (JDB), 2023 WL 7279263, at *3–4 (D.D.C. Nov. 3, 2023)

(denying argument "that the evidence presented at [] trial did not suffice to support [defendant's] conviction under § 1512(c)(2) because [defendant] did not obstruct Congress by 'independently felonious means,'" since *Robertson* "specifically rejected the argument that commission of a felony offense is required to show corrupt intent" and "suggest[ed] a broader construction of" the "corruptly" element (citing *Robertson*, 86 F.4th at 380)).

Thus, as the government correctly explains, "*Fischer*'s holding is not limited to cases involving assaultive conduct." Gov't's Opp'n Mot. to Dismiss at 7. While the *Fischer* defendants were charged under both Sections 1512(c)(2) and § 111(a)(1), *Fischer* held that Section 1512(c)(2) "covers '*all* forms of corrupt obstruction of an official proceeding,'" *Robertson*, 86 F.4th at 375 (quoting *Fischer*, 64 F.4th at 336 (emphasis supplied)), not just conduct that may also amount to a violation of Section 111(a)(1). In applying *Fischer* and *Robertson*, other Judges on this Court have reasonably declined to dismiss the count of an indictment charging obstruction of an official proceeding under Section 1512(c)(2), where that count is unaccompanied by a felony assault charge. *See, e.g., United States v. Spencer*, No. 21-cr-147-1 (CKK), 2023 WL 6795858, at *5 (D.D.C. Oct. 13, 2023); *Bennett*, 2023 WL 6460026, at *2–3. This Court agrees with this conclusion.[5]

---

[5] Defendants contend, in their motion *in limine* for Count One, that "the D.C. Circuit [in *Robertson*] was bound by Judge Walker's" "reading of *corruptly*" in *Fischer*, as "to act 'with an intent to procure an unlawful benefit either for [oneself] or for some other person,'" Defs.' MIL at 4–6 (emphasis in original) (quoting *Fischer*, 64 F.4th at 352 (Walker, J., concurring)). Yet, *Robertson* expressly rejected the argument, raised in dissent, "that Judge Walker's reasoning was the narrowest holding of *Fischer* and therefore [] binding," reaffirming that "there was no 'holding' about 'corruptly' in *Fischer*," and concluding, as already noted, that "there are a range of ways to prove a defendant's 'corrupt' intent or action." *Robertson*, 86 F.4th at 364, 377 (citation omitted). Defendants suggest that "[t]he decision in *Robertson* that disregards Judge Walker's opinion puts this [C]ourt in a conflict of choosing between two inconsistent yet binding authorities." Defs.' MIL at 5–6. Not so. Instead, defendants' proposed "definition for trial of" "corruptly" as "to act with the specific intent of procuring an unlawful financial, professional, or exculpatory advantage or benefit," *id.* at 6, is contrary to binding Circuit precedent and is rejected.

In their final challenge to Count One, defendants contend that "[d]ue to the plain ambiguity of the code section at issue, the Code fails to notify the Defendant[s] as to the extent and nature of the prohibited activity, and the severe punishment that follows it."  Defs.' Mot. to Dismiss at 10. A criminal statute is unconstitutionally vague if it "fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement."  *Fischer*, 64 F.4th at 342 (quoting *Johnson v. United States*, 576 U.S. 591, 595 (2015)).  This is a stringent standard. Unconstitutional vagueness arises only if the statute "specifie[s] 'no standard of conduct at all.'" *United States v. Bronstein*, 849 F.3d 1101, 1107 (D.C. Cir. 2017) (quoting *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971)).

Defendants' vagueness challenge to Section 1512(c)(2) appears to be premised on the same erroneous reading of *Fischer* animating their challenges to the Indictment.  *See* Defs.' Mot. to Dismiss at 22 ("In the case of reading and interpreting Section 1512(c), judges . . . have so far come to four distinct opinions on the meaning and applicability of this law." (emphasis omitted)). Contrary to defendants' reading of *Fischer*, both *Robertson* and *Fischer* concluded that "the language of § 1512(c)(2) is clear and unambiguous."  *Fischer*, 64 F.4th at 350; *see Robertson*, 86 F.4th at 371 n.7 (noting "the uphill battle a vagueness challenge" regarding the term "corruptly" "would face in light of [defendant's] use of wrongful . . . means with the intent to obstruct an official proceeding"); *see also Spencer*, 2023 WL 6795858, at *4 ("reject[ing] Defendant's argument that the term 'corruptly' is vague such that § 1512(c)(2) is rendered unconstitutional"); *Bennett*, 2023 WL 6460026, at *3 ("While there was no consensus [in *Fischer*] as to the exact definition of the term ["corruptly"], neither judge in the majority evinced any belief that § 1512(c)(2) was unconstitutionally vague."); *Connell*, 2023 WL 4314903, at *6 ("[T]he term

'corruptly' provides notice to [defendants] of what Section 1512(c)(2) prohibits and [] the statute is not unconstitutionally vague as applied to them."); *Mock*, 2023 WL 3844604, at *3–4 (similar).

Related to their vagueness challenge, defendants "urge[] this Court to apply lenity to the reading of § 1512(c)(2)," Defs.' Mot. to Dismiss at 25, an argument again foreclosed by *Fischer*, which rejected the same argument raised by defendants in that case, *Fischer*, 64 F.4th at 350 ("The rule [of lenity] [] applies only when a criminal statute contains a grievous ambiguity or uncertainty, and only if, after seizing everything from which aid can be derived, the Court can make no more than a guess as to what Congress intended." (internal quotation marks and citations omitted)).  As *Fischer* held, "the language of § 1512(c)(2) is clear and unambiguous," and "[r]estraint and lenity [] have no place in our analysis."  *Fischer*, 64 F.4th at 350; *see also Spencer*, 2023 WL 6795858, at *4 ("[B]ecause the language of Section 1512(c)(2) is clear and unambiguous, the rule of lenity is inapplicable here, which *Fischer* again made clear." (citing *Fischer*, 64 F.4th at 350)).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that defendants' Motion to Dismiss Count One of the Indictment, ECF No. 34, is **DENIED**, and it is further

**ORDERED** that defendants' Motion *in Limine* for Count One, ECF No. 43, is **DENIED**.

**SO ORDERED.**

Date: January 9, 2024

_____
**BERYL A. HOWELL**
United States District Judge