UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | : | |
| :--- | :--- | :--- |
|  | : | |
| v. | : | |
|  | : | Case No.: 23-CR-139 (BAH) |
| CHRISTOPHER CARNELL and | : | |
| DAVID WORTH BOWMAN, | : | |
| Defendants. | : | |

## GUIDELINES CALCULATION AND STATUTORY PENALTIES

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, files the following Guidelines Calculation and Statutory Penalties pursuant to the Court's January 7, 2024, Minute Entry Order.

As noted in the parties' Joint Motion to Convert Trial to Stipulated Trial, ECF No. 76, the parties have agreed to conduct a stipulated trial in lieu of a traditional trial by jury. The government's guidelines calculation refers to the Statements of Fact attached to that Joint Motion. ECF No. 76, Attachments 1-2.

### I. Guidelines Calculation

Count One: 18 U.S.C. § 1512(c)(2)

| Base offense level | 14 | U.S.S.G. § 2J1.2(a) |
| :--- | :--- | :--- |
| Specific Offense Characteristic | +3 | U.S.S.G. § 2J1.2(b)(2): "the offense resulted in substantial interference with the administration of justice." |
| | | For purposes of this enhancement, the "administration of justice" is synonymous with "official proceeding" as defined in 18 U.S.C. § 1515(a)(1), which in the Capitol riot cases refers to a "proceeding before the Congress," § 1515(a)(1)(B). |
| | | The official proceeding of Congress's Joint Session, which was required by the Constitution and federal statute, had to be halted while legislators were physically evacuated for their own safety. |

|  |  | This adjustment is appropriate here because the defendants were part of a small group of rioters who breached the building all the way to the Senate Floor. Their physical presence on the Senate Floor, especially when combined with the size and threatening nature of the mob, substantially interfered with Congress's Certification of the 2020 Presidential Election. The defendants were inside the Capitol for thirty-three minutes. They traversed the building, occupied the Senate Floor, and contributed to a breach of the East Rotunda Door—allowing more rioters to enter. This amounts to substantial interference. |
|---|---|---|
| Total | 17 |  |

Count Two: 18 U.S.C. § 1752(a)(1)

| Base Offense Level | 4 | U.S.S.G. § 2B2.3(a) |
|---|---|---|
| Special offense characteristic | +2 | U.S.S.G. § 2B2.3(b)(1)(A)(vii): the trespass occurred "at any restricted building or grounds."<br><br>On January 6, 2021, the U.S. Capitol was restricted because protectees of the United States Secret Service were visiting. *See* 18 U.S.C. § 1752(c)(1)(B). |
| Cross Reference | See below | U.S.S.G. § 2B2.3(c)(1): "If the offense was committed with the intent to commit a felony offense, apply § 2X1.1 in respect to that felony offense, if the resulting offense level is greater than that determined above."<br><br>The defendants entered the restricted area with the intent to obstruct Congress's Certification of the Presidential Election—a felony offense under 18 U.S.C. § 1512(c)(2). |
| Base Offense Level | 17 (from Count One) | U.S.S.G. § 2X1.1(a): "The base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty."<br><br>Accordingly, the guideline for the substantive offense, Count One, should be applied. The base offense level in U.S.S.G. § 2J1.2(a) is 14. |
| Total | 17 |  |

Count Three: 18 U.S.C. § 1752(a)(2)

| Base offense level | 10 | U.S.S.G. § 2A2.4(a) |
|---|---|---|
| Total | 10 | |

Counts Four, Five, and Six: 40 U.S.C. § 5104(e)(2)(A), 40 U.S.C. § 5104(e)(2)(D), and 40 U.S.C. § 5104(e)(2)(G).

Because these offenses are Class B misdemeanors, the Guidelines do not apply to them. *See* 18 U.S.C. § 3559; U.S.S.G. §1B1.9.

Grouping Analysis

Under U.S.S.G. §3D1.2, "closely related counts" group if they "involve the same victim and two or more acts or transactions connected by a common criminal objective," among other criteria for grouping. U.S.S.G. § 3D1.2(b). In general, "[a]mbiguities should be resolved in accordance with the purpose of [§ 3D1.2] as stated in the lead paragraph, i.e., to identify and group 'counts involving substantially the same harm.'" *Id*. n.2. Under U.S.S.G. §3D1.3(a), we then determine the offense level for a group of closely related counts, using the highest offense level of the counts in each group.

The relevant counts of conviction are Counts 1 through 3. All of these counts involve Congress as the victim. These counts would therefore constitute one group.

The highest offense level for each defendant is 17 (Counts One and Two), which also constitutes the combined offense level for the group.

Final Offense Level – Acceptance of Responsibility

After receiving -3 for acceptance of responsibility, the defendants' final offense level is 14.

**II.     Statutory Penalties**

Carnell and Bowman each face six counts, with the following maximum penalties:

- obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count One) (up to 20 years of imprisonment, a term of supervised release of not more than three years, a fine up to $250,000, and a mandatory special assessment of $100);

- entering or remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Two) (up to one year of imprisonment, a term of supervised release of not more than one year, a fine up to $100,000, and a mandatory special assessment of $25);

- disorderly or disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Three) (same penalties as Count Two);

- entering or remaining on the Floor of Congress, in violation of 40 U.S.C. § 5104(e)(2)(A) (Count Four) (up to six months of imprisonment, a fine up to $5,000, and a mandatory special assessment of $10);

- disorderly conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Four) (same penalties as Count Four and Five); and

- parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § § 5104(e)(2)(G) (Count Six) (same penalties as Count Four and Five).

Respectfully submitted,

MATTHEW GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

<u>/s/ Samantha R. Miller</u>
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20001
Samantha.Miller@usdoj.gov

TIGHE BEACH
Assistant United States Attorney
Colorado Bar No. 55328
United States Attorney's Office
For the District of Columbia
601 D Street NW 20001
(240) 278-4348
Tighe.Beach@usdoj.gov