UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER CARNELL, ET. AL. ) <br> ) <br> DEFENDANTS. ) <br> ) | CRIMINAL CASE NO: 1:23-CR-00139 <br><br> TRIAL: FEBRUARY 12, 2024 |

### CHRISTOPHER CARNELL'S GUIDELINES CALCULATIONS

Christopher Carnell submits to the court his applicable sentencing ranges and guidelines, pursuant to the U.S. Code and the United States Sentencing Guidelines:

1. **Count One, under 18 U.S.C. §§ 1512(c)(2)**

    i. This is a Class C felony offense. *See* 18 U.S.C. § 1512(c)(2); 18 U.S.C. § 3559(a)(3).

    ii. U.S.S.G. § 2J1.2 applies to this obstruction of justice offense. The base offense level is 14. *See* U.S.S.G. § 2J1.2(a).

    iii. A 3-level increase under U.S.S.G. § 2J1.2(b)(2) for "substantial interference with the administration of justice" is ***not applicable*** because the electoral certification on January 6, 2021 did not involve the "administration of justice," which naturally refers only to a judicial or related proceeding that determines rights or obligations while the electoral certification does not share the characteristics of administration of justice and instead is a largely a ceremonial proceeding where Members and staff open, read, list, and announce

  the electoral votes. *United States v. Seefried,* 639 F. Supp.3d 8 (D.D.C. 2022) (local citation is *United States v. Seefried*, 21-cr-287 (TNM) (D.D.C. Oct. 29, 2022)).

 iv. Mr. Carnell is facing no mandatory minimums for this offense.

 v. This Class C felony offense carries a maximum penalty of 20 years of imprisonment and a maximum fine of $250,000, in addition to a $100 special assessment. *See* 18 U.S.C. § 1512(c)(2); 18 U.S.C. § 3571(b)(3); 18 USC § 3013(a)(2)(A).

 vi. For a Class C felony, the maximum permitted term of supervised release after imprisonment is 3 years. *See* 18 U.S.C. § 3583(b)(2).

**2. <u>Count Two, under 18 U.S.C. § 1752(a)(1)</u>**

 i. This is a Class A misdemeanor offense. *See* 18 U.S.C. § 1752(b)(2); 18 U.S.C. § 3559(a)(6).

 ii. U.S.S.G. § 2B2.3 applies to this trespass offense. The base offense level is 4. *See* U.S.S.G. § 2B2.3(a). A 2-level increase is applicable because the trespass occurred in a restricted area. *See* U.S.S.G. § 2B2.3(b)(A)(vii).

 iii. Mr. Carnell is facing no mandatory minimums for this offense.

 iv. This Class A misdemeanor offense carries a maximum penalty of 1 year of imprisonment and a maximum fine of $100,000, in addition to a $25 special assessment. *See* 18 U.S.C. § 1752(b)(2); 18 U.S.C. § 3571(b)(5); 18 USC § 3013(a)(1)(A)(ii).

 v. For a Class A misdemeanor, the maximum permitted term of supervised release after imprisonment is 1 year. *See* 18 U.S.C. § 3583(b)(3).

3. **Count Three, under 18 U.S.C. § 1752(a)(2)**

    i. This is a Class A misdemeanor offense. *See* 18 U.S.C. § 1752(b)(2); 18 U.S.C. § 3559(a)(6).

    ii. U.S.S.G. § 2B2.3 applies to this trespass offense. The base offense level is 4. *See* U.S.S.G. § 2B2.3(a). A 2-level increase is applicable because the trespass occurred in a restricted area. *See* U.S.S.G. § 2B2.3(b)(A)(vii).

    iii. Mr. Carnell is facing no mandatory minimums for this offense.

    iv. This Class A misdemeanor offense carries a maximum penalty of 1 year of imprisonment and a maximum fine of $100,000, in addition to a $25 special assessment. *See* 18 U.S.C. § 1752(b)(2); 18 U.S.C. § 3571(b)(5); 18 USC § 3013(a)(1)(A)(ii).

    v. For a Class A misdemeanor, the maximum permitted term of supervised release after imprisonment is 1 year. *See* 18 U.S.C. § 3583(b)(3).

