1          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
2

3

UNITED STATES OF AMERICA,
4                                        Criminal Action
                                         No. 1:21-0537
5              Plaintiff,

6        vs.

7  RYAN SAMSEL - 1,                      February 2, 2024
   JAMES TATE GRANT - 2,                 11:00 a.m.
8  PAUL RUSSELL JOHNSON - 3,
   STEPHEN CHASE RANDOLPH - 4,
9  JASON BENJAMIN BLYTHE - 5,

                                         Washington, DC
10 _____

11              **TRANSCRIPT OF THE VERDICT**
          **BEFORE THE HONORABLE JIA M. COBB**
12             **UNITED STATES DISTRICT JUDGE**

13

   APPEARANCES:
14
   **For Plaintiff:**                 **Joseph Hutton Marshall**
15                                    United States Attorneys
                                      Office
16                                    601 D Street NW, Suite 6-725
                                      Washington, DC  20001
17                                    202-815-4028

18
                                      **Alexandra Foster**
19                                    DOJ - U.S. Attorneys Office
                                      880 Front Street, Room 6293
20                                    San Diego, CA  92101-8807
                                      619-546-6735
21

22

23

24

25

```
 1    APPEARANCES CONTINUED:

 2


 3    For Deft. Samsel:              Stanley Woodward
                                     BRAND WOODWARD LAW, LP
 4                                   400 Fifth Street, Northwest
                                     Washington, DC 20001
 5                                   202-996-7447

 6    For Deft. Grant:               Sandy Rhee
                                     LAW OFFICE OF ROBERT FEITEL
 7                                   1300 Pennsylvania Avenue NW
                                     Washington, DC 20008
 8                                   202-255-6637

 9    For Deft. Johnson:             Lauren Rosen
                                     Todd M. Richman
10                                   OFFICE OF FPD-EDVA
                                     1650 King Street, Suite 500
11                                   Alexandria, VA 22314
                                     703-600-0819
12
      For Deft. Randolph:            Angel Halim
13                                   3580 Indian Queen Lane
                                     Philadelphia, PA 19129
14                                   215-300-3229

15    For Deft. Blythe:              Stephen Brennwald
                                     BRENNWALD & ROBERTSON, LLP
16                                   922 Pennsylvania Avenue, SE
                                     Washington, DC 20003
17                                   301-928-7727

18

19    Reported By:                   Stacy Johns, RPR
                                     Official Court Reporter
20                                   U.S. District & Bankruptcy
                                     Cts.
21                                   333 Constitution Avenue, NW
                                     Washington, DC 20001
22                                   Stacy_Johns@dcd.uscourts.go

23

24    *** Proceedings recorded by stenotype shorthand.
      *** Transcript produced by computer-aided transcription.
25
```

1          **P R O C E E D I N G S**

2          COURTROOM DEPUTY:  Your Honor, we're on the record in

3   criminal case 21-537, United States of America vs. Ryan Samsel,

4   defendant one; James Grant, defendant two; Paul Johnson,

5   defendant three; Stephen Randolph, defendant four; Jason

6   Blythe, defendant five.

7          We have for the government Alexandra Foster and Joseph

8   Marshall.

9          Representing Mr. Ryan Samsel is Mr. Woodward.

10          Representing Mr. Grant is Ms. Sandy Rhee, standing in

11   for Robert Mr. Feitel.

12          For Mr. Johnson, Lauren Rosen, Todd Richman.

13          For Mr. Randolph, Angela Halim.

14          For Mr. Blythe, Mr. Brennwald.

15          All the defendants are present.

16          THE COURT:  Good morning, everyone.  So we are here

17   for the verdict in this matter.  First, I do apologize for the

18   last continuance and appreciate the parties' patience and that

19   we were able to get a new date.

20          So there was a request that I make findings pursuant

21   to Rule 23.  So I have written a pretty long order explaining

22   my findings in some detail.  I am not going to read that order

23   and keep you here for four hours doing so.

24          So my plan today is to announce the verdict and then

25   very shortly post my written order as an order which will

1   explain my findings.  After announcing the verdict, we'll deal
2   with any other matters that we need to take up.

3       I do want the parties to know before I read the
4   verdict, I appreciate the parties' supplemental briefing on the
5   1752 counts.  This will be in my order in some detail, but I
6   did change my position on those counts after reading some of
7   the opinions from colleagues on this court.  So that will be in
8   the order.  But as my order will indicate, I have been
9   convinced of defendants' position that the knowledge
10  requirement does extend to their having to know about the
11  protected individual's presence in the restricted area.

12      So I did just want to flag that.  Had that happened
13  with a jury trial, I would have likely granted a post-trial
14  motion on that, but I just wanted the parties to be aware.

15      Okay.  What I will do is I have the verdict forms.  I
16  filled them out.  I will read them.  I will start individually
17  for each defendant.

18      So for Mr. Samsel, for Count 1, Civil Disorder:
19  Guilty.

20      For Count 2, Assault on Officer C.E. with a Deadly or
21  Dangerous Weapon:  Guilty.

22      For Count 3, Assault on D.C. with a Deadly or
23  Dangerous Weapon:  Not guilty.

24      For Count 5, Entering or Remaining in a Restricted
25  Building or Grounds with a Deadly or Dangerous Weapon:  Not

1    guilty.

2          Count 6, Disorderly or Disruptive Conduct in a

3    Restricted Building or Grounds with a Deadly or Dangerous

4    Weapon:  Not guilty.

5          Count 7, Engaging in Physical Violence in a Restricted

6    Building or Grounds with a Deadly or Dangerous Weapon:  Not

7    guilty.

8          Count 8, Disorderly Conduct in a Capitol Building or

9    Grounds:  Guilty.

10          Count 9, Act of Physical Violence at the Capitol

11    Building or Grounds:  Guilty.

12          Count 10, Obstruction of an Official Proceeding:

13    Guilty.

14          Count 11, Civil Disorder:  Guilty.

15          Count 12, Assaulting an Officer with Physical Contact

16    or Intent to Commit Another Felony:  Guilty.

17          And Count 13, Assaulting, Resisting or Impeding an

18    Officer with a Deadly or Dangerous Weapon:  Guilty.

19          So that is my verdict as to Mr. Samsel.

20          As to Mr. Grant:  Count 1, Civil Disorder:  Guilty.

21          Count 2, Assault on Officer C.E. with a Deadly or

22    Dangerous Weapon:  Not guilty.

23          Count 3, Assault on Officer D.C. with a Deadly or

24    Dangerous Weapon:  Guilty.

25          Count 5, Entering or Remaining in a Restricted

1    Building or Grounds with a Deadly or Dangerous Weapon:  Not

2    guilty.

3          Count 6, Disorderly or Disruptive Conduct in a

4    Restricted Building or Grounds with a Deadly or Dangerous

5    Weapon:  Not guilty.

6          Count 7, Engaging in Physical Violence in a Restricted

7    Building or Grounds with a Deadly or Dangerous Weapon:  Not

8    guilty.

9          Count 8, Disorderly Conduct in a Capitol Building or

10   Grounds:  Guilty.

11         Count 9, Act of Physical Violence at the Capitol

12   Building or Grounds:  Guilty.

13         And Count 10, Obstruction of an Official Proceeding:

14   Guilty.

15         So that's my verdict as to Mr. Grant.

16         My verdict as to Mr. Johnson, Count 1, Civil Disorder:

17   Guilty.

18         Count 2, Assaulting Officer C.E. with a Deadly or

19   Dangerous Weapon:  Not guilty.

20         And I'm sorry, just so the record is clear, I had

21   acquitted Mr. Grant of Count 2.  That's also acquitting him of

22   the lesser included of Assaulting, Resisting or Impeding

23   Officer C.E.  So Count 2 is not guilty just across the board,

24   just for the record.

25       So for Mr. Johnson, for Count 2:  Not guilty for Assaulting

1  Officer C.E. with a Deadly or Dangerous Weapon, as well as the

2  lesser included.  That's a not guilty for Assaulting Officer

3  C.E. (Physical Contact or Intent to Commit Another Felony).

4      For Count 3, Assaulting Officer D.C. with a Deadly or

5  Dangerous Weapon:  Guilty.

6      Count 5, Entering or Remaining in a Restricted Building or

7  Grounds with a Deadly or Dangerous Weapon:  Not guilty.

8      And I'll just say this for the record to make it easier:

9  Unless I indicate otherwise, if I say not guilty for Count 5,

10  that would include the lesser included.

11      So for everyone who's been acquitted of Counts 5, 6 and 7,

12  unless I say that they're guilty on the lesser included, then

13  that's an acquittal across the board.

14      So for Count 6 -- Count 5, I'm sorry, Entering or Remaining

15  in a Restricted Building or Grounds with a Deadly or Dangerous

16  Weapon:  Not guilty.

17      Count 6, Disorderly or Disruptive Conduct in a Restricted

18  Building or Grounds with a Deadly or Dangerous Weapon:  Not

19  guilty.

20      Count 7, Engaging in Physical Violence in a Restricted

21  Building or Grounds with a Deadly or Dangerous Weapon:  Not

22  guilty.

23      Count 8, Disorderly Conduct in a Capitol Building or

24  Grounds:  Guilty.

25      Count 9, Act of Physical Violence at the Capitol Building

1    or Grounds:  Guilty.

2        Count 10, Obstruction of an Official Proceeding:  Guilty.

3        So for Mr. Randolph for Count 1, Civil Disorder:  Guilty.

4        For Count 2, Assaulting Officer C.E. with a Deadly or

5    Dangerous Weapon or Inflicting Bodily Injury:  Guilty.

6        Count 3, Assaulting Officer D.C. with a Deadly or Dangerous

7    Weapon:  Not guilty.  And that's also not guilty as to the

8    lesser included.

9        For Count 4, Assaulting, Resisting or Impeding Officer D.C.

10   with Physical Contact:  That's guilty.

11       For Count 5, Entering or Remaining in a Restricted Building

12   or Grounds with a Deadly or Dangerous Weapon:  Not guilty.

13       Count 6, Disorderly or Disruptive Conduct in a Restricted

14   Building or Grounds with a Deadly or Dangerous Weapon:  Not

15   guilty.

16       Count 7, Engaging in Physical Violence in a Restricted

17   Building or Grounds with a Deadly or Dangerous Weapon:  Not

18   guilty.

19       Count 8, Disorderly Conduct in a Capitol Building or

20   Grounds:  Not guilty.

21       Count 9, Act of Physical Violence at the Capitol Building

22   or Grounds:  Guilty.

23       And Count 10, Obstruction of an Official Proceeding:  Not

24   guilty.

25       And finally as to Mr. Blythe, for Count 1, Civil Disorder:

1    Guilty.

2         For Count 2, Assaulting Officer C.E. with a Dangerous or

3    Deadly Weapon:  Not guilty.  And that's also as to the lesser

4    included.

5         For Count 3, Assaulting Officer D.C. with a Deadly or

6    Dangerous Weapon:  Guilty.

7         For Count 5, Entering or Remaining in a Restricted Building

8    or Grounds with a Deadly or Dangerous Weapon:  Not guilty.

9         Count 6, Disorderly or Disruptive Conduct in a Restricted

10   Building or Grounds with a Deadly or Dangerous Weapon:  Not

11   guilty.

12        Count 7, Engaging in Physical Violence in a Restricted

13   Building or Grounds with a Deadly or Dangerous Weapon:  Not

14   guilty.

15        Count 8, Disorderly Conduct in a Capitol Building or

16   Grounds:  Not guilty.

17        Count 9, Act of Physical Violence at the Capitol Building

18   or Grounds:  Guilty.

19        And Count 10, Obstruction of an Official Proceeding:  Not

20   guilty.

21        So those are my verdicts in the case, and I will post these

22   verdict forms on the docket once I've signed them.

23        Okay.  And I had reserved ruling on the Motion for Judgment

24   of Acquittal at the close of the evidence.  So I will deny

25   those motions now, and my order, which contains my detailed

1    reasoning for my verdict and my findings will suffice to

2    explain the reason for my denial of the Motion for Judgment of

3    Acquittal at the close of the evidence.

4        Okay.  So I think we need to set dates for sentencing.  And

5    I'm assuming the parties want to do one sentencing hearing on

6    the same day?

