UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>)<br>CHRISTOPHER CARNELL, )<br>Defendant. )<br>) | Crim. Case No: 1:23-CR-00139-001<br><br>Sentencing: June 14, 2024 |

### DEFENDANT CARNELL'S MOTION TO CONTINUE

Christopher Carnell seeks a continuance for the Sentencing Hearing scheduled for June 14, 2024. In support thereof, he states as follows:

1. Christopher Carnell was found guilty of only a single felony offense at his stipulated trial, of 18 U.S.C. § 1512(c)(2). The other offenses of which he was found guilty are all misdemeanors.

2. The application of this felony offense to the underlying conduct is currently being reviewed by the Supreme Court in *Fischer v. United States,* Docket No. 23-5572, with a decision expected to be published this summer.[1] Mr. Carnell preserved the legal issues being considered by the Supreme Court, and even filed an amicus brief with the Supreme Court. *See* ECF No. 36, 76-1, and 89.

3. When scheduling the sentencing hearing, undersigned counsel requested a June date in hopes that a decision in the *Fischer* case would be published by then.

---

[1] Docket report available at: https://www.supremecourt.gov/docket/docketfiles/html/public/23-5572.html

4. Mr. Carnell's sentencing is scheduled for June 14, 2024.

5. As of today, June 5, 2024, there is still no decision from the Supreme Court.

6. Mr. Carnell's Sentencing Guidelines are much higher due to the inclusion of the felony offense than they would be if he was sentenced only on misdemeanor offenses. *See* ECF No. 106. Mr. Carnell's sentencing hearing, therefore, is deeply intertwined with what the Supreme Court decides in the *Fischer* case.

7. While all of the parties have submitted their sentencing memoranda and the case can proceed on June 14, 2024, there is a possibility that the defendants would need to be re-sentenced after the release of the *Fischer* decision, and, therefore, would require a second sentencing hearing.

8. Moreover, depending on the decision in *Fischer*, the parties may need to submit supplemental sentencing memoranda or make supplemental arguments based on a legal issues that may arise in this case as a result of the *Fischer* decision.

9. It would be more judicially economic and efficient to hold only a single sentencing hearing, one that takes place after the *Fischer* decision has been released and its effect on this case has been fairly considered and briefed by the parties.

10. Undersigned counsel conferred with counsel for co-defendant Mr. Bowman, Kira West, about this continuance request, who advised, "we take no position and defer to the Court."

11. Undersigned counsel conferred with counsel for the Government about this continuance request, Samantha R. Miller, who advised that the Government will

"consent to moving the sentencing date," but "only if the Court is inclined to move both defendants' hearings."

12. Accordingly, Mr. Carnell respectfully requests to continue the sentencing hearing in this case to July 16 of 2024, a date available to all parties, or to another agreeable date.

WHEREFORE Mr. Carnell asks that the sentencing hearing, currently scheduled for June 14, 2024, be continued to July 16 of 2024 to await the Supreme Court's decision in *Fischer v. United States*.

Respectfully submitted,
By Counsel:
_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on June 5, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.