UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | Crim. Case No: 1:23-CR-00139-001 |
| ) | |
| **CHRISTOPHER CARNELL,** ) | Sentencing: July 19, 2024 |
| Defendant. ) | |
| ) | |

**Motion to Reconsider and Reverse Finding of Guilt on Count One Based on the Supreme Court's Ruling in *Fischer v. United States***

Mr. Christopher Carnell moves this court to reconsider and reverse his verdict of Guilty on Count One, charged under 18 U. S. C. §1512(c)(2), in light of the Supreme Court's decision in *Fischer v. United States*, No. 23-5572 (U.S.).

**Case Status**

On February 12, 2024, this Court conducted a Stipulated Trial of Christopher Carnell and David Bowman, finding the young men Guilty of Counts One through Six of their Indictment.

Count One charged an Obstruction of an Official Proceeding under Section 1512(c)(2). *See* ECF 76-1. The elements of Count One, as understood by this Court and the parties based on legal precedent at the time of the Stipulated Trial, were enumerated on Pages 1 and 14 of the stipulations. *See* ECF 76-1 at *1, 14. The Defense nonetheless preserved the issues that were before the Supreme Court in *Fischer v. United States*, No. 23-5572 (U.S.), and this Court continued the sentencing of this case to await the ruling. *See* ECF 76-1 at *14; ECF No 117; Minute Order dated June 7, 2024.

On June 28, 2024, the Supreme Court decided *Fischer v. United States*, No. 23-5572 (U.S.). The Supreme Court's decision directly impacts this case.

**Jurisdiction and Power of District Court to Reconsider and Reverse Verdict**

A final judgment has not been issued by this Court. Accordingly, the verdict remains within the power of this court to be reconsidered and reversed. *See Ex parte Lange,* 85 U.S. 163, 167 (1873) ("The general power of the court over its own judgments, orders, and decrees, in both civil and criminal cases, during the existence of the term at which they are first made, is undeniable"); *Nw. Fuel Co. v. Brock*, 139 U.S. 216, 219 (1891)("Jurisdiction to correct what had been wrongfully done must remain with the court so long as the parties and the case are properly before it"); *Banister v. Davis*, 140 S. Ct. 1698, 1706 (2020) (discussing the "common-law power to alter or amend [their] own judgments during the term of court in which they were rendered, prior to any appeal"); *United States v. DaSilva*, Crim. No. 1: 21-cr-00564 (CJN) (D.D.C. Feb. 8, 2024) (reconsidering and reversing a Guilty finding on three criminal counts, months after the fact, and finding the defendant Not Guilty on those three counts, citing Supreme Court precedent for the authority to do so).

**Supreme Court's Ruling in *Fischer v. United States***

On June 28, 2024, *Fischer v. United States*, No. 23-5572 (U.S.) decided that in order to "prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so."

The Court required for Subsection (c)(2) to be read "in light of (c)(1)," not independent of it. Subsection (c)(2) was "designed by Congress to capture other forms of evidence and other means of impairing its integrity or availability beyond those Congress specified in (c)(1)," and is therefore "limited by the scope of (c)(1)," the Supreme Court explained. In short, "[n]othing in the text or statutory history suggests that subsection (c)(2) is designed to impose up to 20 years' imprisonment on essentially all defendants who commit obstruction of justice in any way and who might be subject to lesser penalties under more specific obstruction statutes."

**<u>Defendant Tried Under a Legally Insufficient Standard</u>**

The standard under which this Court rendered a guilty verdict is in direct contradiction to the Supreme Court ruling in *Fischer*. The standard used in ECF 76-1 and on February 12, 2024 before this Court, is an over-broad reading of the statute that was based on the D.C. Circuit Court of Appeals' decision in *United States v. Fischer,* which was reversed by the Supreme Court. The standard applied to Mr. Carnell's finding of guilt was unbound by Subsection (c)(1)'s requirement that the alleged *actus reus* be tethered to "record," "document," or other "object," and a defendant's alleged attempt or impairment of the availability or integrity for use in an official proceeding of such object. The requirements of (c)(1) were entirely omitted from consideration by this Court when determining the verdict.

Accordingly, Count One should be reconsidered under the proper standard as enumerated in the Supreme Court's *Fischer* decision.

**Evidence Insufficient for Finding of Guilt on Count One**:

The evidence that was presented to this Court in the Stipulated Trial, ECF 76-1, is insufficient as a matter of law for a finding of guilt under the standard required by *Fischer v. United States*, No. 23-5572 (U.S.).  In order to "prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so." *Id*.

None of the evidence in this case establishes that Mr. Carnell impaired or attempted to impair the availability or integrity for use in an official proceeding of records, documents, objects — certainly not beyond a reasonable doubt. The only evidence related to documents in this case is Mr. Carnell hearing a man read a document on the Senate Floor and respond to the comment that this man makes. Mr. Carnell never touches any documents and then leaves the Senate Floor. There is no evidence that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding, or attempted to do so.

Accordingly, under *Fischer v. United States,* this Court should find Mr. Carnell *Not Guilty* of Count One.

WHEREFORE the Defense moves for this Court to reconsider its finding of Guilt on Count One and to reverse this finding, rendering a verdict of Not Guilty as to Count One.

Respectfully submitted,
By Counsel:
_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

    I hereby certify that on June 30, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.
_____/s/_____
Marina Medvin, Esq.