UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | CRIMINAL CASE NO: 23-CR-139 |
| ) | |
| **CHRISTOPHER CARNELL, ET. AL.,** ) | SENTENCING: OCTOBER 25, 2024 |
| ) | |
| DEFENDANT.  ) | |
| ) | |

**DEFENDANT CARNELL'S OPPOSITION TO ECF NO. 137**

The Government filed for leave to file a surreply brief to defendant's Reply to it's opposition. In the proposed brief, the government simply tries to have the last word on some of the issues argued by the Defense in ECF No. 133. The proposed filing reads like a bandaid attempt at fixing the Government's ECF No. 131 and trying to mitigate the defendants' responses to the issues the Government had itself outlined for the defense to respond to.

The Government relies heavily on the *Reynoso* case for this proposed surreply, yet entirely omits the Circuit's most recent ruling on this issue in *Barrow*. *See United States v. Barrow*, No. 21-3081 (D.C. Cir. July 19, 2024). *Barrow* distinguishes itself from *Reynoso* in Footnote 3, stating that:

> Unlike in *Reynoso*—which addressed a new knowledge-of-felon status element decreed by the Supreme Court in *Rehaif v. United States*, 588 U.S. 225 (2019) when issued on the same day as Reynoso's sentencing—*Guertin* does not recognize or create new elements the government needs to prove for a wire fraud conviction. Instead, in *Guertin*, our court identified already existing aspects of wire fraud previously elaborated on by the Supreme Court and other appellate courts.

*United States v. Barrow*, No. 21-3081, n.3 (D.C. Cir. July 19, 2024).



Most importantly — the Government already argued the *Reynoso* case in ECF No. 131 and had the opportunity to explore the case and its argued relevance.

This surreply should be rejected as nothing more than an attempt to get the last word in by the Government. This type of pleading would create an unending cycle of litigation on all motions, if permitted to proceed. The implications would be costly to the justice system, and to the defendants who privately pay for counsel, like Mr. Carnell.

In the alternative, if the Government's brief is permitted, the Defense seeks a three-week period to respond.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant Carnell*
MEDVIN LAW PLC
916 Prince Street, Ste. 109
Alexandria, Virginia 22314
Tel: (703) 870-3300
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on September 23, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.