UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No: 1:23-cr-00139-BAH-1 |
| ) | |
| CHRISTOPHER CARNELL, Et. Al., ) | Sentencing: December 13, 2024 |
| ) | |
| Defendant. ) | |

**DEFENDANT CARNELL'S SUPPLEMENT TO SENTENCING MEMORANDUM, ECF NO. 114**

Defendant Christopher Carnell hereby supplements his Sentencing Memorandum, ECF No. 114, as follows:

1. After this Court's dismissal of Count One of the Indictment and vacatur of the guilty verdict on Count One, the defendant's remaining counts of conviction are all misdemeanors.

2. The Probation Office recommends a sentence of probation with no incarceration. *See* ECF No. 151.

3. Mr. Carnell also recommends a sentence of probation, as outlined in his sentencing memorandum. *See* ECF No. 114. Mr. Carnell believes that his original sentencing recommendation is appropriate and is well grounded in law and fact.

4. Mr. Carnell emphasizes that his age at the time of the offense was instrumental to the commission of the offense and should be a determinative factor at sentencing. *See* ECF No. 114 at *10, *16-17.

5. The only two defendants who were teenagers at the time of the offense and sentenced for January 6 conduct (with which the Defense is familiar) are Bruno Cua and Aiden Bilyard.

- Aiden Bilyard case was convicted of assault on law enforcement with a dangerous weapon, rendering his case incomparable to that of a non-violent trespasser like Mr. Carnell.

- Bruno Cua's case is addressed in ECF No. 114 at *52-53. Like Mr. Bilyard, he committed an assault and was additionally responsible for breaching the Senate Chamber door. While the facts of Mr. Cua's case and his felony charges are significantly more severe than those of Mr. Carnell, what is pertinent to Mr. Carnell's sentencing is Judge Moss's decision to grant a downward departure based on Mr. Cua's youthful age at the time of the offense.

6. Mr. Carnell would like to clarify the facts of his case, since Government Counsel and the Court may have mistakenly attributed the conduct of others to Mr. Carnell during the last hearing. Mr. Carnell did not touch any documents in the Senate or in the Capitol Building. Video evidence shows him walking past a man who was rummaging through documents, and after that man commented on what he was reading, Mr. Carnell chimed in with his own comment, verbally correcting the man who was holding the document. Mr. Carnell took no physical action with any document and had no contact with the same.

7. The following is a list of non-violent misdemeanor January 6 trespass-style cases (and one felony civil disorder case) submitted for the Court's consideration in sentencing Mr. Carnell for his misdemeanor offenses. While none of these cases are identical to the

circumstances of Mr. Carnell's case, they illustrate a range of behaviors that have been met with probationary sentences in this courthouse.

- **William Blauser**

William Blauser was convicted of 40 U.S.C. § 5104(e)(2)(G) and was sentenced by Judge McFadden to a $500 fine, in addition to restitution. *United States v. Blauser, et. al.*, Case No.1:21-cr-00386-TNM, ECF No. 108 (D.D.C. Feb. 3, 2022). Mr. Blauser "pushed through" officers to enter the Capitol and was "involved in a brief skirmish with law enforcement," "resisting" the officers, according to the Government. He remained in the Capitol for 38 minutes.

- **William Cotton**

William Cotton chanted "traitor" along with the crowd while inside the Capitol Building. He was sentenced under 40 U.S.C. § 5104(e)(2)(G) by Judge Boasberg to 9 months of probation and 60 hours of community service, as well as restitution. *United States v. Cotton, et. al.*, Case No.1:23-CR-00002-JEB, ECF No. 35 (D.D.C. Oct. 2, 2023).

- **Louis Michael Ciampi**

Louis Michael Ciampi, Jr. was found guilty of unlawful parading in the Capitol for climbing through a broken window to enter the Capitol (after being cautioned by a friend not to do that), went into a senator's office, and smoked a marijuana joint in the senator's office. *See United States v. Ciampi*, 1:23-cr-00259-TJK, ECF No. 16 (D.D.C. Nov. 21, 2023). He remained in the Capitol for a total of 40 minutes. *Id*. Judge Kelly sentenced Mr. Ciampi to a period of 18 months of probation with the

special conditions of 60 hours of community service and 60 days of location monitoring. *See United States v. Ciampi*, 1:23-cr-00259-TJK, ECF No. 18 (D.D.C. Nov. 30, 2023).