4. **Count Four, under 40 U.S.C. § 5104(e)(2)(A)**

    i. This is a Class B misdemeanor petty offense. *See* 40 U.S.C. § 5109(b); 18 U.S.C. § 3559(a)(7).

    ii. Pursuant to §1B1.9 of the United States Sentencing Guidelines, the Sentencing Guidelines do not apply to Class B misdemeanor petty offenses.

    iii. Mr. Carnell is facing no mandatory minimums for this offense.

    iv. This Class B misdemeanor petty offense carries a maximum penalty of 6 months imprisonment and a maximum fine of $5,000, in addition to a $10 special assessment.

*See* 18 U.S.C. § 19; 40 U.S.C § 5109(b); 18 U.S.C. § 3571(b)(6); 18 USC § 3013(a)(1)(A)(ii).

v. Since unlawful parading in the Capitol building is a petty offense, it does not carry a term of supervised release. *See* 18 U.S.C. § 3583(b)(3).

**5. Count Five, under 40 U.S.C. § 5104(e)(2)(D)**

i. This is a Class B misdemeanor petty offense. *See* 40 U.S.C. § 5109(b); 18 U.S.C. § 3559(a)(7).

ii. Pursuant to §1B1.9 of the United States Sentencing Guidelines, the Sentencing Guidelines do not apply to Class B misdemeanor petty offenses.

iii. Mr. Carnell is facing no mandatory minimums for this offense.

iv. This Class B misdemeanor petty offense carries a maximum penalty of 6 months imprisonment and a maximum fine of $5,000, in addition to a $10 special assessment. *See* 18 U.S.C. § 19; 40 U.S.C § 5109(b); 18 U.S.C. § 3571(b)(6); 18 USC § 3013(a)(1)(A)(ii).

v. Since unlawful parading in the Capitol building is a petty offense, it does not carry a term of supervised release. *See* 18 U.S.C. § 3583(b)(3).

**6. Count Six, under 40 U.S.C. § 5104(e)(2)(G)**

i. This is a Class B misdemeanor petty offense. *See* 40 U.S.C. § 5109(b); 18 U.S.C. § 3559(a)(7).

ii. Pursuant to §1B1.9 of the United States Sentencing Guidelines, the Sentencing Guidelines do not apply to Class B misdemeanor petty offenses.

iii. Mr. Carnell is facing no mandatory minimums for this offense.

iv. This Class B misdemeanor petty offense carries a maximum penalty of 6 months imprisonment and a maximum fine of $5,000, in addition to a $10 special assessment. *See* 18 U.S.C. § 19; 40 U.S.C § 5109(b); 18 U.S.C. § 3571(b)(6); 18 USC § 3013(a)(1)(A)(ii).

v. Since unlawful parading in the Capitol building is a petty offense, it does not carry a term of supervised release. *See* 18 U.S.C. § 3583(b)(3).

**Grouping**:

The 3 Counts subject to the Guidelines are a single group because there is a single victim (Congress/Government) and the conduct and harm from each count are the same, and it is part of the same scheme or plan.  *See* U.S.S.G. § 3D1.2.

**Acceptance of Responsibility**:

The parties conferred and have agreed that Mr. Carnell should receive the full value of U.S.S.G. § 3E1.1, which, depending on the calculations, is either a 2 or 3-level decrease from the final calculations.

**Zero-Point Offender:**

Mr. Carnell is a zero-point offender. Accordingly, his total offense level is further reduced by 2 levels. *See* U.S.S.G. § 4C1.1(a).

**Criminal History Category**:

Mr. Carnell has no criminal history; he is, therefore, in Category I.

**Sentencing Range:**

If this Court finds Mr. Carnell guilty of all 6 Counts, Mr. Carnell's Guidelines formula will appear as follows:

    + 14 Base Offense Level

    - 2 for acceptance of responsibility

    - 2 for zero-point offender status

    = total offense level of 10.

A level 10 offense for a Category I offender results in a 6-12 month range on the Sentencing Table, Zone B.

Mr. Carnell is eligible to serve this Zone B sentence as probation with conditions for intermittent confinement, community confinement, or home detention. *See* U.S.S.G. § 5B1.1(a)(2).

Mr. Carnell's term of probation may be ordered for a period between 1 year and 5 years. *See* U.S.S.G. § 5B1.2(a)(1).

Respectfully submitted,

By Counsel:

_____/s/_____
MARINA MEDVIN, ESQ.
*Counsel for Christopher Carnell*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

### CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on Friday, February 2, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.