7            MR. FOSTER:  Your Honor, however the Court wants to

8    handle it.

9            THE COURT:  What are the defendants' preference?  Do

10   you plan to -- it may be too early to tell.  Do you plan to

11   have any victim impact statements?  I don't want people to have

12   to come to court multiple times, so maybe we should do it on

13   the same day if you plan to call...

14           MR. FOSTER:  By my math, Your Honor, that would have

15   one victim showing up for two sentencings and one victim

16   showing up for three.  I think that's fine, but obviously

17   that's up to the parties and the Court as to how they want to

18   handle it.

19           THE COURT:  How about this, I will set this on the

20   same day unless any defendant tells me that they want a

21   separate sentencing hearing, and I will accommodate that.

22           Does anyone want to set a separate sentence hearing

23   date, any of the defendants, or are they fine having it on one

24   day?

25           MR. WOODWARD:  The Court's brief indulgence.

1          THE COURT:  Okay.

2          MR. WOODWARD:  We're comfortable proceeding as a

3    group, if the Court is.

4          THE COURT:  So we're fine picking one day.  I think

5    given what we understand from the probation office about how

6    much time they need to complete the presentence investigation

7    reports, we would be looking at sentencing at sometime in June.

8    They're asking for 120 days for the presentence investigations.

9          Do the parties have a recommended -- Ms. Franklin do

10   you want to recommend a date?

11         COURTROOM DEPUTY:  Sure.  Thursday, June 13th starting

12   at 10:00 a.m.

13         THE COURT:  Does that not work for anyone?

14         MR. FOSTER:  Your Honor, that works for the United

15   States.

16         THE COURT:  Does that not work for any defendant?

17         MR. BRENNWALD:  That's fine.

18         THE COURT:  Okay.

19         All right.  So let's see, June 13th for sentencing.

20   I'd like the parties to file any sentencing memoranda by

21   May 30th.

22         MR. BRENNWALD:  May 3rd?

23         THE COURT:  May 30th.

24         COURTROOM DEPUTY:  May 30th.

25         THE COURT:  And any replies due by June 6th.

1          And if you just give me a minute, I'm just pulling up

2     the docket because there may be some other little housekeeping

3     matters.  And then, like I said, I will be posting the order

4     memorializing all my findings.

5          Ms. Halim, do you want to step up?  I know you had

6     filed a motion for return of property that I can resolve now.

7          MS. HALIM:  Yes.  Can you hear me okay if I've got the

8     mask on?

9          THE COURT:  Yes.

10         MS. HALIM:  Thanks.

11         THE COURT:  And the government opposes that motion?

12         MR. FOSTER:  Yes, Your Honor, basically.  We don't

13    have an issue with returning the property, but we would ask if

14    we could do that after the appellate time has lapsed.

15         THE COURT:  So that's my understanding of the law,

16    Ms. Halim, that Mr. Randolph has a right to file an appeal.

17    He'll likely file an appeal.  And while I understand that the

18    clothing wasn't an issue, necessarily, in the trial, if there

19    is a retrial, if the Court of Appeals reverses any of the

20    convictions and there's a retrial, you may change strategies;

21    the government may change strategies.  And I can't say that

22    identification is not an issue in the case on retrial or that

23    the clothing would not be particularly relevant to a retrial.

24         So, you know, I do understand your position, but I

25    think under the law, I would deny the motion for the reasons

1    the government indicated.  And that certainly at the end of the

2    case when the appeal is exhausted and any retrial is complete,

3    if there is a retrial, then that would be an appropriate time,

4    I think, to return that property to him.

5            MS. HALIM:  Thank you.  I definitely understand that.

6    Mr. Randolph has offered to sign an appellate waiver for any

7    issues the government may have.  They've got photographs.  They

8    didn't even use photographs at the trial, so if they do change

9    strategies in the future, they could introduce photographs.  So

10   I don't quite understand the government's position here.

11           There was a bigger need for the return of property

12   back when we were in the colder winter months.  It's

13   Mr. Randolph's only coat.  He has not purchased another coat

14   since then.  The boots that the government seized, those were

15   new boots.  There's less of an urgency as we're heading into

16   the spring months, hopefully, knock on some wood somewhere.

17           And I understand, and I understand what the law is, I

18   just want to get on the record that Mr. Randolph is willing to

19   execute an appellate waiver.

20           THE COURT:  Here's the thing, if you want to talk to

21   the government on your own time and work out something where

22   they're satisfied and you-all come to agreement, I'll deny it

23   without prejudice for you refiling.  But I think as the record

24   stands now, I'm just following what I understand the law to be.

25           MS. HALIM:  Which I understand.  And I did try to work

```
1     it out with the government.  I don't expect them to change

2     their mind, so that's why I filed the motion.  But thank you,

3     Your Honor.

4               THE COURT:  Thank you.  I appreciate that.

5               DEFENDANT SAMSEL:  Hey, Ms. Judge -- or Judge Cobb.

6               THE COURT:  Yes, Mr. Samsel.

7               DEFENDANT SAMSEL:  If you're done with this, can I say

8     something please?

9               THE COURT:  Yes.  Let's -- yes, you can.  But let's

10    end the hearing for everyone else unless anyone has any issues.

11              MR. FOSTER:  Your Honor.

12              THE COURT:  Yes.

13              MR. FOSTER:  From the United States, we would ask that

14    this defendants be stepped back at this point pursuant to 18

15    U.S.C. 3143.  Given the conviction of a 111(b) felony, that's a

16    violence crime.  My understanding is that that's a "shall."

17    "The defendant shall be stepped back."

18              THE COURT:  Okay.  So I think the government is right.

19    That is my reading of the statute.  If anyone has any argument

20    as to any discretion that I retain, I --

21              MS. ROSEN:  May I approach, Your Honor?

22              THE COURT:  Yes.

23              MS. ROSEN:  Lauren Rosen on behalf of Paul Johnson.

24    The Court absolutely does have discretion.  18 U.S.C. 3145(c)

25    provides a safety valve for mandatory detention.  I'm happy to
```

1    brief the issue.

2              THE COURT:  Hold on.  18 U.S.C. what?  31 --

3         MS. ROSEN:  3145(c).  And I apologize for not briefing

4    it ahead of time.  We weren't sure what we would be convicted

5    of.  I apologize.  But if the Court looks at that statute, it

6    refers to mandatory detention, says the Court shall step back.

7    But then it says if a person is detained under 3143(a)2 and

8    because it's a conviction, that's basically a crime of

9    violence, which is what the government is asserting here.

10             THE COURT:  Yes.

11        MS. ROSEN:  The Court can not step a defendant back if

12   exceptional circumstances exist.  And I can provide the Court

13   with cites from cases in the District of D.C., other appeals

14   courts where this law has been applied.

15        (Pause in the proceedings.)

16        MS. ROSEN:  So every Court of Appeals that has

17   addressed the question, I believe, has held that a district

18   court can order a person found guilty of a crime of violence

19   released under 18 United States Code 3145(c) assuming the Court

20   find exceptional reasons.

21             And we're happy to go further into our argument.

22             THE COURT:  What is the government's position?

23   Because here's what I would do.  I do see this.  It does seem

24   like if there are exceptional reasons why detention would not

25   be appropriate that that does permit me to continue conditions

1    of release for someone convicted under this section.

2            I would say that I think I would benefit from briefing

3    on this matter, if you want to put something in writing.  And

4    I'll hear from the government now.

5            I mean, I do think that, you know, this case has been

6    pending for three years.  And while I understand the very

7    serious nature of the charges that I've convicted the

8    defendants of, I'm looking at these -- there's not been a

9    single violation for any of the released defendants.  And they

10   came to court today from out of town understanding that they

11   could be convicted.

12           So, if I were permitted to and am permitted to, I

13   would not step them back pending sentencing.  And I think this

14   statute seems to allow me to do that if I find there are

15   reasons.  And I think three years of perfect compliance with no

16   failures to appear constitute -- although I would like briefing

17   on what constitutes an exceptional reason from the defendant's

18   perspective.

19           But I'll hear from the government.

20           I would be inclined to have the parties brief this.

21   And if I'm wrong, then obviously I can correct my error.

22           MR. FOSTER:  Your Honor, I don't have an issue with

23   the briefing.  But we would ask that the defendants be stepped

24   back pending the briefing.  The reality is, it's my

25   understanding, that when we're talking about exceptional

1    circumstances, it's not that the defendant has been compliant;

2    it's that there are medical issues, there's some reason why

3    defendant should be out on release pending sentencing.  That's

4    not this case, as I understand it.  And maybe Ms. Rosen has

5    something that I don't know.  We have not discussed it.

6            But pending the briefing, which we are happy to engage

7    in, they should be stepped back.

8            THE COURT:  Okay.

9            MS. ROSEN:  Your Honor, I would object to that.  I

10   think we could do a relatively brief briefing schedule.  I

11   would be ready to file by Wednesday of next week.  The

12   government can respond by Friday, if that's sufficient.

13           I can tell the Court a little bit about the law.

14   Quoting from a D.C. District Court case:  A wide range of

15   factors may bear upon the 3154(c) analysis, and the District

16   Court has broad discretion to consider all particular

17   circumstances of the case before it and draw upon its broad

18   experience with the mainsprings of human conduct.

19           I can go in to why I believe there's exceptional

20   circumstances for --

21           THE COURT:  Please.

22           MS. ROSEN:  -- Mr. Johnson.  I can cite some more law

23   for the Court.  The government may be correct that pretrial

24   compliance alone isn't enough.

25           THE COURT:  I know it's not.  I'm just saying because

```
1    the 3143, certainly pretrial compliance is a factor for -- I

2    can't release someone pending sentencing if they're not.  So I

3    don't think it's enough, because if it was, I don't think the

4    statute would be phrased in the way it is.

5         I'm just putting on the record that I don't -- the

6    question is do I have to detain them pursuant to the statute or

7    not.  There's not an issue, in my view, of failure to appeal or

8    coming to court.  But I agree that that on its own is not

9    sufficient and wouldn't constitute an exceptional circumstance

10   otherwise, I think.

11        MS. ROSEN:  So we think it's one factor that would

12   play into the analysis, which basically close to three years,

13   two months short, of full compliance.

14        Mr. Johnson obviously has a lot of individual issues

15   that could greatly affect his life if he were to be stepped

16   back today.  And that is, quite frankly, the loss of parental

17   rights for one of his childs.  He has had sole custody of one

18   of his child for seven years.  It is our understanding it's an

19   11 year old child.

20        A court made a determination that that child was best

21   suited to be in the custody of Mr. Johnson, and he has been an

22   excellent father to that child.  If he is stepped back, we

23   understand an emergency order to remove the child from its

24   current home would filed.  That is one exceptional circumstance

25   that exists in this case, which I think is a factor to consider
```

1   with our almost three years of compliance.

2          We would also note that he's a business owner.  He

3   employs two people.  He fully supports his family.  Obviously

4   there's a massive loss income for himself and his family and

5   his two employees if he's stepped back.  His tree cutting

6   business does not survive without him.

7          I think our largest exceptional reason is the loss of

8   parental rights.  But I think that coupled with the three years

9   of compliance, the loss of basically the functioning of his

10  business, the loss of ability to support his children is an

11  exceptional circumstance in this case.

12          And the D.C. District Court case I cited, U.S. v

13  Harris, talked about the flexible analysis.

14          I could point the Court to Fourth Circuit cases -- I'm

15  sorry, Eastern District of Virginia District Court cases,

16  Second court cases that all talk about this broad discretion

17  the Court has to consider a variety of factors and that it's a

18  flexible analysis that is to respond to real-world

19  circumstances.