- **Jonathan Bonney**

Jonathan Bonney was charged with four misdemeanors, 18 U.S.C. § 1752(a)(1), 18 U.S.C. § 1752(a)(2), 40 U.S.C. § 5104(e)(2)(D), and 40 U.S.C. § 5104(e)(2)(G), and pleaded guilty to all four without a plea agreement. The Government concentrated on his entry into the Capitol Building through a broken window, walking as far as the Speaker's Lobby before exiting, and his text messages that "contained references to acts of violence against members of Congress." *See United States v. Bonney*, 1:24-cr-00017-APM, ECF No. 40 (D.D.C. Jul. 5, 2024). Judge Mehta sentenced Mr. Bonney to 12 months of probation.

- **Danielle Doyle**

Danielle Doyle was convicted of 40 U.S.C. § 5104(e)(2)(G) and sentenced to 2 months of probation and a $3,000 fine, in addition to restitution. *United States v. Doyle*, Case No.1:21-cr-00269-TNM, ECF No. 34 (D.D.C. Oct. 5, 2021). Ms. Doyle entered the Capitol Building through a broken window, then traversed multiple floors of the Capitol.

- **Jenny Cudd**

Jenny Cudd was convicted of 18 U.S.C. § 1752(a)(1) and sentenced to 2 months of probation and a $5,000 fine, in addition to restitution. *United States v. Cudd*, Case No. 1:21-cr-00068-TNM, ECF No. 97 (D.D.C. Mar. 24, 2022). She followed a crowd

through open doors, walked around while taking photos and videos, prayed in a prayer circle, and walked out 19 minutes after entering. Ms. Cudd later proudly discussed her entry into the Capitol on social media and on television.

- **Timothy Allen Hart**

Timothy Allen Hart was found guilty of felony civil disorder for breaching police lines and encouraging other protesters to move towards the Capitol, riling them up with choice language. *United States v. Hart*, 1:21-cr-00540-PLF, ECF No. 69, *8 (D.D.C. Jul. 20, 2023). Mr. Hart then "gestured towards the crowd, waving them onward, and encouraging them to continue moving closer to Capitol." *Id*. Mr. Hart smoked marijuana inside the Capitol Building while recording a selfie video to celebrate his misconduct. *Id*. at *12. Judge Friedman sentenced Mr. Hart to 36 months of probation with no active incarceration. *United States v. Hart*, 1:21-cr-00540-PLF, ECF No. 74 (D.D.C. Aug. 2, 2023).

8. An upward departure pursuant to U.S.S.G. § 5K2.21, as requested by the Government in ECF No. 153, is inappropriate and would result in disparity with the defendants named above, especially in consideration of Mr. Carnell's youthful age. (The DOJ curiously ignores the defendant's age in this case, incongruent to its treatment of defendants in non-January-6 cases.) The Government's request for an upward departure should be denied.

9. Mr. Carnell should be given the U.S.S.G. § 4C1.1 two-level first time offender decrease in offense level because he did not engage in any violence. While at one point his hands touched the back of a protester in front of him, Mr. Carnell's physical contact with that

protester in no way denote "violence," nor was Mr. Carnell charged with any crime for that contact.

10. Mr. Carnell's final offense level should be 8 after a 2-level reduction, the same as Mr. Bowman, resulting in a sentencing range of 0-6 months, which can be served as probation, consistent with the recommendation of the pretrial services.

11. If this Court ultimately decides to sentence Mr. Carnell to incarceration, the defense requests delayed self-surrender to **FCI Butner Low of Butner Federal Correctional Complex in Butner, North Carolina**, so that Mr. Carnell's parents and siblings can visit him locally without incurring significant travel expenses.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant Carnell*
MEDVIN LAW PLC
277 S Washington St | Ste 210
Alexandria, Virginia 22314
Phone: (703) 870-3300
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on December 5, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.