20          I would also note that in another case in this

21  District, Judge Boasberg granted release to an individual in

22  22-CR-404 who was convicted of a 111(b).  The government filed

23  a motion to reconsider.  There's been briefing.  It's still

24  pending.  He hasn't ruled.  That individual has been on release

25  since October 26, 2023.

```
1              THE COURT:  Wait.  What is that case?

2              MS. ROSEN:  22-CR-404 United States v. Israel

3     Easterday.

4              THE COURT:  22-CR-44?

5              MS. ROSEN:  404, I'm sorry.

6              THE COURT:  404.  Just give me one second.

7              MS. ROSEN:  US v. Israel Easterday.

8              THE COURT:  Ms. Rosen, one thing I would say, though,

9     is obviously I haven't made any decisions about sentencing.

10    You're saying this is an exceptional circumstance so that he

11    could get his affairs in order in the event he serves an

12    incarceration sentence?

13             MS. ROSEN:  Your Honor, I'm not making arguments about

14    sentencing right now.  I'm truly arguing under the bail reform

15    act and the statute created by Congress.  And if the Court

16    looked to Second Circuit precedent, I believe, what they've

17    said about this -- I'm citing United States v DiSomma 951 F.2d

18    494.  This was clearly intended to provide an avenue of relief

19    from the mandatory provisions of the bail reform act.  And

20    that's the purpose of this statute.

21             I think we clearly have exceptional circumstances here

22    to provide that safety valve from the mandatory detention in

23    the statute.  And whether that affects arguments down the line,

24    I'm not in a position to say right now.  But I think in the

25    narrow question before the Court, which is are there
```

1  exceptional reasons, we can look at a variety of factors to

2  find that there are in Mr. Johnson's case.

3         Then the second step of that analysis would be is

4  there clear and convincing evidence that he's not a danger or

5  risk of flight.  And abundantly clear he's not, given his close

6  to three years of perfect compliance with pretrial supervision.

7         THE COURT:  Okay.  Thank you.

8         MR. BRENNWALD:  Your Honor, two things.  Number 1, the

9  government's asking that the Court hold the defendants now and

10 then figure out later.  I don't think that shooting now,

11 so-to-speak, and figuring out later is really the appropriate

12 way to go.

13        If there's a question about it, I think the defendant

14 should be released -- at least I'm making this argument for

15 Mr. Blythe -- and then we can brief the topic.

16        Off the top of my head, one exceptional circumstance

17 for Mr. Blythe is that he weighs 120 pounds soaking wet, and so

18 he's going to be put in a prison where he will be half the

19 weight of a lot of people.  And he's not from here.  He doesn't

20 have any contacts or any friends.  He's not a local guy.

21 That's exceptional as well.  Most defendants who come here are

22 not from Texas or from completely outside of the District.

23        I would like to have a chance to brief it further, but

24 I'd ask the Court to exercise its discretion at this point to

25 release him.  We can brief this, and if the Court decides that

1   he should be held, he will obviously turn himself in

2   immediately once the Court rules, if the Court rules that way.

3            THE COURT:  Any other argument from any other

4   defendant?

5            MS. HALIM:  Yes, Your Honor.  I echo everything put

6   forth by Ms. Rosen and Mr. Brennwald on behalf of Mr. Randolph.

7   And I do believe that there are exceptional circumstances as to

8   him as well.

9            In brief, I'll highlight for the Court, Mr. Randolph

10   is now working.  He's also helping take care of his

11   father-in-law.  He got married recently.  He's been living in

12   his father-in-law's property the entire time that he's been on

13   pretrial release.

14            Mr. Hood is his father-in-law's name.  He is 82 years

15   old and has stage four pancreatic cancer.  He's very frail.

16   He's at the end stages of his life, and Mr. Randolph is there

17   helping to take care of him in these final months.

18            The other thing to piggy back off what Mr. Brennwald

19   says:  We've got someone from Kentucky who has no contacts, no

20   family, no support network anywhere in the D.C. metro area.

21   And to pull him, even temporarily, and put him in a detention

22   facility which is nowhere near the level of security that he's

23   going to ultimately be designated to, whatever sentence Your

24   Honor imposes at the sentencing hearing, that in and of itself

25   is an exceptional circumstance.

1      The J6 cases are unique.  There are a thousand reasons

2  that the factors surrounding these cases are unique, and they

3  are not like the run-of-the-mill criminal cases.  And to pull

4  him back now and put him in a detention facility such as

5  Northern Neck or the local facility here in D.C., it would be

6  an extraordinary injustice, I would argue to Your Honor.

7      So I would ask, just as Ms. Rosen and Mr. Brennwald

8  did, to at least give us the opportunity to brief this.  And

9  then once if Your Honor determines that revocation is

10  appropriate, he can surrender in Kentucky and be at a facility

11  where he's at least near family and friends where we can get

12  visits until the time of sentencing.

13      THE COURT:  Okay.  I'll hear from the government.

14      MR. FOSTER:  I would raise two things, Your Honor.

15  First is these defendants chose to come here on January 6.  So

16  the idea that now they choose not to be incarcerated in a D.C.

17  jail seems rich.

18      The second thing that I would say, Your Honor, is as

19  you can see, everybody argues that they have exceptional

20  circumstances.  It's not surprising that all three defendants

21  who are not incarcerated will argue to the Court that they have

22  exceptional circumstances.  And that's exactly the problem

23  here.

24      These defendants have had months to make a

25  determination as to how they want to handle their things given

1    that they knew this verdict was coming up.  They knew that

2    there was a high likelihood that they were going to get stepped

3    back, and they chose not to deal with it.  I understand

4    tactically why one would do that, but that doesn't make it an

5    exceptional circumstance.

6           THE COURT:  Here's what I'm going to do.  I will allow

7    the parties to brief it, because I think there have been

8    representations on the record that seem to me may qualify as

9    exceptional circumstances.  But again, I have not dug into the

10   law on this question.  So I do think before making a final

11   decision that I should have the benefit of the parties'

12   briefing.

13          I did pull up the Easterday case that Ms. Rosen

14   mentioned that involved the same charge, quite frankly, I think

15   more charges.

16          I don't want to delay the briefing on this matter, so

17   Ms. Rosen and Ms. Halim and Mr. Brennwald, when can you turn

18   the briefs in?

19          MS. ROSEN:  Your Honor, Lauren Rosen on behalf of

20   Mr. Johnson.  We could file a brief by Wednesday close of

21   business.

22          THE COURT:  How much time does the government need to

23   respond?

24          MR. FOSTER:  We could get a response in by Friday,

25   Your Honor.

```
 1                 THE COURT:  Okay.

 2                 MR. BRENNWALD:  I'm starting a trial next week, but I

 3       know we can't wait 10 days for my trial to end for me to get to

 4       this.  So I'll ask for the same date even though I'll be in

 5       trial.

 6                 THE COURT:  Yes.  I want the government to not have to

 7       respond to three different briefs-- I'm sorry.  The government

 8       will write one brief; you'll file your response, but I want the

 9       government to be able to receive it at the same time, because I

10       want to rule promptly on this.

11                 MR. FOSTER:  Your Honor, just so we're clear, I think

12       the defense is filing a brief and --

13                 THE COURT:  Yes, yes.  That's why I changed what I

14       said when I realized what was going on.  Yes.

15                 The defense is filing a brief on, let's see -- on the

16       7th.  And does that date work for you, Ms. Foster?  I don't

17       want to crunch where you're only having two days.  If you need

18       more time, I'll give it to you.

19                 MR. FOSTER:  Your Honor, we'll aim for two days.  If

20       we need more time --

21                 THE COURT:  You'll let me know.

22                 MR. BRENNWALD:  Will we have time to file a reply,

23       Your Honor, or no?  By Monday, maybe?

24                 THE COURT:  Sure.  You don't have to, but if you feel

25       some compelled to reply, you can do so by Monday the 12th.
```

1              I'm granting defendant's request.  And we'll brief

2      this issue, and if I'm convinced that the circumstances that

3      have been put on the record are not exceptional under the case

4      law, then I will apply the statute strictly and everyone should

5      be prepared for that.

6              Okay.  I think that there are some unresolved matters

7      on the docket that I actually think I resolved during trial.

8      So you may get a flurry of orders just cleaning up various

9      motions and requests.  But I will issue those, and, again,

10     issue my order that explains my findings.

11             If there's nothing else, Mr. Samsel, I'll hear from

12     you.  And I guess we can excuse everyone else.  Or not.  I

13     don't know.  What is this regarding, Mr. Samsel?  Is this

14     regarding anything with the case or something --

15             DEFENDANT SAMSEL:  No, something different.

16             THE COURT:  Why don't we let everyone else be excused.

17     The government will stay, obviously, because I can't talk to

18     you without them present.

19             Okay.  Thanks everyone.

20        (Pause in the proceedings.)

21             THE COURT:  All right.  What's going on, Mr. Samsel?

22     How can I help you today?

23             DEFENDANT SAMSEL:  I don't know.  I still need

24     medical.  I'm not getting the medical.  I went to the hospital

25     the other day and for the first time in three years I just now

1   got blood thinners, but it took another blood clot --

2             THE COURT:  I'm sorry, you've got to speak more

3   slowly.

4             What's going on?

5             DEFENDANT SAMSEL:  I'm not getting any of the medical

6   whatsoever.  I just had to be rushed to the hospital like two

7   or three weeks ago for a blood clot in my ankle just to be

8   placed on blood thinners.  I've been asking for blood thinners

9   for the last three years.  I took another blood clot for me to

10  get that.

11            THE COURT:  Wait.  Do you have it now?

12            DEFENDANT SAMSEL:  I do have it now.

13            THE COURT:  Okay.  So what do you need?

14            DEFENDANT SAMSEL:  I was scheduled for a glansectomy

15  (sic) when I was as Lewisburg and when I was a Jefferson

16  University.  Both surgeons recommended a surgery.  That surgery

17  has never been followed up with.  And neither has the --

18  Jefferson wanted to do it with a breast reconstructive surgeon

19  and Geisinger wanted to do it with a plastic surgeon after

20  referring back to Dr. Jared Liebman, who was supposed to do it

21  when I fist got arrested on March 11th.

22            None of those consults have been fulfilled, due to the

23  fact that I was being transferred all over.  That has never

24  happened, nor has the physical rehab.

25            I kept saying I need blood thinners, I need blood

1     thinners.  It doesn't fall on you, but I don't think it should

2     have took two blood clots for -- that occur for me to end up

3     getting the blood thinners.

4          THE COURT:  Here's what I'm going to do.

5     Mr. Woodward, can you assist me, because obviously a lot of

6     materials have been submitted in this case.  Are you able to

7     isolate or direct me to -- not here, but when you get back to

8     you office -- to whatever medical records indicate what

9     Mr. Samsel is saying about what he needs.  If there is

10    something where a doctor has said in writing he needs this

11    surgery, and I will forward it to my contact at the jail.

12    Because there are a lot of records in this case.  If there's

13    something that says what you're saying, can you point it out to

14    me?  You can email chambers and say it's ECF whatever.

15         MR. WOODWARD:  Yes, ma'am.  I think part of the

16    problem -- I am in regular communication with the general

17    counsel at the jail who has been extremely helpful at getting

18    me medical records for Mr. Samsel.  And what I think this comes

19    down to, although I don't have documentation of it, so we'll

20    call it an educated guess, is a dispute over the timing of the

21    medical that Mr. Samsel is describing.

22         So Mr. Samsel would obviously like to have the medical

23    taken care of promptly.  The powers that be, I think the

24    Marshal Service, don't believe that it needs to happen now and

25    that it can wait until he is transferred from the custody of

1    the Marshal Service to the custody of the Bureau of Prisons,

2    which has now been set in June.

3          THE COURT:  If you're able to -- I don't know off the

4    top of my head which record is even recommending that he has

5    this treatment.  In the records you've given me, I want your

6    lawyer --

7          DEFENDANT SAMSEL:  But that's inaccurate what he's

8    saying.

9          THE COURT:  Okay, that's fine.  My point is the

10   records that you're referring to, I want something that I can

11   just forward to my contact at the Marshal Service and say I

12   have this record, follow up on this.

13         DEFENDANT SAMSEL:  If I may say something, Judge.

14   When we had Dr. Utlinger (ph) from Geisinger -- or from

15   Lewisburg, when he came to court, Geisinger marked that --

16   Dr. Utlinger wanted it done in April, but Geisinger marked

17   urgent.  Also the Jefferson doctors also marked urgent.

18         THE COURT:  Okay.  That's what I want Mr. Woodward to

19   give me.

20         DEFENDANT SAMSEL:  Okay.  I don't want to wait,

21   because this is getting larger and it does hurt.

22         THE COURT:  Okay.  There are a lot of records and not

23   all of them indicate that there's any urgent need.  So I want

24   to know which ones say there's an urgent need so I can give

25   them to the appropriate people.

1          DEFENDANT SAMSEL:  Thank you.

2          MR. WOODWARD:  Thank you, Your Honor.

3          THE COURT:  Anything else from anyone?  We're done?

4          MR. FOSTER:  If we can just be CCed on that email.

5          THE COURT:  Of course, yes.

6          MS. FOSTER:  We appreciate it.

7      (Proceedings concluded at 11:49 AM)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T E


I, Stacy Johns, certify that the foregoing is an

accurate transcription of the proceedings in the

above-entitled matter.



    /s/ Stacy Johns         Date: February 6, 2023

    Stacy Johns, RPR
    Official Court Reporter

**COURTROOM DEPUTY: [3]** 3/2 11/11 11/24
**DEFENDANT SAMSEL: [11]** 14/5 14/7 26/15 26/23 27/5 27/12 27/14 29/7 29/13 29/20 30/1
**MR. BRENNWALD: [5]** 11/17 11/22 21/8 25/2 25/22
**MR. FOSTER: [12]** 10/7 10/14 11/14 12/12 14/11 14/13 16/22 23/14 24/24 25/11 25/19 30/4
**MR. WOODWARD: [4]** 10/25 11/2 28/15 30/2
**MS. FOSTER: [1]** 30/6
**MS. HALIM: [5]** 12/7 12/10 13/5 13/25 22/5
**MS. ROSEN: [13]** 14/21 14/23 15/3 15/11 15/16 17/9 17/22 18/11 20/2 20/5 20/7 20/13 24/19
**THE COURT: [52]**

**/**
/s **[1]** 31/8

**0**
**0537 [1]** 1/4
**0819 [1]** 2/11

**1**
**10 [6]** 5/12 6/13 8/2 8/23 9/19 25/3
**10:00 a.m [1]** 11/12
**11 [2]** 5/14 18/19
**111 [2]** 14/15 19/22
**11:00 [1]** 1/7
**11:49 [1]** 30/7
**11th [1]** 27/21
**12 [1]** 5/15
**120 [1]** 11/8
**120 pounds [1]** 21/17
**12th [1]** 25/25
**13 [1]** 5/17
**1300 [1]** 2/7
**1650 [1]** 2/10
**1752 [1]** 4/5
**18 [4]** 14/14 14/24 15/2 15/19
**19129 [1]** 2/13
**1:21-0537 [1]** 1/4

**2**
**20001 [3]** 1/16 2/4 2/21
**20003 [1]** 2/16
**20008 [1]** 2/7
**202-255-6637 [1]** 2/8
**202-815-4028 [1]** 1/17
**202-996-7447 [1]** 2/5
**2023 [2]** 19/25 31/8
**2024 [1]** 1/7
**215-300-3229 [1]** 2/14

**22-CR-404 [2]** 19/22 20/2
**22-CR-44 [1]** 20/4
**22314 [1]** 2/11
**23 [1]** 3/21
**26 [1]** 19/25

**3**
**301-928-7727 [1]** 2/17
**30th [3]** 11/21 11/23 11/24
**31 [1]** 15/2
**3143 [3]** 14/15 15/7 18/1
**3145 [3]** 14/24 15/3 15/19
**3154 [1]** 17/15
**3229 [1]** 2/14
**333 [1]** 2/21
**3580 [1]** 2/13
**3rd [1]** 11/22

**4**
**400 [1]** 2/4
**4028 [1]** 1/17
**404 [4]** 19/22 20/2 20/5 20/6
**44 [1]** 20/4
**494 [1]** 20/18

**5**
**500 [1]** 2/10
**537 [1]** 3/3

**6**
**6-725 [1]** 1/16
**601 [1]** 1/16
**619-546-6735 [1]** 1/20
**6293 [1]** 1/19
**6637 [1]** 2/8
**6735 [1]** 1/20
**6th [1]** 11/25

**7**
**703-600-0819 [1]** 2/11
**725 [1]** 1/16
**7447 [1]** 2/5
**7727 [1]** 2/17
**7th [1]** 25/16

**8**
**82 [1]** 22/14
**880 [1]** 1/19
**8807 [1]** 1/20

**9**
**92101-8807 [1]** 1/20
**922 [1]** 2/16
**951 [1]** 20/17

**A**
**a.m [2]** 1/7 11/12
**ability [1]** 19/10
**able [4]** 3/19 25/9 28/6 29/3
**about [12]** 4/10 10/19 11/5 16/25 17/13 19/13 19/16 20/9 20/13 20/17 21/13 28/9

**above [1]** 31/5
**above-entitled [1]** 31/5
**absolutely [1]** 14/24
**abundantly [1]** 21/5
**accommodate [1]** 10/21
**accurate [1]** 31/4
**acquittal [1]** 7/13 9/24 10/3
**acquitted [2]** 6/21 7/11
**acquitting [1]** 6/21
**across [2]** 6/23 7/13
**act [7]** 5/10 6/11 7/25 8/21 9/17 20/15 20/19
**Action [1]** 1/4
**actually [1]** 26/7
**addressed [1]** 15/17
**affairs [1]** 20/11
**affect [1]** 18/15
**affects [1]** 20/23
**after [4]** 4/1 4/6 12/14 27/19
**again [2]** 24/9 26/9
**ago [1]** 27/7
**agree [1]** 18/8
**agreement [1]** 13/22
**ahead [1]** 15/4
**aided [1]** 2/24
**aim [1]** 25/19
**Alexandra [2]** 1/18 3/7
**Alexandria [1]** 2/11
**all [10]** 3/15 11/19 12/4 13/22 17/16 19/16 23/20 26/21 27/23 29/23
**allow [2]** 16/14 24/6
**almost [1]** 19/1
**alone [1]** 17/24
**also [8]** 6/21 8/7 9/3 19/2 19/20 22/10 29/17 29/17
**although [2]** 16/16 28/19
**am [4]** 3/22 16/12 28/16 30/7
**AMERICA [2]** 1/3 3/3
**analysis [5]** 17/15 18/12 19/13 19/18 21/3
**Angel [1]** 2/12
**Angela [1]** 3/13
**ankle [1]** 27/7
**announce [1]** 3/24
**announcing [1]** 4/1
**another [6]** 5/16 7/3 13/13 19/20 27/1 27/9
**any [21]** 4/2 10/11 10/20 10/23 11/16 11/20 11/25 12/19 13/2 13/6 14/10 14/19 14/20 16/9 20/9 21/20 21/20 22/3 22/3 27/5 29/23
**anyone [5]** 10/22 11/13 14/10 14/19 30/3
**anything [2]** 26/14 30/3
**anywhere [1]** 22/20
**apologize [3]** 3/17 15/3 15/5
**appeal [4]** 12/16 12/17

**13/24 18/7**
**appeals [3]** 12/19 15/13 15/16
**appear [1]** 16/16
**APPEARANCES [2]** 1/13 1/23
**appellate [3]** 12/14 13/6 13/19
**applied [1]** 15/14
**apply [1]** 26/4
**appreciate [4]** 3/18 4/4 14/4 30/6
**approach [1]** 14/21
**appropriate [5]** 13/3 15/25 21/11 23/10 29/25
**April [1]** 29/16
**are [23]** 3/15 3/16 9/21 10/9 10/23 15/24 16/14 17/2 17/6 20/25 21/2 21/21 22/7 23/1 23/1 23/2 23/3 23/21 26/3 26/6 28/6 28/12 29/22
**area [2]** 4/11 22/20
**argue [2]** 23/6 23/21
**argues [1]** 23/19
**arguing [1]** 20/14
**argument [4]** 14/19 15/21 21/14 22/3
**arguments [2]** 20/13 20/23
**arrested [1]** 27/21
**as [26]** 3/25 4/8 5/19 5/20 6/15 6/16 7/1 7/1 8/7 8/25 9/3 10/17 11/2 13/15 13/23 14/20 17/4 21/21 22/7 22/8 23/4 23/7 23/18 23/25 24/8 27/15
**ask [6]** 12/13 14/13 16/23 21/24 23/7 25/4
**asking [3]** 11/8 21/9 27/8
**Assault [4]** 4/20 4/22 5/21 5/23
**Assaulting [12]** 5/15 5/17 6/18 6/22 6/25 7/2 7/4 8/4 8/6 8/9 9/2 9/5
**asserting [1]** 15/9
**assist [1]** 28/5
**assuming [2]** 10/5 15/19
**Attorneys [2]** 1/15 1/19
**avenue [2]** 2/7 2/16
**avenue [1]** 2/21 20/18
**aware [1]** 4/14

**B**
**back [16]** 13/12 14/14 14/17 15/6 15/11 16/13 16/24 17/7 18/16 18/22 19/5 22/18 23/4 24/3 27/20 28/7
**bail [2]** 20/14 20/19
**Bankruptcy [1]** 2/20
**basically [4]** 12/12 15/8 18/12 19/9
**be [41]**

**bear [1]** 17/15

**because [11]** 12/2 15/8 15/23 17/25 18/3 24/7 25/9 26/17 28/5 28/12 29/21
**been [19]** 4/8 7/11 15/14 16/5 16/8 17/1 18/21 19/23 19/24 22/11 22/12 24/7 26/3 27/8 27/17 27/22 28/6 28/17 29/2
**before [5]** 1/11 4/3 17/17 20/25 24/10
**behalf [3]** 14/23 22/6 24/19
**being [1]** 27/23
**believe [5]** 15/17 17/19 20/16 22/7 28/24
**benefit [2]** 16/2 24/11
**BENJAMIN [1]** 1/9
**best [1]** 18/20
**bigger [1]** 13/11
**bit [1]** 17/13
**blood [10]** 27/1 27/1 27/7 27/8 27/8 27/9 27/25 27/25 28/2 28/3
**BLYTHE [7]** 1/9 2/15 3/6 3/14 8/25 21/15 21/17
**board [2]** 6/23 7/13
**Boasberg [1]** 19/21
**Bodily [1]** 8/5
**boots [2]** 13/14 13/15
**Both [1]** 27/16
**BRAND [1]** 2/3
**breast [1]** 27/18
**Brennwald [7]** 2/15 2/15 3/14 22/6 22/18 23/7 24/17
**brief [15]** 10/25 15/1 16/20 17/10 21/15 21/23 21/25 22/9 23/8 24/7 24/20 25/8 25/12 25/15 26/1
**briefing [11]** 4/4 15/3 16/2 16/16 16/23 16/24 17/6 17/10 19/23 24/12 24/16
**briefs [2]** 24/18 25/7
**broad [3]** 17/16 17/17 19/16
**Building [26]** 4/25 5/3 5/6 5/8 5/11 6/1 6/4 6/7 6/9 6/12 7/6 7/15 7/18 7/21 7/23 7/25 8/11 8/14 8/17 8/19 8/21 9/7 9/10 9/13 9/15 9/17
**Bureau [1]** 29/1
**business [2]** 19/2 19/6 19/10 24/21

**C**
**C.E [8]** 4/20 5/21 6/18 6/23 7/1 7/3 8/4 9/2
**CA [1]** 1/20
**call [2]** 10/13 28/20
**came [2]** 16/10 29/16
**can [29]** 12/6 12/7 14/7

**C**

can... **[26]** 14/9 15/11 15/12 15/18 16/21 17/12 17/13 17/19 17/22 21/1 21/15 21/25 23/10 23/11 23/19 24/17 25/25 26/12 26/22 28/5 28/13 28/14 28/25 29/10 29/24 30/4
can't **[4]** 12/21 18/2 25/3 26/17
cancer **[1]** 22/15
Capitol **[10]** 5/8 5/10 6/9 6/11 7/23 7/25 8/19 8/21 9/15 9/17
care **[3]** 22/10 22/17 28/23
case **[19]** 3/3 9/21 12/22 13/2 16/5 17/4 17/14 17/17 18/25 19/11 19/12 19/20 20/1 21/2 24/13 26/3 26/14 28/6 28/12
case 21-537 **[1]** 3/3
cases **[7]** 15/13 19/14 19/15 19/16 23/1 23/2 23/3
CCed **[1]** 30/4
certainly **[1]** 13/1 18/1
certify **[1]** 31/3
chambers **[1]** 28/14
chance **[1]** 21/23
change **[5]** 4/6 12/20 12/21 13/8 14/1
changed **[1]** 25/13
charge **[1]** 24/14
charges **[2]** 16/7 24/15
CHASE **[1]** 1/8
child **[5]** 18/18 18/19 18/20 18/22 18/23
children **[1]** 19/10
childs **[1]** 18/17
choose **[1]** 23/16
chose **[2]** 23/15 24/3
Circuit **[2]** 19/14 20/16
circumstance **[7]** 18/9 18/24 19/11 20/10 21/16 22/25 24/5
circumstances **[11]** 15/12 17/1 17/17 17/20 19/19 20/21 22/7 23/20 23/22 24/9 26/2
cite **[1]** 17/22
cited **[1]** 19/12
cites **[1]** 15/13
citing **[1]** 20/17
Civil **[6]** 4/18 5/14 5/20 6/16 8/3 8/25
cleaning **[1]** 26/8
clear **[4]** 6/20 21/4 21/5 25/11
clearly **[2]** 20/18 20/21
close **[5]** 9/24 10/3 18/12 21/5 24/20
clot **[3]** 27/1 27/7 27/9
clothing **[2]** 12/18 12/23
clots **[1]** 28/2

coat **[2]** 13/13 13/13
COBB **[1]** 1/11 14/5
Code **[1]** 15/19
colder **[1]** 13/12
colleagues **[1]** 4/7
COLUMBIA **[1]** 1/1
come **[4]** 10/12 13/22 21/21 23/15
comes **[1]** 28/18
comfortable **[1]** 11/2
coming **[2]** 18/8 24/1
Commit **[2]** 5/16 7/3
communication **[1]** 28/16
compelled **[1]** 25/25
complete **[2]** 11/6 13/2
completely **[1]** 21/22
compliance **[7]** 16/15 17/24 18/1 18/13 19/1 19/9 21/6
compliant **[1]** 17/1
computer **[1]** 2/24
computer-aided **[1]** 2/24
concluded **[1]** 30/7
conditions **[1]** 15/25
conduct **[11]** 5/2 5/8 6/3 6/9 7/17 7/23 8/13 8/19 9/9 9/15 17/18
Congress **[1]** 20/15
consider **[3]** 17/16 18/25 19/17
constitute **[2]** 16/16 18/9
constitutes **[1]** 16/17
Constitution **[1]** 2/21
consults **[1]** 27/22
contact **[5]** 5/15 7/3 8/10 28/11 29/11
contacts **[2]** 21/20 22/19
contains **[1]** 9/25
continuance **[1]** 3/18
continue **[1]** 15/25
CONTINUED **[1]** 2/1
convicted **[5]** 15/4 16/1 16/7 16/11 19/22
conviction **[2]** 14/15 15/8
convictions **[1]** 12/20
convinced **[2]** 4/9 26/2
convincing **[1]** 21/4
correct **[2]** 16/21 17/23
could **[9]** 12/14 13/9 16/11 17/10 18/15 19/14 20/11 24/20 24/24
counsel **[1]** 28/17
Count **[55]**
Count 1 **[5]** 4/18 5/20 6/16 8/3 8/25
Count 10 **[5]** 5/12 6/13 8/2 8/23 9/19
Count 11 **[1]** 5/14
Count 12 **[1]** 5/15
Count 13 **[1]** 5/17
Count 2 **[8]** 4/20 5/21 6/18 6/21 6/23 6/25 8/4

9/2
Count 3 **[5]** 4/22 5/23 7/4 8/6 9/5
Count 4 **[1]** 8/9
Count 5 **[7]** 4/24 5/25 7/6 7/9 7/14 8/11 9/7
Count 6 **[6]** 5/2 6/3 7/14 7/17 8/13 9/9
Count 7 **[5]** 5/5 6/6 7/20 8/16 9/12
Count 8 **[5]** 5/8 6/9 7/23 8/19 9/15
Count 9 **[5]** 5/10 6/11 7/25 8/21 9/17
counts **[3]** 4/5 4/6 7/11
Counts 5 **[1]** 7/11
coupled **[1]** 19/8
course **[1]** 30/5
court **[39]**
Court's **[1]** 10/25
courts **[1]** 15/14
CR **[3]** 19/22 20/2 20/4
created **[1]** 20/15
crime **[3]** 14/16 15/8 15/18
criminal **[3]** 1/4 3/3 23/3
crunch **[1]** 25/17
Cts **[1]** 2/20
current **[1]** 18/24
custody **[4]** 14/17 18/21 28/25 29/1
cutting **[1]** 19/5

**D**

D.C **[12]** 4/22 5/23 7/4 8/6 8/9 9/5 15/13 17/14 19/12 22/20 23/5 23/16
danger **[1]** 21/4
Dangerous **[28]** 4/21 4/23 4/25 5/3 5/6 5/18 5/22 5/24 6/1 6/4 6/7 6/19 7/1 7/5 7/7 7/15 7/18 7/21 8/5 8/8 8/12 8/14 8/17 9/2 9/6 9/8 9/10 9/13
date **[6]** 3/19 10/23 11/10 25/4 25/16 31/8
dates **[1]** 10/4
day **[6]** 10/6 10/13 10/20 10/24 11/4 26/25
days **[4]** 11/8 25/3 25/17 25/19
DC **[6]** 1/9 1/16 2/4 2/7 2/16 2/21
dcd.uscourts.go **[1]** 2/22
Deadly **[28]** 4/20 4/22 4/25 5/3 5/6 5/18 5/21 5/23 6/1 6/4 6/7 6/18 7/1 7/4 7/7 7/18 7/21 8/4 8/6 8/12 8/14 8/17 9/3 9/5 9/8 9/10 9/13
deal **[2]** 4/1 24/3
decides **[1]** 21/25
decision **[1]** 24/11
decisions **[1]** 20/9

defendant **[14]** 3/4 3/12 3/5 3/5 3/6 4/17 10/20 11/16 14/17 15/11 17/1 17/3 21/13 22/4
defendant's **[2]** 16/17 26/1
defendants **[11]** 3/15 10/23 14/14 16/8 16/9 16/23 21/9 21/21 23/15 23/20 23/24
defendants' **[2]** 4/9 10/9
defense **[2]** 25/12 25/15
definitely **[1]** 13/5
Deft **[5]** 2/3 2/6 2/9 2/12 2/15
delay **[1]** 24/16
denial **[1]** 10/2
deny **[3]** 9/24 12/25 13/22
describing **[1]** 28/21
designated **[1]** 22/23
detail **[2]** 3/22 4/5
detailed **[1]** 9/25
detain **[1]** 18/6
detained **[1]** 15/7
detention **[6]** 14/25 15/6 15/24 20/22 22/21 23/4
determination **[2]** 18/20 23/25
determines **[1]** 23/9
did **[5]** 4/6 4/12 13/25 23/8 24/13
didn't **[1]** 13/8
Diego **[1]** 1/20
different **[2]** 25/7 26/15
direct **[1]** 28/7
discretion **[5]** 14/20 14/24 17/16 19/16 21/24
discussed **[1]** 17/5
DiSomma **[1]** 20/17
Disorder **[6]** 4/18 5/14 5/20 6/16 8/3 8/25
Disorderly **[10]** 5/2 5/8 6/3 6/9 7/17 7/23 8/13 8/19 9/9 9/15
dispute **[1]** 28/20
Disruptive **[5]** 5/2 6/3 7/17 8/13 9/9
district **[13]** 1/1 1/1 1/12 2/20 15/13 15/17 17/14 17/15 19/12 19/15 19/15 19/21 21/22
do **[31]** 3/17 4/3 4/15 10/5 10/9 10/10 10/12 11/9 11/9 12/5 12/14 12/24 13/8 15/23 15/23 16/5 16/14 17/10 18/6 22/7 24/4 24/6 24/10 25/25 27/11 27/12 27/13 27/18 27/19 27/20 28/4
docket **[1]** 9/22 12/2 26/7

doctor **[1]** 28/10
doctors **[1]** 29/17
documentation **[1]** 28/19
does **[11]** 4/10 10/22 11/13 11/16 14/24 15/23 15/25 19/6 24/22 25/16 29/21
doesn't **[3]** 21/19 24/4 28/1
doing **[1]** 3/23
DOJ **[1]** 1/19
don't **[21]** 10/11 12/12 13/10 14/1 16/22 17/5 18/3 18/3 18/5 21/10 24/16 25/16 25/24 26/13 26/16 26/23 28/1 28/19 28/24 29/3 29/20
done **[3]** 14/7 29/16 30/3
down **[2]** 20/23 28/19
Dr **[1]** 27/20
Dr. **[2]** 29/14 29/16
Dr. Utlinger **[2]** 29/14 29/16
draw **[1]** 17/17
due **[2]** 11/25 27/22
dug **[1]** 24/9
during **[1]** 26/7

**E**

each **[1]** 4/17
early **[1]** 10/10
easier **[1]** 7/8
Easterday **[3]** 20/3 20/7 24/13
Eastern **[1]** 19/15
ECF **[1]** 28/14
echo **[1]** 22/5
educated **[1]** 28/20
EDVA **[1]** 2/10
else **[5]** 14/10 26/11 26/12 26/16 30/3
email **[2]** 28/14 30/4
emergency **[1]** 18/23
employees **[1]** 19/5
employs **[1]** 19/3
end **[5]** 13/1 14/10 22/16 25/3 28/2
engage **[1]** 17/6
Engaging **[5]** 5/5 6/6 7/20 8/16 9/12
enough **[2]** 17/24 18/3
Entering **[6]** 4/24 5/25 7/6 7/14 8/11 9/7
entire **[1]** 22/12
entitled **[1]** 31/5
error **[1]** 16/21
even **[4]** 13/8 22/21 25/4 29/4
event **[1]** 20/11
every **[1]** 15/16
everybody **[1]** 23/19
everyone **[7]** 3/16 7/11 14/10 26/4 26/12 26/16 26/19
everything **[1]** 22/5
evidence **[3]** 9/24 10/3

**E**

evidence... [1] 21/4
exactly [1] 23/22
excellent [1] 18/22
exceptional [22] 15/12
 15/20 15/24 16/17
 16/25 17/19 18/9 18/24
 19/7 19/11 20/10 20/21
 21/1 21/16 21/21 22/7
 22/25 23/19 23/22 24/5
 24/9 26/3
excuse [1] 26/12
excused [1] 26/16
execute [1] 13/19
exercise [1] 21/24
exhausted [1] 13/2
exist [1] 15/12
exists [1] 18/25
expect [1] 14/1
experience [1] 17/18
explain [2] 4/1 10/2
explaining [1] 3/21
explains [1] 26/10
extend [1] 4/10
extraordinary [1] 23/6
extremely [1] 28/17

**F**

F.2d [1] 20/17
facility [4] 22/22 23/4
 23/5 23/10
fact [1] 27/23
factor [3] 18/1 18/11
 18/25
factors [4] 17/15 19/17
 21/1 23/2
failure [1] 18/7
failures [1] 16/16
fall [1] 28/1
family [4] 19/3 19/4
 22/20 23/11
father [4] 18/22 22/11
 22/12 22/14
February [2] 1/7 31/8
feel [1] 25/24
FEITEL [2] 2/6 3/11
felony [3] 5/16 7/3
 14/15
Fifth [1] 2/4
figure [1] 21/10
figuring [1] 21/11
file [7] 11/20 12/16
 12/17 17/11 24/20 25/8
 25/22
filed [4] 12/6 14/2
 18/24 19/22
filing [2] 25/12 25/15
filled [1] 4/16
final [2] 22/17 24/10
finally [1] 8/25
find [3] 15/20 16/14
 21/2
findings [6] 3/20 3/22
 4/1 10/1 12/4 26/10
fine [5] 10/16 10/23
 11/4 11/17 29/9
first [3] 3/17 23/15
 26/25

fist [1] 27/21
five [1] 3/6
flag [1] 4/12
flexible [2] 19/13 19/18
flight [1] 21/5
flurry [1] 26/8
follow [1] 29/12
followed [1] 27/17
following [1] 13/24
foregoing [1] 31/3
forms [2] 4/15 9/22
forth [1] 22/6
forward [2] 28/11
 29/11
Foster [3] 1/18 3/7
 25/16
found [1] 15/18
four [3] 3/5 3/23 22/15
Fourth [1] 19/14
FPD [1] 2/10
FPD-EDVA [1] 2/10
frail [1] 22/15
Franklin [1] 11/9
frankly [2] 18/16 24/14
Friday [2] 17/12 24/24
friends [2] 21/20 23/11
Front [1] 1/19
fulfilled [1] 27/22
full [1] 18/13
fully [1] 19/3
functioning [1] 19/9
further [2] 15/21 21/23
future [1] 13/9

**G**

Geisinger [4] 27/19
 29/14 29/15 29/16
general [1] 28/16
get [10] 3/19 13/18
 20/11 23/11 24/2 24/24
 25/3 26/8 27/10 28/7
getting [5] 26/24 27/5
 28/3 28/17 29/21
give [6] 12/1 20/6 23/8
 25/18 29/19 29/24
given [5] 11/5 14/15
 21/5 23/25 29/5
glansectomy [1] 27/14
go [3] 15/21 17/19
 21/12
going [9] 3/22 21/18
 22/23 24/2 24/6 25/14
 26/21 27/4 28/4
Good [1] 3/16
got [7] 12/7 13/7 22/11
 22/19 27/1 27/2 27/21
government [21] 3/7
 12/11 12/21 13/1 13/7
 13/14 13/21 14/1 14/18
 15/9 16/4 16/19 17/12
 17/23 19/22 23/13
 24/22 25/6 25/7 25/9
 26/17
government's [3]
 13/10 15/22 21/9
GRANT [1] 1/7 2/6 3/4
 3/10 5/20 6/15 6/21
granted [4] 4/13 19/21

26/7
granting [1] 26/1
greatly [1] 18/15
Grounds [26] 4/25 5/3
 5/6 5/9 5/11 6/1 6/4 6/7
 6/10 6/12 7/7 7/15 7/18
 7/21 7/24 8/1 8/12 8/14
 8/17 8/20 8/22 9/8 9/10
 9/13 9/16 9/18
group [1] 11/3
guess [2] 26/12 28/20
guilty [57]
guy [1] 21/20

**H**

had [8] 4/12 6/20 9/23
 12/5 18/17 23/24 27/6
 29/14
half [1] 21/4
Halim [5] 2/12 3/13
 12/5 12/16 24/17
handle [1] 10/8 10/18
 23/25
happen [1] 28/24
happened [2] 4/12
 27/24
happy [3] 14/25 15/21
 17/6
Harris [1] 19/13
has [28] 12/14 12/16
 13/6 13/13 14/10 14/19
 15/14 15/16 15/17 16/5
 17/1 17/4 17/16 18/14
 18/17 18/21 19/17
 19/24 22/15 22/19
 27/17 27/17 27/23
 27/24 28/10 28/17 29/2
 29/4
hasn't [1] 19/24
have [37]
haven't [1] 20/9
having [4] 4/10 10/23
 25/17
he [23] 13/13 18/15
 18/17 18/21 18/22 19/2
 19/3 19/24 20/10 20/11
 21/17 21/18 21/19 22/1
 22/1 22/11 22/14 23/10
 28/9 28/10 28/25 29/4
 29/15
He'll [1] 12/17
he's [15] 19/2 19/5 21/4
 21/5 21/18 21/19 21/20
 22/10 22/11 22/12
 22/15 22/16 22/22
 23/11 29/7
head [2] 21/16 29/4
heading [1] 13/15
hear [5] 12/7 16/4
 16/19 23/13 26/11
hearing [6] 10/5 10/21
 10/22 14/10 22/24
held [2] 15/17 22/1
help [1] 26/22
helpful [1] 28/17
helping [2] 22/10 22/17
here [1] 3/16 3/23
 13/10 15/9 20/21 21/19
 21/21 23/5 23/15 23/23

26/7
here's [4] 13/20 15/23
 24/6 28/4
Hey [1] 14/5
high [1] 24/2
highlight [1] 22/9
him [10] 6/21 13/4 19/6
 21/25 22/8 22/17 22/21
 22/21 23/4 23/4
himself [2] 19/4 22/1
his [15] 18/15 18/17
 18/18 19/3 19/4 19/5
 19/5 19/9 19/10 20/11
 21/5 22/10 22/12 22/14
 22/16
hold [2] 15/2 21/9
home [1] 18/24
Honor [24] 3/2 10/7
 10/14 11/14 12/12 14/3
 14/11 14/21 16/22 17/9
 20/13 21/8 22/5 22/24
 23/6 23/9 23/14 23/18
 24/19 24/25 25/11
 25/19 25/23 30/2
HONORABLE [1] 1/11
Hood [1] 22/14
hopefully [1] 13/16
hospital [2] 26/24 27/6
hours [1] 3/23
housekeeping [1] 12/2
how [6] 10/17 10/19
 11/5 23/25 24/22 26/22
however [1] 10/7
human [1] 17/18
hurt [1] 29/21
Hutton [1] 1/14

**I**

I'd [2] 11/20 21/24
I'll [10] 7/8 13/22 16/4
 16/19 22/9 23/13 25/4
 25/4 25/18 26/11
I'm [26] 6/20 7/14 10/5
 12/1 13/24 14/25 16/8
 16/21 17/25 18/5 19/14
 20/5 20/13 20/14 20/17
 20/24 21/14 24/6 25/2
 25/7 26/1 26/2 26/24
 27/2 27/5 28/4
I've [4] 9/22 12/7 16/7
 27/8
idea [1] 23/16
identification [1] 12/22
immediately [1] 22/2
impact [1] 10/11
Impeding [3] 5/17 6/22
 8/9
imposes [1] 22/24
inaccurate [1] 29/7
incarcerated [2] 23/16
 23/21
incarceration [1] 20/12
inclined [1] 16/20
include [1] 7/10
included [6] 6/22 7/2
 7/10 7/12 8/8 9/4
income [1] 19/4
Indian [1] 2/13

26/7
indicate [4] 4/8 7/9
 28/8 29/23
indicated [1] 13/1
individual [3] 18/14
 19/21 19/24
individual's [1] 4/11
individually [1] 4/16
indulgence [1] 10/25
Inflicting [1] 8/5
Injury [1] 8/5
injustice [1] 23/6
intended [2] 20/18
Intent [2] 5/16 7/3
introduce [1] 13/9
investigation [1] 11/6
investigations [1] 11/8
involved [1] 24/14
is [64]
isn't [1] 17/24
isolate [1] 28/7
Israel [2] 20/2 20/7
issue [9] 12/13 12/18
 12/22 15/1 16/22 18/7
 26/2 26/9 26/10
issues [4] 13/7 14/10
 17/2 18/14
it [43]
it's [13] 13/12 15/8
 16/24 17/1 17/2 17/25
 18/3 18/11 18/18 19/17
 19/23 23/20 28/14
its [4] 17/17 18/8 18/23
 21/24
itself [1] 22/24

**J**

J6 [1] 23/1
jail [3] 23/17 28/11
 28/17
JAMES [2] 1/7 3/4
January [1] 23/15
January 6 [1] 23/15
Jared [1] 27/20
JASON [2] 1/9 3/5
Jefferson [3] 27/15
 27/18 29/17
JIA [1] 1/11
Johns [5] 2/19 2/22
 31/3 31/8 31/9
JOHNSON [11] 1/8 2/9
 3/4 3/12 6/16 6/25
 14/23 17/22 18/14
 18/21 24/20
Johnson's [1] 21/2
Joseph [2] 1/14 3/7
JUDGE [5] 1/12 14/5
 14/5 19/21 29/13
Judgment [2] 9/23
 10/2
June [5] 11/7 11/11
 11/19 11/25 29/4
June 13th for [1] 11/19
June 13th starting [1]
 11/11
June 6th [1] 11/25
jury [1] 23/1
just [21] 4/12 4/14 6/20
 6/23 6/24 7/8 12/1 12/1

**J**

**just... [13]** 13/18 13/24
17/25 18/5 20/6 23/7
25/11 26/8 26/25 27/6
27/7 29/11 30/4

**K**

**keep [1]** 3/23
**Kentucky [2]** 22/19
23/10
**kept [1]** 27/25
**King [1]** 2/10
**knew [2]** 24/1 24/1
**knock [1]** 13/16
**know [13]** 4/3 4/10
12/5 12/24 16/5 17/5
17/25 25/3 25/21 26/13
26/23 29/3 29/24
**knowledge [1]** 4/9

**L**

**Lane [1]** 2/13
**lapsed [1]** 12/14
**larger [1]** 29/21
**largest [1]** 19/7
**last [2]** 3/18 27/9
**later [2]** 21/10 21/11
**Lauren [4]** 2/9 3/12
14/23 24/19
**law [12]** 2/3 2/6 12/15
12/25 13/17 13/24
15/14 17/13 17/22
22/11 24/10 26/4
**law's [2]** 22/12 22/14
**lawyer [1]** 29/6
**least [3]** 21/14 23/8
23/11
**less [1]** 13/15
**lesser [6]** 6/22 7/2 7/10
7/12 8/8 9/3
**let [2]** 25/21 26/16
**let's [4]** 11/19 14/9 14/9
25/15
**level [1]** 22/22
**Lewisburg [2]** 27/15
29/15
**Liebman [1]** 27/20
**life [2]** 18/15 22/16
**like [8]** 11/20 12/3
15/24 16/16 21/23 23/3
27/6 28/22
**likelihood [1]** 24/2
**likely [2]** 4/13 12/17
**line [1]** 20/23
**little [2]** 12/2 17/13
**living [1]** 22/11
**LLP [1]** 2/15
**local [2]** 21/20 23/5
**long [1]** 3/21
**look [1]** 21/1
**looked [1]** 20/16
**looking [2]** 11/7 16/8
**looks [1]** 15/5
**loss [5]** 18/16 19/4
19/7 19/9 19/10
**lot [5]** 18/14 21/19 28/5
28/12 29/22
**LP [1]** 2/3

**M**

**ma'am [1]** 28/15
**made [2]** 18/20 20/9
**mainsprings [1]** 17/18
**make [4]** 3/20 7/8
23/24 24/4
**making [3]** 20/13 21/14
24/10
**mandatory [4]** 14/25
15/6 20/19 20/22
**March [1]** 27/21
**March 11th [1]** 27/21
**marked [3]** 29/15 29/16
29/17
**married [1]** 22/11
**Marshal [3]** 28/24 29/1
29/11
**Marshall [2]** 1/14 3/8
**mask [1]** 12/8
**massive [1]** 19/4
**materials [1]** 28/6
**math [1]** 10/14
**matter [4]** 3/17 16/3
24/16 31/5
**matters [1]** 4/2 12/3
26/6
**may [15]** 10/10 11/21
11/22 11/23 11/24 12/2
12/20 12/21 13/7 14/21
17/15 17/23 24/8 26/8
29/13
**May 30th [2]** 11/21
11/23
**maybe [1]** 10/12 17/4
25/23
**me [17]** 10/20 12/1
12/7 15/25 16/14 20/6
24/8 25/3 25/21 27/9
28/2 28/5 28/7 28/14
28/18 29/5 29/19
**mean [1]** 16/5
**medical [8]** 17/2 26/24
26/24 27/5 28/8 28/18
28/21 28/22
**memoranda [1]** 11/20
**memorializing [1]** 12/4
**mentioned [1]** 24/14
**metro [1]** 22/20
**mill [1]** 23/3
**mind [1]** 14/2
**minute [1]** 12/1
**Monday [2]** 25/23
25/25
**months [5]** 13/12 13/16
18/13 22/17 23/24
**more [5]** 17/22 24/15
25/18 25/20 27/2
**morning [1]** 3/16
**Most [1]** 21/21
**motion [8]** 4/14 9/23
10/2 12/6 12/11 12/25
14/2 19/23
**motions [2]** 9/25 26/9
**Mr [13]** 3/12 5/20 6/15
8/3 8/25 14/6 17/22
21/17 22/6 22/6 24/17
26/13 29/18
**Mr. [33]**

**Mr. Blythe [2]** 3/10
21/15
**Mr. Brennwald [3]** 3/14
22/18 23/7
**Mr. Feitel [1]** 3/11
**Mr. Grant [2]** 3/10 6/21
**Mr. Hood [1]** 22/14
**Mr. Johnson [5]** 6/16
6/25 18/14 18/21 24/20
**Mr. Johnson's [1]** 21/2
**Mr. Randolph [6]** 3/13
12/16 13/6 13/18 22/9
22/16
**Mr. Randolph's [1]**
13/13
**Mr. Ryan [1]** 3/9
**Mr. Samsel [8]** 4/18
5/19 26/11 26/21 28/9
28/18 28/21 28/22
**Mr. Woodward [2]** 3/9
28/5
**Ms [4]** 12/5 14/5 22/6
23/7
**Ms. [9]** 3/10 11/9 12/16
17/4 20/8 24/13 24/17
24/17 25/16
**Ms. Foster [1]** 25/16
**Ms. Franklin [1]** 11/9
**Ms. Halim [2]** 12/16
24/17
**Ms. Rosen [4]** 17/4
20/8 24/13 24/17
**Ms. Sandy [1]** 3/10
**much [2]** 11/6 24/22
**multiple [1]** 10/12
**my [33]**

**N**

**name [1]** 22/14
**narrow [1]** 20/25
**nature [1]** 16/7
**near [2]** 22/22 23/11
**necessarily [1]** 12/18
**Neck [1]** 23/5
**need [13]** 4/2 10/4 11/6
13/11 24/22 25/17
25/20 26/23 27/13
27/25 27/25 29/23
29/24
**needs [3]** 28/9 28/10
28/24
**neither [1]** 27/17
**network [1]** 22/20
**never [2]** 27/17 27/23
**new [2]** 3/19 13/15
**next [2]** 17/11 25/2
**no [7]** 1/4 16/15 22/19
22/19 22/20 25/23
26/15
**None [1]** 27/22
**Northern [1]** 2/3
**Northwest [1]** 2/4
**not [70]**
**note [2]** 19/2 19/20
**nothing [1]** 26/11
**now [16]** 9/25 12/6
13/24 16/4 20/14 20/24
21/9 21/10 22/10 23/4

**Mr. Blythe [2]** 3/10
21/15
22/16  26/25  29/1
27/12 28/24 29/2
**nowhere [1]** 22/22
**Number [1]** 21/8
**Number 1 [1]** 21/8
**NW [3]** 1/16 2/7 2/21

**O**

**object [1]** 17/9
**Obstruction [5]** 5/12
6/13 8/2 8/23 9/19
**obviously [9]** 10/16
16/21 18/14 19/3 20/9
22/1 26/17 28/5 28/22
**occur [1]** 28/2
**October [1]** 19/25
**October 26 [1]** 19/25
**off [3]** 21/16 22/19 29/3
**offered [1]** 13/6
**office [6]** 1/15 1/19 2/6
2/10 11/5 28/8
**Officer [15]** 4/20 5/15
5/18 5/21 5/23 6/18
6/23 7/1 7/2 7/4 8/4 8/6
8/9 9/2 9/5
**Official [7]** 2/19 5/12
6/13 8/2 8/23 9/19 31/9
**okay [18]** 4/15 9/23
10/4 11/1 11/18 12/7
14/18 17/8 21/7 23/13
25/1 26/6 26/19 27/13
29/9 29/18 29/20 29/22
**old [2]** 18/19 22/15
**once [3]** 9/22 22/2 23/9
**one [15]** 3/4 10/5 10/15
10/15 10/23 11/4 18/11
18/17 18/17 18/24 20/6
20/8 21/16 24/4 25/8
**ones [1]** 29/24
**only [2]** 13/13 25/17
**opinions [1]** 22/11
**opportunity [1]** 23/8
**opposes [1]** 12/11
**order [13]** 3/21 3/22
3/25 3/25 4/5 4/8 4/8
9/25 12/3 15/18 18/23
20/11 26/10
**orders [1]** 26/8
**other [7]** 4/2 12/2 15/13
22/3 22/3 22/18 26/25
**otherwise [2]** 7/9 18/10
**our [4]** 15/21 18/18
19/1 19/7
**out [8]** 4/16 13/21 14/1
16/10 17/3 21/10 21/11
28/13
**outside [1]** 21/22
**over [2]** 27/23 28/20
**own [2]** 13/21 18/8
**owner [1]** 19/2

**P**

**PA [1]** 2/13
**pancreatic [1]** 22/15
**parental [2]** 18/16 19/8
**part [1]** 28/15
**particular [1]** 17/16
**particularly [1]** 12/23

**parties [8]** 4/3 4/14
10/5 10/17 11/9 11/20
16/20 24/7
**parties' [3]** 3/18 4/4
24/11
**patience [1]** 3/18
**PAUL [3]** 1/8 3/4 14/23
**Pause [2]** 15/15 26/20
**pending [7]** 16/6 16/13
16/24 17/3 17/6 18/2
19/24
**Pennsylvania [2]** 2/7
2/16
**people [4]** 10/11 19/3
21/19 29/25
**perfect [2]** 16/15 21/6
**permit [1]** 15/25
**permitted [2]** 16/12
16/12
**person [2]** 15/7 15/18
**perspective [1]** 16/18
**ph [1]** 29/14
**Philadelphia [1]** 2/13
**photographs [3]** 13/7
13/8 13/9
**phrased [1]** 18/4
**physical [14]** 5/5 5/10
5/15 6/6 6/11 7/3 7/20
7/25 8/10 8/16 8/21
9/12 9/17 27/24
**picking [1]** 11/4
**piggy [1]** 22/18
**placed [1]** 27/8
**Plaintiff [2]** 1/5 1/14
**plan [4]** 3/24 10/10
10/10 10/13
**plastic [1]** 27/19
**play [1]** 18/12
**please [2]** 14/8 17/21
**point [5]** 14/14 19/14
21/24 28/13 29/9
**position [6]** 4/6 4/9
12/24 13/10 15/22
20/24
**post [3]** 3/25 4/13 9/21
**post-trial [1]** 4/13
**posting [1]** 12/3
**pounds [1]** 21/17
**powers [1]** 28/23
**precedent [1]** 20/16
**preference [1]** 20/16
**prejudice [1]** 13/23
**prepared [1]** 26/5
**presence [1]** 4/11
**present [2]** 3/15 26/18
**presentence [2]** 11/6
11/8
**pretrial [4]** 17/23 18/1
21/6 22/13
**pretty [1]** 3/21
**prison [1]** 21/18
**Prisons [1]** 29/1
**probation [1]** 11/5
**problem [2]** 23/22
28/16
**proceeding [6]** 5/12
6/13 8/2 8/23 9/19 11/2
**proceedings [5]** 2/23

Case 1:23-cr-00139-BAH   Document 93-1   Filed 02/09/24   Page 36 of 37

**P**
proceedings... [4] 15/15 26/20 30/7 31/4
produced [1] 2/24
promptly [2] 25/10 28/23
property [5] 12/6 12/13 13/4 13/11 22/12
protected [1] 4/11
provide [3] 15/12 20/18 20/22
provides [1] 14/25
provisions [1] 20/19
pull [3] 22/21 23/3 24/13
pulling [1] 12/1
purchased [1] 13/13
purpose [1] 20/20
pursuant [3] 3/20 14/14 18/6
put [6] 16/3 21/18 22/5 22/21 23/4 26/3
putting [1] 18/5

**Q**
qualify [1] 24/8
Queen [1] 2/13
question [5] 15/17 18/6 20/25 21/13 24/10
quite [3] 13/10 18/16 24/14
Quoting [1] 17/14

**R**
raise [1] 23/14
RANDOLPH [11] 1/8 2/12 3/5 3/13 8/3 12/16 13/6 13/18 22/6 22/9 22/16
Randolph's [1] 13/13
range [1] 17/14
read [3] 3/22 4/3 4/16
reading [2] 4/6 14/19
ready [1] 17/11
real [1] 19/18
real-world [1] 19/18
reality [1] 16/24
realized [1] 25/14
really [1] 21/11
reason [4] 10/2 16/17 17/2 19/7
reasoning [1] 10/1
reasons [6] 12/25 15/20 15/24 16/15 21/1 23/1
receive [1] 25/9
recently [1] 22/11
recommend [1] 11/10
recommended [2] 11/9 27/16
recommending [1] 29/4
reconsider [1] 19/23
reconstructive [1] 27/18
record [11] 3/2 6/20 6/24 7/8 13/18 13/23 18/5 24/8 26/3 29/4

recorded [1] 2/23
records [6] 28/8 28/12 28/18 29/5 29/10 29/22
referring [2] 27/20 29/10
refers [1] 15/6
refiling [1] 13/23
reform [2] 20/14 20/19
regarding [2] 26/13 26/14
regular [1] 28/16
rehab [1] 27/24
relatively [1] 17/10
release [7] 16/1 17/3 18/2 19/21 19/24 21/25 22/13
released [3] 15/19 16/9 21/14
relevant [1] 12/23
relief [1] 20/18
Remaining [6] 4/24 5/25 7/6 7/14 8/11 9/7
remove [1] 18/23
replies [1] 11/25
reply [2] 25/22 25/25
Reported [1] 2/19
Reporter [2] 2/19 31/9
reports [1] 11/7
representations [1] 24/8
Representing [2] 3/9 3/10
request [2] 3/20 26/1
requests [1] 26/9
requirement [1] 4/10
reserved [1] 9/23
Resisting [3] 5/17 6/22 8/9
resolve [1] 12/6
resolved [1] 26/7
respond [2] 17/12 19/18 24/23 25/7
response [2] 24/24 25/8
restricted [17] 4/11 4/24 5/3 5/5 5/25 6/4 6/6 7/6 7/15 7/17 7/20 8/11 8/13 8/16 9/7 9/9 9/12
retain [1] 14/20
retrial [6] 12/19 12/20 12/22 12/23 13/2 13/3
return [3] 12/6 13/4 13/11
returning [1] 12/13
reverses [1] 12/19
revocation [1] 23/9
Rhee [2] 2/6 3/10
rich [1] 23/17
Richman [2] 2/9 3/12
right [6] 11/19 12/16 14/18 20/14 20/24 26/21
rights [2] 18/17 19/8
risk [1] 21/5
ROBERT [2] 2/6 3/11
ROBERTSON [1] 2/15

29/12
Room [1] 1/19
Rosen [10] 2/9 3/12 14/23 17/4 20/8 22/6 23/7 24/13 24/17 24/19
RPR [2] 2/19 31/9
rule [2] 3/21 25/10
Rule 23 [1] 3/21
ruled [1] 19/24
rules [2] 22/2 22/2
ruling [1] 9/23
run [1] 23/3
rushed [1] 27/6
RUSSELL [1] 1/8
RYAN [3] 1/7 3/3 3/9

**S**
safety [2] 14/25 20/22
said [4] 12/3 20/17 25/14 28/10
same [6] 10/6 10/13 10/20 24/14 25/4 25/9
SAMSEL [14] 1/7 2/3 3/3 3/9 4/18 5/19 14/6 26/11 26/13 26/21 28/9 28/18 28/21 28/22
San [1] 1/20
Sandy [2] 2/6 3/10
satisfied [1] 13/22
say [13] 7/8 7/9 7/12 12/21 14/7 16/2 20/8 20/24 23/18 28/14 29/11 29/13 29/24
saying [6] 17/25 20/10 27/25 28/9 28/13 29/8
says [4] 15/6 15/7 22/19 28/13
schedule [1] 17/10
scheduled [1] 27/14
SE [1] 2/16
second [5] 19/16 20/6 20/16 21/3 23/18
section [1] 16/1
security [1] 22/22
see [4] 11/19 15/23 23/19 25/15
seem [2] 15/23 24/8
seems [2] 16/14 23/17
seized [1] 13/14
sentence [3] 10/22 20/12 22/23
sentencing [13] 10/4 10/5 10/21 11/7 11/19 11/20 16/13 17/3 18/2 20/9 20/14 22/24 23/12
sentencings [1] 10/15
separate [2] 10/21 10/22
serious [1] 16/7
serves [1] 20/11
Service [3] 28/24 29/1 29/11
set [4] 10/4 10/19 10/22 29/2
seven [1] 18/18
shall [3] 14/16 14/17 15/6
shooting [1] 21/10
short [1] 18/13

shorthand [1] 2/23
shortly [1] 3/25
should [8] 10/12 17/3 17/7 21/14 22/11 24/11 26/4 28/1
showing [2] 10/15 10/16
sic [1] 27/15
sign [1] 13/6
signed [1] 9/22
since [2] 13/14 19/25
single [1] 16/9
slowly [1] 27/3
so [48]
soaking [1] 21/17
sole [1] 18/17
some [9] 3/22 4/5 4/6 12/2 13/16 17/2 17/22 25/25 26/6
someone [3] 16/1 18/2 22/19
something [10] 13/21 14/8 16/3 17/5 26/14 26/15 28/10 28/13 29/10 29/13
sometime [1] 11/7
somewhere [1] 13/16
sorry [6] 6/20 7/14 19/15 20/5 25/7 27/2
speak [2] 21/11 27/2
spring [1] 13/16
Stacy [5] 2/19 2/22 31/3 31/8 31/9
stage [1] 22/15
stages [1] 22/16
standing [1] 3/10
stands [1] 13/24
Stanley [1] 2/3
start [1] 4/16
starting [1] 11/11 25/2
statements [1] 10/11
STATES [10] 1/1 1/3 1/12 1/15 3/3 11/15 14/13 15/19 20/2 20/17 20/20 20/23 29/7
statute [9] 14/19 15/5 16/14 18/4 18/6 20/15 20/20 20/23 26/4
stay [1] 26/17
stenotype [1] 2/23
step [5] 12/5 15/6 15/11 16/13 21/3
STEPHEN [3] 1/8 2/15 3/5
stepped [8] 14/14 14/17 16/23 17/7 18/15 18/22 19/5 24/2
still [2] 19/23 26/23
strategies [3] 12/20 12/21 13/9
Street [4] 1/16 1/19 2/4 2/10
strictly [1] 26/4
submitted [1] 28/6
such [1] 23/4
suffice [1] 10/1
sufficient [2] 17/12 18/9
Suite [2] 1/16 2/10

suited [1] 18/21
supervision [1] 21/6
supplemental [1] 4/4
support [2] 19/10 22/20
supports [1] 19/3
supposed [1] 27/20
sure [3] 11/11 15/4 25/24
surgeon [2] 27/18 27/19
surgeons [1] 27/16
surgery [3] 27/16 27/16 28/11
surprising [1] 23/20
surrender [1] 23/10
surrounding [1] 23/2
survive [1] 19/6

**T**
tactically [1] 24/4
take [3] 4/2 22/10 22/17
taken [1] 28/23
talk [3] 13/20 19/16 26/17
talked [1] 19/13
talking [1] 16/25
TATE [1] 1/7
tell [2] 10/10 17/13
tells [1] 10/20
temporarily [1] 22/21
Texas [1] 1/20
thank [6] 13/5 14/2 14/4 21/7 30/1 30/2
Thanks [2] 12/10 26/19
that [127]
that's [24] 6/15 6/21 7/2 7/13 8/7 8/10 9/3 10/16 10/17 11/17 12/15 14/2 14/15 14/16 15/8 17/3 17/12 20/20 21/21 23/22 25/13 29/7 29/9 29/18
their [3] 4/10 14/2 23/25
them [5] 4/16 4/16 9/22 14/1 16/13 18/6 26/18 29/23 29/25
then [12] 3/24 7/12 12/3 13/3 13/14 15/7 16/21 21/3 21/10 21/15 23/9 26/4
there [20] 3/20 12/2 12/18 13/3 13/11 15/24 16/14 17/2 20/25 21/2 21/4 22/7 22/16 23/1 24/2 24/7 26/6 28/9 28/12 29/22
there's [13] 12/20 13/15 16/8 17/2 17/19 18/7 19/4 19/23 21/13 26/11 28/12 29/23 29/24
these [6] 9/21 16/8 22/17 23/2 23/13 24/23
they [19] 10/17 10/20 10/23 11/6 13/7 13/8

**T**

**they... [13]** 13/9 16/9 16/10 17/7 23/2 23/16 23/19 23/21 23/25 24/1 24/1 24/2 24/3

**they're [4]** 7/12 11/8 13/22 18/2

**they've [2]** 13/7 20/16

**thing [4]** 13/20 20/8 22/18 23/18

**things [3]** 21/8 23/14 23/25

**think [33]**

**thinners [6]** 27/1 27/8 27/8 27/25 28/1 28/3

**this [45]**

**those [6]** 4/6 9/21 9/25 13/14 26/9 27/22

**though [2]** 20/8 25/4

**thousand [1]** 23/1

**three [13]** 3/5 10/16 16/6 16/15 18/12 19/1 19/8 21/6 23/20 25/7 26/25 27/7 27/9

**Thursday [1]** 11/11

**time [13]** 11/6 12/14 13/3 13/21 15/4 22/12 23/12 24/22 25/9 25/18 25/20 25/22 26/25

**times [1]** 10/12

**timing [1]** 28/20

**today [4]** 3/24 16/10 18/16 26/22

**Todd [2]** 2/9 3/12

**too [1]** 10/10

**took [3]** 27/1 27/9 28/2

**top [2]** 21/16 29/4

**topic [1]** 21/15

**town [1]** 16/10

**TRANSCRIPT [2]** 1/11 2/24

**transcription [2]** 2/24 31/4

**transferred [2]** 27/23 28/25

**treatment [1]** 29/5

**tree [1]** 19/5

**trial [8]** 4/13 4/13 12/18 13/8 25/2 25/3 25/5 26/7

**truly [1]** 20/14

**try [1]** 13/25

**turn [2]** 22/1 24/17

**two [11]** 3/4 10/15 18/13 19/3 19/5 21/8 23/14 25/17 25/19 27/6 28/2

**U**

**U.S [3]** 1/19 2/20 19/12

**U.S.C [3]** 14/15 14/24 15/2

**ultimately [1]** 22/23

**under [6]** 12/25 15/7 15/19 16/1 20/14 26/3

**understand [13]** 11/5 12/17 12/24 13/5 13/10 13/17 13/17 13/24

24/3

**understanding [5]** 12/15 14/16 16/10 16/25 18/18

**unique [2]** 23/1 23/2

**UNITED [10]** 1/1 1/3 1/12 1/15 3/3 11/14 14/13 15/19 20/2 20/17

**University [1]** 27/16

**unless [4]** 7/9 7/12 10/20 14/10

**unresolved [1]** 26/6

**until [2]** 23/12 28/25

**up [12]** 4/2 10/15 10/16 10/17 12/1 12/5 24/1 24/13 26/8 27/17 28/2 29/12

**upon [2]** 17/15 17/17

**urgency [1]** 13/15

**urgent [4]** 29/17 29/17 29/23 29/24

**us [2]** 20/7 23/8

**use [1]** 13/8

**Utlinger [2]** 29/14 29/16

**V**

**VA [1]** 2/11

**valve [2]** 14/25 20/22

**variety [2]** 19/17 21/1

**various [1]** 26/8

**verdict [12]** 1/11 3/17 3/24 4/1 4/4 4/15 5/19 6/15 6/16 9/22 10/1 24/1

**verdicts [1]** 9/21

**very [3]** 3/25 16/6 22/15

**victim [3]** 10/11 10/15 10/15

**view [1]** 18/7

**violation [1]** 16/9

**violence [13]** 5/5 5/10 6/6 6/11 7/20 7/25 8/16 8/21 9/12 9/17 14/16 15/9 15/18

**Virginia [1]** 19/15

**visits [1]** 23/12

**vs [2]** 1/6 3/3

**W**

**wait [5]** 20/1 25/3 27/11 28/25 29/20

**waiver [2]** 13/6 13/19

**want [23]** 4/3 4/12 10/5 10/11 10/17 10/20 10/22 11/10 12/5 13/18 13/20 16/3 23/25 24/16 25/6 25/8 25/10 25/17 29/5 29/10 29/18 29/20 29/23

**wanted [4]** 4/14 27/18 27/19 29/16

**wants [1]** 10/7

**was [14]** 3/20 13/11 18/3 18/20 19/22 20/18 24/1 24/2 25/14 27/14

27/15 27/20 27/23 27/23

**Washington [6]** 1/9 1/16 2/4 2/7 2/16 2/21

**wasn't [1]** 12/18

**way [3]** 18/4 21/12 22/2

**we [37]**

**we'll [4]** 4/1 25/19 26/1 28/19

**we're [8]** 3/2 11/2 11/4 13/15 15/21 16/25 25/11 30/3

**We've [1]** 22/19

**Weapon [28]** 4/21 4/23 4/25 5/4 5/6 5/18 5/22 5/24 6/1 6/5 6/7 6/19 7/1 7/5 7/7 7/16 7/18 7/21 8/5 8/7 8/12 8/14 8/17 9/3 9/6 9/8 9/10 9/13

**Wednesday [2]** 17/11 24/20

**week [2]** 17/11 25/2

**weeks [1]** 27/7

**weighs [1]** 21/17

**weight [1]** 21/19

**well [3]** 7/1 21/21 22/8

**went [1]** 26/24

**were [6]** 3/19 13/12 13/14 16/12 18/15 24/2

**weren't [1]** 15/4

**wet [1]** 21/17

**what [26]** 4/15 10/9 11/5 13/17 13/24 15/2 15/4 15/9 15/22 15/23 16/17 20/1 20/16 22/18 24/6 25/13 25/14 26/13 27/13 28/4 28/8 28/9 28/13 28/18 29/7 29/18

**What's [2]** 26/21 27/4

**whatever [3]** 22/23 28/8 28/14

**whatsoever [1]** 27/6

**when [11]** 13/2 13/12 16/25 24/17 25/14 27/15 27/15 27/21 28/7 29/14 29/15

**where [7]** 13/21 15/14 21/18 23/11 23/11 25/17 28/10

**whether [1]** 20/23

**which [12]** 3/25 9/25 13/25 15/9 17/6 18/12 18/25 20/25 22/22 29/2 29/4 29/24

**while [2]** 12/17 16/6

**who [6]** 19/22 21/21 22/19 23/21 27/20 28/17

**who's [1]** 7/11

**why [7]** 14/2 15/24 17/2 17/19 24/4 25/13 26/16

**wide [1]** 17/14

**will [23]** 3/25 4/5 4/7 4/8 4/15 4/16 4/16 9/21 9/24 10/1 10/19 10/21 12/3 21/18 22/1 23/21 24/6 25/8 25/22 26/4

26/9 26/17 28/11

**willing [1]** 13/18

**winter [1]** 13/12

**without [3]** 13/23 19/6 26/18

**wood [1]** 13/16

**Woodward [5]** 2/3 2/3 3/9 28/5 29/18

**work [5]** 11/13 11/16 13/21 13/25 25/16

**working [1]** 22/10

**works [1]** 11/14

**world [1]** 19/18

**would [35]**

**wouldn't [1]** 18/9

**write [1]** 25/8

**writing [2]** 16/3 28/10

**written [2]** 3/21 3/25

**wrong [1]** 16/21

**Y**

**year [1]** 18/19

**years [10]** 16/6 16/15 18/12 18/18 19/1 19/8 21/6 22/14 26/25 27/9

**yes [16]** 12/7 12/9 12/12 14/6 14/9 14/9 14/12 14/22 15/10 22/5 25/6 25/13 25/13 25/14 28/15 30/5

**you [44]**

**you'll [2]** 25/8 25/21

**you're [6]** 14/7 20/10 25/17 28/13 29/3 29/10

**you've [2]** 27/2 29/5

**you-all [1]** 13/22

**your [28]** 3/2 10/7 10/14 11/14 12/12 12/24 13/21 14/3 14/11 14/21 16/22 17/9 20/13 21/8 22/5 22/23 23/6 23/9 23/14 23/18 24/19 24/25 25/8 25/11 25/19 25/23 29/5 30/2